1
2
3
4

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  91367
Telephone:   (818) 347-3333
Facsimile:    (818) 347-4118

5
6
7
8
9

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JAMES WRIGHT,

            Plaintiff,

      vs.

COUNTY OF SAN BERNARDINO;
and DOES 1-10, inclusive,

            Defendants.

Case No. 5:24-cv-1123

**COMPLAINT FOR DAMAGES**

1. Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)
2. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)
3. Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)
4. Municipal Liability – Ratification (42 U.S.C. § 1983)
5. Municipal Liability – Inadequate Training (42 U.S.C. § 1983)
6. Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)
7. Battery
8. Negligence
9. Bane Act (Cal. Civil Code 52.1)

**DEMAND FOR JURY TRIAL**

-1-

### COMPLAINT FOR DAMAGES

JAMES WRIGHT brings this Complaint against Defendants COUNTY OF SAN BERNARDINO, and DOES 1-10, inclusive, and hereby alleges as follows:

### INTRODUCTION

1.    This civil rights and state tort action seeks compensatory and punitive damages for serious physical injuries sustained by Plaintiff JAMES WRIGHT ("WRIGHT" or "Plaintiff") as a result of force used against him by County of San Bernardino Sheriff's Deputies on June 7, 2022.  The use of force was excessive and unreasonable because WRIGHT posed no immediate threat to any person and was unarmed at the time the use of force.  As a result of the officers' use of force, WRIGHT endured pain and suffering and sustained serious physical injuries.  WRIGHT also experienced and continues to experience emotional distress from the incident and the physical injuries he sustained. Also, as a result of the use of force, WRIGHT has incurred medical expenses, has lost earnings, has suffered a reduced earning capacity, and expects to incur future medical expenses and lose future earnings.

### JURISDICTION AND VENUE

2.    This case arises under 42 U.S.C. § 1983 and 1988 as well as California law.  This court has subject matter jurisdiction over Plaintiff's federal question and civil rights claims pursuant to 28 U.S.C. §§ 1331 and 1343.  This Court has jurisdiction over Plaintiff's supplemental state law claims under 28 U.S.C. § 1367 as those claims arise out of the same transactions and occurrences as Plaintiff's federal question claims.

3.    Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b)(2) because all incidents, events, and occurrences giving rise to this action occurred in the City and the County of San Bernardino, California.

# **PARTIES**

4.     At all relevant times, Plaintiff JAMES WRIGHT was and is an individual residing in the City of Encino, California.

5.     At all relevant times, Defendant COUNTY OF SAN BERNARDINO ("COUNTY") is and was a municipal corporation existing under the laws of the State of California. COUNTY is a chartered subdivision of the State of California with the capacity to be sued. COUNTY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the San Bernardino County Sheriff's Department ("SBSD") and its agents and employees.  At all relevant times, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the and its employees and agents complied with the laws of the United States and of the State of California.  At all relevant times, COUNTY was the employer of Defendants DOE DEPUTIES.

6.     At all relevant times, Defendants DOES 1-5 ("DOE DEPUTIES") are deputies for SBSD who were acting under color of law within the course and scope of their duties as deputies for the SBSD.  DOES 1-5 were acting with the complete authority and ratification of their principal, Defendant COUNTY.

7.     Defendants DOES 6-10 are managerial, supervisorial, and policymaking employees of SBSD, who at all relevant times was acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the SBSD. DOES 6-10 was acting with the complete authority and ratification of their principal, Defendant COUNTY.

8.     On information and belief, at all relevant times DOES 1-10 were residents of the County of San Bernardino.

9.     In doing the acts and failing and omitting to act as hereinafter described, DOE DEPUTIES were acting on the implied and actual permission and consent of DOES 6-10 and the COUNTY.

COMPLAINT FOR DAMAGES

10.     In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 6-10 was acting on the implied and actual permission and consent of the COUNTY.

11.     The true names and capacities, whether individual, corporate, association, or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiff, who otherwise sues these Defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained.  Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

12.     At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant.

13.     All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendants and their agents ratified all of the acts complained of herein.

14.     All Defendants who are natural persons, including DOES 1-10, are sued individually and in their official capacities as officers, sergeants, captains, commanders, supervisors, and/or civilian employees, agents, policy makers, and representatives for their respective principals, COUNTY and CITY.

15.     Plaintiff suffered injuries as a direct and proximate result of the actions DOE DEPUTIES. DOE DEPUTIES to 42 U.S.C. § 1983.

16.     Defendants COUNTY and DOES 6-10 are liable for Plaintiff's injuries under California law and under the doctrine of *respondeat superior*. Liability under

1    California law for public entities and public employees is based upon California

2    Government Code §§ 815.2, 820, and 820.8.

3

4                    **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

5         17.    Plaintiff repeats and realleges each and every allegation in paragraphs 1

6    through 16 of this Complaint with the same force and effect as if fully set forth

7    herein.

8         18.    On June 7, 2021, Plaintiff WRIGHT was driving his vehicle when

9    DOE DEPUTIES initiated a traffic stop on Plaintiff WRIGHT and his vehicle.

10   Plaintiff WRIGHT pulled over near the intersection of Bear Valley Road and

11   Hesperia Road in Victorville, California. On information and belief, Plaintiff

12   WRIGHT had not committed any traffic infraction or any crime at the time DOE

13   DEPUTIES initiated the traffic stop. On information and believe, DOE DEPUTIES

14   had no reasonable suspicion to detain or probable cause to arrest Plaintiff WRIGHT.

15        19.    Once Plaintiff WRIGHT pulled over, DOE DEPUTIES issued several

16   commands to WRIGHT. Plaintiff WRIGHT had his hands on the steering wheel

17   pursuant to commands and was following DOE DEPUTIES' commands when he

18   was struck by lethal and less-lethal rounds.

19        20.    At all relevant times, Plaintiff WRIGHT did not pose an immediate

20   threat to the safety of DOE DEPUTIES or others. Plaintiff WRIGHT was unarmed

21   and following DOE DEPUTIES' commands when he was struck by lethal and less-

22   lethal rounds.

23        21.    After Plaintiff WRIGHT was struck by lethal and less-lethal rounds,

24   DOE DEPUTIES handcuffed WRIGHT and held him prone against the ground, with

25   DOE DEPUTIES' knees on WRIGHT's back for a prolonged period of time.

26        22.    After Plaintiff WRIGHT was seriously injured by being struck by lethal

27   and less-lethal rounds, Plaintiff WRIGHT was denied prompt medical attention.

28

The delay of medical care to Plaintiff WRIGHT caused him extreme physical and emotional pain and suffering and contributed to his damages.

23.     As a result of the use of excessive force, Plaintiff WRIGHT sustained serious physical injuries and has incurred financial loss and expenses in the form of past and future loss of earnings, decreased earning capacity, and past and future medical expenses. Also as a result of this incident, Plaintiff WRIGHT has endured pain and suffering and emotional and mental distress stemming from the physical injuries.

### FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)**

(Against Defendants DOE DEPUTIES)

24.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 23 of this Complaint with the same force and effect as if fully set forth herein.

25.     Defendants DOE DEPUTIES had no objectively reasonable or specifically articulable factual basis to suspect that Plaintiff was involved in the commission of any crime, nor did Defendants DOE DEPUTIES have any confirmation that Plaintiff had committed any crime, posed any threat to anyone, and did not see Plaintiff in possession of any illegal objects, contraband, or weapons.

26.     Defendants DOE DEPUTIES detained Plaintiff without reasonable suspicion and arrested him without probable cause by pulling Plaintiff over, striking Plaintiff's body with lethal and less-lethal rounds, and holding Plaintiff prone on the ground while exerting weight and force on Plaintiff's back for a prolonged period of time. The scope and manner of Defendants DOE DEPUTIES' detention and arrest of Plaintiff was unreasonable.

27.     The conduct of Defendants DOE DEPUTIES violated Plaintiff's right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

28.     The conduct of Defendants DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE DEPUTIES.

29.     As a result of their misconduct, Defendants DOE DEPUTIES are liable for Plaintiff's injuries, either because they were integral participants in the unreasonable seizure or because they failed to prevent these violations.

30.     Plaintiff seeks compensatory damages and attorney's fees under this claim.

## SECOND CLAIM FOR RELIEF

### Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)

(Against Defendants DOE DEPUTIES)

31.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 30 of this Complaint with the same force and effect as if fully set forth herein.

32.     DOE DEPUTIES and DOE OFFICERS used excessive and unreasonable force when they struck Plaintiff with lethal and less-lethal rounds and held Plaintiff prone against the ground while applying force and weight to Plaintiff's back. Defendant DOE DEPUTIES' unjustified use of force deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

33.     At all relevant times, Plaintiff did not forcibly resist nor did he pose an immediate threat to the safety of DOE DEPUTIES or anyone else.

34.     Defendants DOE DEPUTIES' use of force was excessive and objectively unreasonable and contrary to basic police officer training because Plaintiff posed no immediate threat to the safety of any person at the time.

35.     Defendants DOE DEPUTIES did not exhaust all reasonable available alternative measures prior using force on Plaintiff. Defendants DOE DEPUTIES failed provide adequate commands and warnings prior to using force, despite it be feasible to do so.

36.     Plaintiff suffered serious and permanent physical injuries as a result of the use of force.

37.     At all relevant times, Defendants DOE DEPUTIES were acting under color of state law.

38.     As a result of their misconduct as described above, Defendants DOE DEPUTIES are liable for Plaintiff's injuries, either because they were integral participants in the use of excessive force or because they failed to prevent these violations.

39.     The conduct of Defendants DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE DEPUTIES.

40.     Plaintiff seeks compensatory damages for the violations of his rights, including damages for past and future medical expenses, past and future loss of earnings and decreased earning capacity, physical injuries, past and future pain and suffering, emotional and mental distress stemming from the physical injuries, humiliation, and disfigurement.  Plaintiff also seeks punitive damages, costs, and attorney's fees under this claim.

//

//

//

## **THIRD CLAIM FOR RELIEF**

### **Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(Against Defendants DOE DEPUTIES)

41.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 40 of this Complaint with the same force and effect as if fully set forth herein.

42.     After the detention, arrest, and use of force, Plaintiff was denied prompt medical attention while he was seriously injured and in pain. The delay of medical care to Plaintiff caused him extreme physical and emotional pain and suffering and contributed to his damages.

43.     The denial of medical care by Defendants DOE DEPUTIES deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

44.     The delay in medical attention contributed to Plaintiff's pain and suffering and was a contributing cause of Plaintiff's injuries and his mental and emotional distress.

45.     Defendant DOE DEPUTIES knew that failure to provide timely medical treatment to Plaintiff could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Plaintiff great bodily harm.

46.     The conduct of Defendants DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to DOE DEPUTIES.

47.     At all relevant times, Defendants DOE DEPUTIES were acting under color of state law.

48.     As a result of their misconduct as described above, Defendants DOE DEPUTIES are liable for Plaintiff's injuries, either because they were integral participants or because they failed to prevent these violations.

49.     Plaintiff seeks compensatory damages for the violations of his rights, including damages for past and future medical expenses, past and future loss of earnings and decreased earning capacity, physical injuries, past and future pain and suffering, emotional and mental distress stemming from the physical injuries, humiliation, and disfigurement.  Plaintiff also seeks punitive damages, costs, and attorney's fees under this claim.

## FOURTH CLAIM FOR RELIEF

### Municipal Liability – Ratification (42 U.S.C. § 1983)

(Against Defendants COUNTY and DOES 6-10)

50.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 49 of this Complaint with the same force and effect as if fully set forth herein.

51.     At all relevant times, Defendants DOE DEPUTIES were acting under color of state law.

52.     The acts of Defendants DOE DEPUTIES as described above, including strike Plaintiff with lethal and less-lethal rounds, deprived Plaintiff of his rights under the United States Constitution.

53.     Upon information and belief, a final policymaker for COUNTY, acting under color of law, who had final policymaking authority concerning the acts of DOE DEPUTIES, ratified (or will ratify) Defendant DOE DEPUTIES' acts and the bases for them.  Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) Defendant DOE DEPUTIES' acts, which include use of excessive force against Plaintiff as well as the unreasonable detention and arrest of Plaintiff and denial of medical care.

54. Upon information and belief, a final policymaker for COUNTY has determined (or will determine) that the acts of DOE DEPUTIES were "within policy."

55. Plaintiff seeks compensatory damages for the violations of his rights, including damages for past and future medical expenses, past and future loss of earnings and decreased earning capacity, physical injuries, past and future pain and suffering, emotional and mental distress stemming from the physical injuries, humiliation, and disfigurement. Plaintiff also seeks costs and attorney's fees under this claim.

## FIFTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

(Against Defendants COUNTY and DOES 6-10)

56. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 55 of this Complaint with the same force and effect as if fully set forth herein.

57. At all relevant times, Defendants DOE DEPUTIES were acting under color of state law.

58. The acts of Defendants DOE DEPUTIES deprived Plaintiff of his rights under the United States Constitution.

59. The training policies of Defendant COUNTY were not adequate to train its officers to handle the usual and recurring situations with which they must deal.

60. Defendant COUNTY was deliberately indifferent to the obvious consequences of its failure to train its police officers adequately. Specifically, COUNTY failed to adequately train DOE DEPUTIES with respect to detentions and arrests, tactics, use of less-lethal options, and the use of deadly force, including

determining whether the use of deadly force is reasonable and appropriate under the circumstances.

61.     The failure of Defendant COUNTY to provide adequate training caused the deprivation of the Plaintiff's rights by DOE DEPUTIES; that is, COUNTY's failure to train is so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury.

62.     By reason of the aforementioned acts and omissions, Plaintiff suffered serious bodily injury, humiliation, pain and suffering, disfigurement, and past and future emotional and mental distress, and financial loss.  Accordingly, Defendants COUNTY DOES 6-10 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

63.     Plaintiff seeks compensatory damages for the violations of his rights, including damages for past and future medical expenses, past and future loss of earnings and decreased earning capacity, physical injuries, past and future pain and suffering, emotional and mental distress stemming from the physical injuries, humiliation, and disfigurement.  Plaintiff also seeks punitive damages, costs, and attorney's fees under this claim.

## SIXTH CLAIM FOR RELIEF

### Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)

(Against Defendants COUNTY and DOES 6-10)

64.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 63 of this Complaint with the same force and effect as if fully set forth herein.

65.     At all relevant times, Defendants DOE DEPUTIES were acting under color of state law.

66.     When Defendants DOE DEPUTIES detained and arrested Plaintiff, struck Plaintiff with lethal and less-lethal rounds, held Plaintiff prone against the

COMPLAINT FOR DAMAGES

ground while exerting force and weight on Plaintiff's back for a prolonged period of time, and denied him timely medical attention, they acted pursuant to an expressly adopted official policy/ies or a longstanding practice(s) or custom of the Defendant COUNTY respectively.

67.     On information and belief, Defendants DOE DEPUTIES were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the detention, arrest and shooting of Plaintiff.

68.     Defendants COUNTY and DOES 6-10, together with other COUNTY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

        (a)    Using excessive force, including excessive deadly force;

        (b)    Providing inadequate training regarding the use of deadly force;

        (c)    Employing and retaining as officers individuals whom Defendant COUNTY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

        (d)    Inadequately supervising, training, controlling, assigning, and disciplining COUNTY sheriff's deputies, and other personnel, whom Defendant COUNTY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

        (e)    Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by COUNTY sheriff's deputies;

        (f)    Failing to adequately discipline COUNTY sheriff's deputies for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion

to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g)   Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

(h)   Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(i)   Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing;

(j)   Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of unarmed people.

69.   By reason of the aforementioned acts and omissions, Plaintiff suffered serious bodily injury, humiliation, pain and suffering, disfigurement, and past and future emotional and mental distress, and financial loss.

70.   Defendants COUNTY and DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and

COMPLAINT FOR DAMAGES

through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

71.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, COUNTY and DOES 6-10 acted with intentional, reckless, and callous disregard for the life and constitutional rights of Plaintiff. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants COUNTY and DOES 6-10 were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiff.

72.     Accordingly, Defendants COUNTY and DOES 6-10 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

73.     Plaintiff seeks compensatory damages for the violations of his rights, including damages for past and future medical expenses, past and future loss of earnings and decreased earning capacity, physical injuries, past and future pain and suffering, emotional and mental distress stemming from the physical injuries, humiliation, and disfigurement.  Plaintiff also seeks punitive damages, costs, and attorney's fees under this claim.

**SEVENTH CLAIM FOR RELIEF**

**Battery (Cal. Govt. Code § 820 and California Common Law)**

(Against Defendants COUNTY and DOE DEPUTIES)

74.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 73 of this Complaint with the same force and effect as if fully set forth herein.

75.     At all relevant times, DOE DEPUTIES were working as sheriff's deputies for SBSD and was acting within the course and scope of their duties as a sheriff's deputies for the COUNTY.

76.     On June 7, 2021, Plaintiff was driving in his vehicle when he was pulled over by DOE DEPUTIES near the intersection of Bear Valley Road and Hesperia Road in Victorville, California. As Plaintiff had his hands on the steering wheel pursuant to commands and was following DOE DEPUTIES' commands, he was struck by lethal and nonlethal rounds. DOE DEPUTIES then held Plaintiff prone against the ground while exerting pressure and weight on Plaintiff's back for a prolonged period of time. At all relevant times, Plaintiff did not resist and did not pose an immediate threat of safety to DOE DEPUTIES or anyone else.

77.     The officers' use of force was unreasonable and contrary to basic police officer training because Plaintiff posed no immediate threat of safety to any person at the time. Plaintiff was unarmed at all times.

78.     As a direct and proximate result of the conduct of DEPUTIES and DOE OFFICERS as alleged above, Plaintiff suffered serious and permanent physical injuries.

79.     The COUNTY is vicariously liable for the wrongful acts of Defendants DOE DEPUTIES pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

80.     The conduct of DOE DEPUTIES was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages, which Plaintiff seeks under this claim.

81.     Plaintiff seeks compensatory damages for the violations of his rights, including damages for past and future medical expenses, past and future loss of earnings and decreased earning capacity, physical injuries, past and future pain and suffering, emotional and mental distress stemming from the physical injuries, humiliation, and disfigurement.

### **SEVENTH CLAIM FOR RELIEF**

**Negligence (Cal. Govt. Code § 820 and California Common Law)**

(Against all Defendants)

82.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 81 of this Complaint with the same force and effect as if fully set forth herein.

83.     The actions and inactions of Defendants were negligent and reckless, including but not limited to:

> (a)     DOE DEPUTIES' failure to properly and adequately assess the need to detain, arrest, and use force and/or deadly force against Plaintiff;

> (b)     DOE DEPUTIES' negligent tactics and handling of the situation with Plaintiff, including pre-force negligence;

> (c)     DOE DEPUTIES' negligent detention, arrest, and use of force, against Plaintiff;

> (d)     DOE DEPUTIES's failure to provide prompt medical care to Plaintiff,

> (e)     the COUNTY's failure to properly train and supervise employees, both professional and non-professional, including DOE DEPUTIES;

> (f)     the COUNTY's failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Plaintiff.

84.     As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff suffered past and future financial loss, serious and permanent physical injuries, and past and future emotional and mental distress.

85.     The COUNTY is vicariously liable for the wrongful acts of DOE DEPUTIES and DOES 6-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

86.     Plaintiff brings this claim in his individual capacity and seeks compensatory damages for the violations of his rights, including damages for past and future medical expenses, past and future loss of earnings and decreased earning capacity, physical injuries, past and future pain and suffering, emotional and mental distress stemming from the physical injuries, and disfigurement.

## EIGHTH CLAIM FOR RELIEF

### (Violation of Cal. Civil Code § 52.1)

(Against All Defendants)

87.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 86 of this Complaint with the same force and effect as if fully set forth herein.

88.     California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.  An intent to violate a person's civil rights can be inferred by a reckless disregard for the person's civil rights.

89.     On information and believe, DOE DEPUTIES, while working for COUNTY and acting within the course and scope of their duties as police officers, intentionally committed and attempted to commit acts of violence against Plaintiff and also acted with a reckless disregard for Plaintiff's civil rights, including detaining him without reasonable suspicion and arresting him without probable cause, striking him with lethal and less-lethal rounds, exerting pressure and weight

on Plaintiff's back for a prolonged period of time while Plaintiff lay prone on the ground, and by denying him timely medical care.

90.     When DOE DEPUTIES detained and arrested Plaintiff without reasonable suspicion or probable cause, struck him with lethal and less-lethal rounds, exerted pressure and weight on Plaintiff's back for a prolonged period of time while Plaintiff lay prone on the ground, and failed to provide any care to his subsequent injuries, they interfered with Plaintiff's civil rights to be free from unreasonable searches and seizures, to equal protection of the laws, to timely and adequate medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

91.     On information and belief, DOE DEPUTIES intentionally and spitefully committed the above acts to discourage Plaintiff from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was and is fully entitled to enjoy.

92.     On information and belief, Plaintiff reasonably believed and understood that the violent acts committed by DOE DEPUTIES were intended to discourage him from exercising the above civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

93.      DOE DEPUTIES intentionally interfered with the above civil rights of Plaintiff, including his right to be free from excessive force, and acted with a reckless disregard for these rights.

94.     The conduct of Defendants was a substantial factor in causing Plaintiff's harms, losses, injuries, and damages.

95.     The COUNTY is vicariously liable for the wrongful acts of DOE DEPUTIES pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

COMPLAINT FOR DAMAGES

96.     Defendants DOES 6-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

97.     DOE DEPUTIES' conduct was malicious, wanton, oppressive, and accomplished with a conscious disregard for Plaintiff's rights, justifying an award of exemplary and punitive damages as to DOE DEPUTIES.

98.     Plaintiff seeks compensatory damages for the violations of his rights, including damages for past and future medical expenses, past and future loss of earnings and decreased earning capacity, physical injuries, past and future pain and suffering, emotional and mental distress stemming from the physical injuries, humiliation, and disfigurement.  Plaintiff also seeks punitive damages, costs, and attorney's fees under California Civil Code section 52 as to this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff JAMES WRIGHT, requests entry of judgment in his favor and against Defendants the County of San Bernardino and DOES 1-10, inclusive, as follows:

        A.    For compensatory damages in an amount to be proven at trial, including damages for his serious physical injuries, for his pain and suffering, for past and future medical expenses, for past and future financial loss, and past and future mental and emotional distress;

        B.    For punitive damages against the individual defendants in an amount to be proven at trial;

        C.    For statutory damages;

        D.    For treble damages pursuant to California Civil Code Sections 52, 52.1;

        E.    For interest;

        F.    For reasonable costs of this suit and attorneys' fees; and

        G.    For such further other relief as the Court may deem just, proper, and appropriate.

DATED:  May 28, 2024          LAW OFFICES OF DALE K. GALIPO

               By_____*s/ Dale K. Galipo*_____
                   Dale K. Galipo
                   Attorneys for Plaintiff

-21-

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demands a trial by jury.

3

4

DATED:  May 28, 2024            LAW OFFICES OF DALE K. GALIPO

5

6

7

By_____*s/ Dale K. Galipo*_____

8

Dale K. Galipo
Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES