SHANNON L. GUSTAFSON (SBN 228856)
sgustafson@lynberg.com
AMY R. MARGOLIES (SBN 283471)
amargolies@lynberg.com
ANITA K. CLARKE (SBN 321015)
aclarke@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite #1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendant, COUNTY OF SAN BERNARDINO

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WRIGHT,<br><br>       Plaintiff,<br><br>      vs.<br><br>CITY OF SAN BERNARDINO; and DOES 1-10, inclusive,<br><br>       Defendants. | CASE NO. 5:24-cv-1123-JLS-JC<br><br>*Assigned for All Purposes to: Honorable Josephine L. Staton*<br><br>*Courtroom 8A*<br><br>**COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Proposed] Order Lodged Concurrently*<br><br>Date:     October 11, 2024<br>Time:    10:30 a.m.<br>Dept.:    8A<br><br>*Complaint filed: 5/28/24* |

1   **TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF**

2   **RECORD:**

3        **PLEASE TAKE NOTICE** that on October 11, 2024, at 10:30 a.m. or as soon

4   thereafter as the matter may be heard in Courtroom 8A of the above-entitled Court,

5   located at First Street U.S. Courthouse, 350 West 1st Street, Los Angeles, CA 90012,

6   Defendant COUNTY OF SAN BERNARDINO, ("Defendant") will, and hereby does,

7   move this Court for an order dismissing portions of Plaintiff JAMES WRIGHT's First

8   Amended Complaint ("FAC") against it pursuant to Fed. R. Civ. P. 8, 12(f) and

9   12(b)(6).

10       Defendant brings this Motion on the following grounds:

11       1.      Plaintiff's Fourth Claim – Municipal Liability – Ratification (42 U.S.C. §

12   1983) fails to state a claim upon which relief can be granted against Defendant County

13   of San Bernardino.  *See* Fed. R. Civ. P. 12(b)(6).[1]

14       2.      Plaintiff's Fifth Claim – Municipal Liability – Inadequate Training (42

15   U.S.C. § 1983) fails to state a claim upon which relief can be granted against

16   Defendant County of San Bernardino.  *See* Fed. R. Civ. P. 12(b)(6).

17       3.      Plaintiff's Sixth Claim – Municipal Liability – Unconstitutional Custom or

18   Policy (42 U.S.C. § 1983) fails to state a claim upon which relief can be granted

19   against Defendant County of San Bernardino.  *See* Fed. R. Civ. P. 12(b)(6).

20       Defendant's Motion is based on this Notice, the Memorandum of Points and

21   Authorities, Plaintiff's FAC, and upon such other and further matters as may properly

22   come before the Court.

23       Pursuant to Local Rule 7-3, Defendant sent a meet and confer letter to

24   Plaintiff's counsel on July 2, 2024 in which Defendant detailed deficiencies of

25   _____

26   [1] County of San Bernardino is only named in the Fourth, Fifth, and Sixth Claims
     for Relief.  Plaintiff's First, Second, and Third claims are alleged against Does 1-10
27   which have not been identified or served.  This Motion is therefore brought on
     behalf of the County of San Bernardino only as to the claims asserted against it.
28

1   Plaintiff's initial Complaint.  (Dkt. 1).  On July 8, 2024, counsel for the parties met
2   and conferred via telephone further on the issues contained in the letter.  Plaintiff filed
3   his First Amended Complaint on July 29, 2024 (Dkt. 14).  Pursuant to Local Rule 7-
4   3, Defendant sent another meet and confer letter on July 31, 2024 with substantially
5   the same grounds as the July 2, 2024 letter, in which Defendant detailed deficiencies
6   of Plaintiff's First Amended Complaint and notified Plaintiff that Defendant
7   anticipated filing a Motion to Dismiss regarding those issues.  Defense counsel
8   thereafter followed up requesting availability of Plaintiff's counsel to meet and confer
9   on these issues.  Plaintiff responded via email on August 2, 2024 with her availability.
10  We further met and conferred by teleconference on August 5, 2024 regarding the
11  allegations in Plaintiff's Complaint.  The parties could not resolve the issues as to the
12  Fourth, Fifth, and Sixth claims thereby necessitating this Motion.

13
14  DATED:  August 12, 2024                    **LYNBERG & WATKINS**
                                               A Professional Corporation
15
16
17                          By:  */s/ Anita K. Clarke*
18                               **SHANNON L. GUSTAFSON**
                                 **AMY R. MARGOLIES**
19                               **ANITA K. CLARKE**
                                 Attorneys for Defendant,
20                               COUNTY OF SAN BERNARDINO
21
22
23
24
25
26
27
28

**COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

1

## <u>TABLE OF CONTENTS</u>

I.      **PRELIMINARY STATEMENT**.............................................................1

II.     **PLAINTIFF'S FOURTH, FIFTH, AND SIXTH CLAIMS FOR *MONELL* LIABILITY MUST BE DISMISSED**...............................2

     A.    **PLAINTIFF'S *MONELL* CLAIM FOR RATIFICAITON FAILS**....................................................................................4

     B.    **THE CASES CITED BY PLAINTIFF IN HIS FAILURE TO TRAIN AND UNCONSTITUTIONAL POLICY, PRACTICE OR CUSTOM CLAIM ARE INSUFFICIENT**...........7

     C.    **PLAINTIFF HAS NOT SUFFICIENTLY PLED HIS FAILURE TO TRAIN CLAIM**.............................................13

     D.    **PLAINTIFF HAS NOT SUFFICIENTLY PLED HIS POLICY, PRACTICE AND/OR CUSTOM CLAIM**....................16

III.    **LEAVE TO AMEND SHOULD BE DENIED**.........................................20

IV.    **CONCLUSION**...................................................................................20

# <u>TABLE OF AUTHORITIES</u>

Page(s)

Cases

*A. B. et al v. City of Santa Ana et al.*,
   2019 WL 1578380 (C.D. Cal. Feb. 11, 2019) ........................................9

*A.E. ex rel. Hernandez v. Cty. of Tulare*,
   666 F.3d 631 (9th Cir. 2012) ..............................................................3

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).........................................................2, 3, 18

*Barbosa v. Shasta Cty.*,
   2021 WL 1634446 (E.D. Cal. Apr. 26, 2021) ......................................6

*Bell Atlantic Corp. v Twombly*,
   550 U.S. 544 (2007)...............................................................2, 3

*Benavidez v. Cnty. of San Diego*,
   993 F.3d 1134 (9th Cir. 2021) ..........................................................15

*Blankenhorn v. City of Orange*,
   485 F.3d 463 (9th Cir. 2007) .............................................................8

*Board of County Com'rs of Bryan Cnty, Okl. v. Brown*,
   520 U.S. 397 (1997)........................................................................17

*Brady v. Maryland*,
   373 U.S. 83 (1963).........................................................................14

*Brown v. Cnty. Of San Bernardino*,
   2021 WL 99722 (C.D. Cal. 2021) ............................................11, 15

*Carter v. District of Columbia*,
   795 F.2d 116 (D.C. Cir. 1986)..........................................................10

*Castro v. County of Los Angeles*,
   833 F.3d 1030 (9th Cir. 2016) ...........................................................5

*Christie v. Lopa*,
   176 F.3d 1231 (9th Cir. 1999) ........................................................4, 5

*City of Canton v. Harris*,
    489 U.S. 378 (1989) ......................................................................... 14, 15

*City of St. Louis v. Praprotnik*,
    485 U.S. 112 (1988) .................................................................................. 4

*Clouthier v. Cnty. of Contra Costa*,
    591 F.3d 1232 (9th Cir. 2010) ................................................................. 5

*Collins v. City of New York*,
    923 F. Supp. 2d 462 (E.D.N.Y. 2013) .................................................. 13

*Connick*,
    563 U.S.at 62 .................................................................... 9, 14, 18

*Dasovich v. Contra Costa Cnty. Sheriff Dep't.*,
    2014 WL 4652118 (N.D. Cal. Sept. 17, 2014) .................................. 5, 7

*Davis v. City of San Jose*,
    2014 WL 2859189 (N.D. Cal. 2014) ................................................... 3, 8

*Davis v. Ellensburg*,
    869 F.2d 1230 (9th Cir. 1989) ................................................................. 8

*DeClue v. County of Alameda*,
    2020 WL 6381356 (N.D. Cal. Oct. 30, 2020) ...................................... 18

*Destfino v. Reiswig*,
    630 F.3d 952 (9th Cir. 2011) ................................................................. 20

*Doughtery v. City of Covina*,
    654 F.3d 892 (9th Cir. 2011) ................................................................... 9

*Flores v. County of Los Angeles*,
    758 F.3d 1154 (9th Cir. 2014) ................................................................. 9

*French v. City of L.A.*,
    2020 WL 6064968 (C.D. Cal. July 9, 2020) ......................................... 6

*Galban v. City of Fontana*,
    2021 WL 1307722 (C.D. Cal. Apr. 7, 2021) .................................... 12, 13

*Galen v. County of L.A.*,
    477 F.3d 652 (9th Cir. 2007) ................................................................. 18

*Gillette v. Delmore*,
   979 F.2d 1342 (9th Cir. 1992) ................................................................. 5

*Gravelet-Blondin v. Shelton*,
   728 F.3d 1086 (9th Cir. 2013) .............................................................. 18

*Hamilton v. Rodgers*,
   791 F.2d 439 (5th Cir. 1986) ................................................................ 10

*Hays v. City of New York*,
   2017 WL 782496 (S.D.N.Y. Feb. 28, 2017) ....................................... 12

*Henderson v. City & Cnty. of San Francisco*,
   2006 WL 3507944 (N.D. Cal. Dec. 1, 2006) ......................................... 9

*Herd v. Cnty. of San Bernardino*,
   311 F. Supp. 3d 1157 ............................................................. 15, 16,17

*Hill v. Fairfield Police Dep't.*,
   2016 WL 2602411 (E.D. Cal. May 5, 2016) ......................................... 7

*Holt v. County of* Orange,
   91 F.4th 1013 (9th Cir. 2024) ................................................................ 1

*Hyun Ju Park v. City and Cnty. of Honolulu*,
   952 F.3d 1136 (9th Cir. 2020) .............................................................. 17

*In re Gilead Scis. Sec. Litig.*,
   536 F.3d 1049 (9th Cir. 2008) ................................................................ 3

*Johnson v. Baca*,
   2013 WL 12131358 (C.D. Cal. Sept. 24, 2013) ................................. 16

*Lassiter v. City of Bremerton*,
   556 F.3d 1049 (9th Cir. 2009) ................................................................ 5

*Lesher v. City of Anderson*,
   2021 WL 5744691 (E.D. Cal. Dec. 2, 2021) ...................................... 10

Lowrie v. Cnty. of Riverside,
   2021 WL 470611 (C.D. Cal. July 19, 2021) ...................................... 18

**COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

*Lytle v. Carl*,
   382 F.3d 978 (9th Cir. 2004) ...................................................................5

*Maldonado*,
   2019 WL 6139937 ...................................................................15, 17

*Marsh v. County of San Diego*,
   680 F.3d 1148 (9th Cir. 2012) ...................................................................9

*Meehan v. Los Angeles County*,
   856 F.2d 102 (9th Cir. 1988) ...................................................................8

*Mitchell v. Cnty. of Contra Costa*,
   600 F. Supp. 3d 1018 (N.D. Cal. 2022)...................................................14

*Moore v. County of Orange*,
   2017 WL 10518114 (C.D. Cal. 2017) ...................................................3, 17

*Peterson v. City of Fort Worth*,
   588 F.3d 838 (5th Cir. 2009) ...................................................................5

*Pineda v. City of Houston*,
   291 F.3d 325 (5th Cir. 2002) ...................................................................9

*Jackson v. Cnty. of San Bernardino*,
   2023 WL 9066307 (C.D. Cal. Sept. 29, 2023)...................................................11, 19

*Ramirez v. County of Los Angeles*,
   397 F. Supp. 2d 1208 (C.D. Cal. 2005) ...................................................................9

*Ramos v. City of Chicago*,
   707 F. Supp. 345 (N.D. Ill. 1989)...................................................................10

*Raudelunas v. City of Vallejo*,
   2022 WL 329200 (E.D. Cal. Feb. 3, 2022) ...................................................................11

*Rich v. Shrader*,
   823 F.3d 1205 (9th Cir. 2016) ...................................................................20

*Rutman Wine Co. v. E.& J. Gallo* Winery,
   829 F.2d 729 (9th Cir. 1987) ...................................................................4

*Segura v. City of La Mesa*,
   647 F. Supp. 3d 926 (S.D. Cal. 2022) ...................................................................4, 6

*Sheehan v. City & Cnty. of San Francisco*,
  741 F.3d 1211 (9th Cir. 2014) ................................................................5

*Sloman v. City of Simi Valley*,
  21 F.3d 1462 (9th Cir. 1994) ..................................................................8

*Smith v. Stanislaus*,
  2012 WL 253241 (E.D. Cal. Jan. 26, 2012) ..........................................16

*Starr v. Baca*,
  652 F.3d 1202 (9th Cir. 2011) ................................................................3

*Strauss v. City of Chicago*,
  760 F.2d 765 (7th Cir. 1985) ................................................................12

*Thompson v. City of Los Angeles*,
  885 F.2d 1439 (9th Cir. 1989) ..........................................................8, 12

*Thurston v. City of Vallejo*,
  2021 WL 1839717 (E.D. Cal. May 6, 2021) ..........................................6

*Tieman v. City of Newburgh*,
  2015 WL 1379652 (S.D.N.Y. Mar. 26, 2015)........................................12

*Trevino v. Gates*,
  99 F.3d 911 ..........................................................................................4, 8

*United States v. Corinthian Colls.*,
  655 F.3d 984 (9th Cir. 2011) ..................................................................2

*Van Ort v. Estate of Stanewich*,
  92 F.3d 831 (9th Cir. 1992) ..................................................................16

*Walker v. City of New York*,
  2014 WL 1259618 (S.D.N.Y Mar. 18, 2014)........................................12

*Washington Mobilization Comm. v. Cullinane*,
  566 F.2d 107 (D.C. Cir. 1977)..............................................................10

*Washington v. Borough*,
  1993 WL 273418, at 1* (E.D. Pa. July 15, 1993) ................................13

*Wilkey v. County of Orange*,
  2017 WL 11447980 (C.D. Cal. 2017) ....................................................3

*Woodhouse v. City of Mount Vernon*,
    2016 WL 354896 (S.D.N.Y. Jan. 27, 2016) ..............................................12

Statutes

42 U.S.C. § 1983 ..............................................................................2, 1, 3

Rules

Fed. R. Civ. P. 8, 12(f) and 12(b)(6) .........................................................2, 5

Fed. R. Civ. P. 12(b)(6) ............................................................................passim

Fed. R. Civ. P. 12 ..............................................................................2, 3, 4

-

**COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.   PRELIMINARY STATEMENT

3

Per Plaintiff's First Amended Complaint ("FAC"), James Wright (hereinafter
"Plaintiff") alleges on June 7, 2022,[2] Plaintiff had not committed any traffic
infractions or crimes when Doe Deputies initiated a traffic stop. (FAC ¶ 17).  Plaintiff
pulled over, followed commands, and then was struck by lethal and less-lethal rounds.
(FAC ¶ 18).  Plaintiff was then held in a prone position against the ground by Doe
Deputies' knees on his back for a prolonged period of time.  (FAC ¶ 20).  Plaintiff
was seriously injured by the lethal and less-lethal rounds but was denied prompt
medical attention, the delay of which caused Plaintiff extreme physical and emotional
pain and suffering.  (FAC ¶ 21).  These allegations are heavily disputed by Defendant,
however, for the purposes of this Motion to Dismiss, the *Monell* allegations are only
relevant.

In Plaintiff's First Amended Complaint, Plaintiffs alleged in conclusory
fashion that Defendant's final policymaker ratified the acts of the Doe Deputies, the
County failed to train its deputies on proper police tactics, use of force, and detention
procedures, and the deputies acted pursuant to an official policy or a longstanding
practice or custom, including ratification.  As support, Plaintiff cites to other lawsuits
against the County of San Bernardino, however, these lawsuits are not for the same
or similar conduct, policies or failure to train, nor are support for Plaintiff's

---

[2] Plaintiff alleges the incident occurred on June 7, 2022 (FAC ¶ 1) but also alleges
the incident occurred on June 17, 2021 (FAC ¶ 17).  Plaintiff should be ordered to
correct this discrepancy if leave to amend is granted.  Should the incident have
occurred on June 17, 2021 and the Complaint was not filed until July 2, 2024,
Plaintiff's claims would be outside the statute of limitations and the entire Complaint
should be dismissed. *Holt v. County of* Orange, 91 F.4th 1013, 1018 (9th Cir. 2024)
(Statute of limitations for 42 U.S.C. § 1983 claims for personal injury follows
California's two-year limitations period for personal injury actions).   Upon
information and belief, it appears the correct date is June 7, 2022, which counsel met
and conferred regarding but the discrepancy remains in this Complaint.

ratification claim.  Instead, Plaintiff lists cases that are generally against the County of San Bernardino for the actions of its deputies for using force.  Such cases are not similar to the case at bar and were not linked to any allegedly same policy, practice, custom, or failure to train.

Plaintiff's fourth, fifth, and sixth claims in his FAC fails to satisfy the basic pleading requirements established by Rule 12.  Rule 12 is simple; it precludes a plaintiff from proceeding with nothing more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *See Bell Atlantic Corp. v Twombly*, 550 U.S. 544, 555 (2007).  It provides an enforcement mechanism—the Motion to Dismiss—to ensure plaintiff has stated a "plausible claim" that includes "***factual content*** that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *See United States v. Corinthian Colls.*, 655 F.3d 984, 991 (9th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Where, as here, a pleading offers "facts" that are "merely consistent with a defendant's liability," it "stops short of the line between possibility and plausibility of 'entitlement to relief,'" and must be dismissed.  *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Plaintiff's allegations are insufficient to sustain his *Monell* claims and should therefore be dismissed against the County for the below reasons.  *See* Fed. R. Civ. P. 12(b)(6).

## II.   PLAINTIFF'S FOURTH, FIFTH, AND SIXTH CLAIMS FOR *MONELL* LIABILITY MUST BE DISMISSED

Plaintiff's Fourth Claim for Relief attempts to assert a claim for *Monell* liability under a ratification theory, Plaintiff's Fifth Claim for Relief attempts to assert a claim for *Monell* liability under a failure to train theory, and Plaintiff's Sixth Claim for Relief attempts to assert a claim for *Monell* liability under an unconstitutional custom or policy theory, however, also seems to assert a ratification theory.  None of these

1   claims are sufficiently pled and should therefore be dismissed with prejudice given
2   Plaintiff is unable to properly allege this claim under any theory.

3          A plaintiff cannot "plead facts that are merely consistent with a defendant's
4   liability," as "threadbare recitals of the elements of a cause of action, supported by
5   mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678
6   (2009); *see Twombly*, 550 U.S. at 545; *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049,
7   1055 (9th Cir. 2008) (when evaluating the merit of a Rule 12(b)(6) Motion to Dismiss,
8   the court need not accept as true "allegations that are merely conclusory, unwarranted
9   deductions of fact, or unreasonable inferences.").  These settled pleading rules apply
10  to "Municipal Liability" claims like Plaintiff's.  *See A.E. ex rel. Hernandez v. Cty. of
11  Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (noting that pleading standards announced
12  in *Iqbal* and *Twombly* "appl[y] to *Monell* claims and should govern future pleadings
13  in this case"); *see also Moore v. County of Orange*, 2017 WL 10518114, at *3 (C.D.
14  Cal. 2017) (citing rule); *Wilkey v. County of Orange*, 2017 WL 11447980, at *3 (C.D.
15  Cal. 2017) (dismissing *Monell* claim with prejudice where "custom and policy"
16  allegations amounted to "rote recitation of the elements of a *Monell* claim for Section
17  1983 liability against a municipality . . . "); *Davis v. City of San Jose*, 2014 WL
18  2859189, at *13 (N.D. Cal. 2014) (granting Rule 12 motion to dismiss *Monell* claims
19  as being "entirely conclusory" and "nothing more than a simple recitation of the
20  elements of a *Monell* claim.  As such, Plaintiff's allegations are not entitled to a
21  presumption of truth.").  "[T]o be entitled to the presumption of truth, allegations in a
22  complaint or counterclaim may not simply recite the elements of a cause of action,
23  but . . . contain sufficient allegations of underlying facts to give fair notice and to
24  enable the opposing party to defend itself effectively.  Second, the factual allegations
25  that are taken as true must plausibly suggest an entitlement to relief, such that it is not
26  unfair to require the opposing party to be subjected to the expense of discovery and
27  continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

28

1
2

### A.   PLAINTIFF'S *MONELL* CLAIM FOR RATIFICAITON FAILS

3    The allegations in Plaintiff's Fourth Claim for Ratification are a far cry from
4 that which is required.  The extent of Plaintiff's *Monell* claim under a ratification
5 theory is contained in FAC ¶¶ 52-54.  Plaintiff's allegations consist of conclusory
6 phrasing, potentially alleging acts that have yet to occur, and otherwise, other lawsuits
7 that are not similar to the case at bar.  For instance, by the FAC's own language,
8 whether the "final policymaker" even ratified any conduct yet is in question since the
9 FAC alleges "***or will*** ratify" and "***or will*** specifically approve of." FAC ¶ 52.  Plaintiff
10 is at a total loss of what conduct was ratified, by whom, and when.  Such allegations,
11 in practice, result in fishing expeditions which Fed. R. Civ. P. Rule 12 is designed to
12 protect against. *See Rutman Wine Co. v. E.& J. Gallo* Winery, 829 F.2d 729, 738 (9th
13 Cir. 1987) ("The purpose of F.R.Civ.P. 12(b)(6) is to enable defendants to challenge
14 the legal sufficiency of complaints without subjecting themselves to discovery").
15 Further, Plaintiff lists other lawsuits against the County.  (*See* ¶ 54).  Other incidents
16 are not required for a Ratification claim, instead what is required is that Plaintiff allege
17 sufficient facts that a final policymaker ratified an action of a certain subordinate that
18 was "causally related to the constitutional deprivation," which Plaintiff does not do.
19 *See Segura v. City of La Mesa*, 647 F. Supp. 3d 926, 939 (S.D. Cal. 2022) citing
20 *Trevino v. Gates*, 99 F.3d 911, 918 n. 2 (9th Cir. 1996).

21    A ratification claim has stringent requirements which Plaintiff cannot meet.
22 The Ninth Circuit states that ratification liability may attach when a final policymaker
23 ratifies a subordinate's unconstitutional action and the basis for it.  *Christie v. Lopa*,
24 176 F.3d 1231, 1239 (9th Cir. 1999) (citing *City of St. Louis v. Praprotnik*, 485 U.S.
25 112, 127 (1988)).  This occurs when the official policymaker involved has adopted
26 and expressly approved of the acts of others who caused the constitutional violation.
27 *Trevino v. Gates*, 99 F.3d 911, 920 (9th Cir. 1996).  There must be evidence that the

28

policymaker "made a deliberate choice to endorse" the subordinate employee's actions. *Gillette v. Delmore*, 979 F.2d 1342, 1348 (9th Cir. 1992). It is axiomatic that the allegations of a complaint must set forth <u>*facts*</u> from which the Court (and Defendants) might plausibly infer that ratification occurred. *See* Fed. R. Civ. P. 8, 12(b)(6). That is to say, facts must be alleged about what official policymaker(s) involved adopted or otherwise approved of the acts that caused Plaintiff's constitutional rights to be impaired.

Ratification generally requires more than acquiescence. *Sheehan v. City & Cnty. of San Francisco*, 741 F.3d 1211, 1231 (9th Cir. 2014), rev'd on other grounds, 135 S.Ct. 1765 (2015). A mere failure to overrule a subordinate's actions, without more, is insufficient to support a § 1983 ratification claim. *Christie v. Lopa*, 176 F.3d 1231, 1239 (9th Cir. 1999); *see also Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1253-54 (9th Cir. 2010) (holding that failure to discipline employees, without more, was insufficient to establish ratification) (overruled on other grounds in *Castro v. County of Los Angeles*, 833 F.3d 1030, 1070 (9th Cir. 2016) (*en banc*); *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1055 (9th Cir. 2009) ("A single decision by a municipal policymaker 'may be sufficient to trigger Section 1983 liability under *Monell*, even though the decision is not intended to govern future situations,' but the plaintiff must show that the triggering decision was the product of a 'conscious, affirmative choice' to ratify the conduct in question") (citation omitted); *Lytle v. Carl*, 382 F.3d 978, 987-988 (9th Cir. 2004) ("[R]atification requires both knowledge of the alleged constitutional violation, and proof that the policymaker specifically approved of the subordinate's act"). "A mere failure to overrule a subordinate's actions, without more, is insufficient to support a § 1983 claim." *Dasovich v. Contra Costa Cnty. Sheriff Dep't.*, 2014 WL 4652118, at *6 (N.D. Cal. Sept. 17, 2014).

Vague and conclusory allegations of official participation in §1983 violations are not sufficient to withstand a motion to dismiss."); *Peterson v. City of Fort Worth*,

588 F.3d 838, 848 (5th Cir. 2009) ("[O]ur precedent has limited the theory of ratification to 'extreme factual situations.'").  In *Segura v. City of La Mesa*, 647 F. Supp. 3d 926, 939, Plaintiff alleges the County "by its 'actions or inactions, authorized and/or ratified' the use of non-lethal force at the La Mesa demonstration, 'including the force used on Plaintiff.'"  The Court found these allegations were too conclusory to sufficiently plead a claim for ratification.  *Id.*  ("The court joins numerous other courts in this Circuit that have found similar conclusory allegations to be insufficient to withstand a motion to dismiss.").  Other courts have found similar allegations fail to state a claim under ratification, such as policymakers "ratified" or "knew and/or reasonably should have known" about alleged constitutional violations (*Thurston v. City of Vallejo*, 2021 WL 1839717, at *6 (E.D. Cal. May 6, 2021), authorized policymakers approved of the conduct and decision of DOE defendants (*Barbosa v. Shasta Cty.*, 2021 WL 1634446, at *5 (E.D. Cal. Apr. 26, 2021), and "a final policymaker knew and specifically approved of" a police officer's acts because this allegation "simply recites the elements of the cause of action and does not contain sufficient allegations of underlying facts" (*French v. City of L.A.*, 2020 WL 6064968, at *7 (C.D. Cal. July 9, 2020).

Similar to these cases, Plaintiff only alleges "a final policymaker . . . who had final policymaking authority concerning the acts of DOE DEPUTIES, ratified (or will ratify) Defendant DOE DEPUTIES' acts and the bases for them . . . the final policymaker knew of and specifically approve of (or will specifically approve of) Defendant DOE DEPUTIES' acts, which include use of excessive force against Plaintiff as well as the unreasonable detention and arrest of Plaintiff and denial of medical care."  (FAC ¶ 52).  Here, Plaintiff fails to identify who the policy maker at issue is, who the subordinate is, let alone facts as to what conduct constituted the alleged ratification.  Even further, Plaintiff states that this unknown "final policymaker" "ratified (***or will*** ratify)."  FAC ¶ 52.  Plaintiff, therefore, does not know

what he is alleging and potentially is alleging a future action of a policymaker. Thus, this claim may not even be ripe. For these reasons alone, this claim should be dismissed. Consistent with the law, these conclusory, "threadbare facts" are insufficient to state a claim of ratification. *See Dasovich*, 2014 WL 4652118, at *6 ("Plaintiff's FAC contains no such allegations of affirmative action by Sheriff Livingston; instead, he alleges only that the Sheriff ratified Deputy Allen's conduct 'when he was aware of it.' [Citation omitted.] Such threadbare facts do not contain sufficient allegations of underlying facts to give fair notice and to enable Defendants to defend themselves effectively."); *Hill v. Fairfield Police Dep't.*, 2016 WL 2602411, at *3 (E.D. Cal. May 5, 2016) ("[T]he Ninth Circuit 'appears to require something more than a failure to reprimand to establish a municipal policy or ratification.'") (citations omitted).

Plaintiff's ratification claim is of such a conclusory nature that the theory of whose action was ratified, how, and by whom is wholly absent from the FAC. Plaintiff cannot avoid pleading requirements concerning a final policymaker and a specific action by alleging other cases with unknown significance to this case. Based on Plaintiff's FAC, it is not alleged that the final policymaker was the same in each of these cases cited in ¶ 54 or the deputies in the case at bar are the same deputies of any of these cases. Thus, as currently pled, Plaintiff's Ratification claim is merely conclusory allegations and must be dismissed. *See* Fed. R. Civ. P. 12(b)(6).

**B.** **THE CASES CITED BY PLAINTIFF IN HIS FAILURE TO TRAIN AND UNCONSTITUTIONAL POLICY, PRACTICE OR CUSTOM CLAIM ARE INSUFFICIENT**

Both Plaintiff's Fifth Claim for *Monell* under a Failure to Train theory and his Sixth Claim for *Monell* under an unconstitutional policy, practice or custom theory only contain vague and conclusory allegations, which is further briefed below. What is consistent in both claims is that Plaintiff alleges the same previous cases concerning

the County of San Bernardino as his only support for each of these claims.  (*See* FAC ¶¶ 67, 84).  For both a failure to train and unconstitutional policy, practice or custom *Monell* claim, an isolated incident is largely insufficient to allege a *Monell* claim.  *See e.g. Blankenhorn v. City of Orange*, 485 F.3d 463, 484-85 (9th Cir. 2007) (one incident of "inadequate training" insufficient to establish *Monell* "custom"); *Sloman v. City of Simi Valley*, 21 F.3d 1462, 1470 (9th Cir. 1994) ("Individual action like [the defendant officer's] does not rise to the level of the 'well-settled', 'widespread' practices contemplated in the cases discussing municipal liability").

It is well settled that allegations regarding an isolated incident are insufficient to support Plaintiff's purported *Monell* claim.  *See Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir. 1989), overruled on other grounds by *Bull v. City & Cnty. of San Francisco*, 595 F.3d 964, 981 (9th Cir. 2010) ("[P]roof of random acts or isolated events are insufficient to establish custom."); *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.").  Indeed, municipal liability claims must be supported by a record of numerous, similar incidents.  *Sloman v. City of Simi Valley*, 21 F.3d 1462, 1470 (9th Cir. 1994) ("Individual action like [the defendant officer's] does not rise to the level of the 'well-settled', 'widespread' practices contemplated in the cases discussing municipal liability"; jury verdict against city defendant for one employee officer's "habitual" conduct overturned as error); *Meehan v. Los Angeles County*, 856 F.2d 102 (9th Cir. 1988) (two incidents not sufficient to establish actionable *Monell* custom); *Davis v. Ellensburg*, 869 F.2d 1230 (9th Cir. 1989) (manner of one arrest insufficient to establish wrongful *Monell* policy); *Davis v. City of San Jose*, 2014 WL 2859189, at *10 (N.D. Cal. June 20, 2014) (dismissing *Monell* claims and noting plaintiffs allegations contained "no facts . . . concerning a pattern of *repeated*

violations that would give the City fair notice to enable it to defend itself properly. [Citation].") (emphasis in original); *A. B. et al v. City of Santa Ana et al.*, 2019 WL 1578380, at *4 (C.D. Cal. Feb. 11, 2019) ("In the FAC, plaintiffs allege that defendants were acting pursuant to customs, policies, usages and practices of City and the City of Santa Ana Police Department, that defendants violated plaintiffs' rights as a result of those policies, and that plaintiffs were injured as a result.")

"A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Connick*, 563 U.S. at 62; *Flores v. County of Los Angeles*, 758 F.3d 1154, 1159-60 (9th Cir. 2014) (holding that, absent pattern of sexual assaults by deputies, alleged failure to train officers not to commit sexual assault did not constitute deliberate indifference); *Marsh v. County of San Diego*, 680 F.3d 1148, 1159 (9th Cir. 2012) (holding that practice must be "widespread" and proof of single inadequately-trained employee was insufficient); *Doughtery v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) ("Mere negligence in training or supervision . . . does not give rise to a *Monell* claim.").

If anything, even more incidents are required to establish a *Monell* "custom" where, as here, the Defendant municipality is large and heavily populated. *See, e.g. Ramirez v. County of Los Angeles*, 397 F. Supp. 2d 1208, 1228 (C.D. Cal. 2005) ("[T]he contention that in 13 cases, out of the tens of thousands handled by the Sheriff's Department, a Defendant was found factually innocent does not prove that there was any civil rights violation in those cases, let alone prove the content of the unlawful custom, policy or practice."); *Pineda v. City of Houston*, 291 F.3d 325, 329 (5th Cir. 2002) ("Eleven incidents each ultimately offering equivocal evidence of compliance with the Fourth Amendment cannot support a pattern of illegality in one of the Nation's largest cities and police forces."); *Henderson v. City & Cnty. of San Francisco*, 2006 WL 3507944, at *10 (N.D. Cal. Dec. 1, 2006) ("On plaintiffs'

account, then, fewer than one-quarter of one percent of county jail inmates complain of any kind of force in a year . . . The court agrees with defendants that instead of creating an issue of fact on the existence of a pervasive custom of excessive force, plaintiffs' proffered evidence forecloses it."); *Hamilton v. Rodgers*, 791 F.2d 439, 443 (5th Cir. 1986) (approximately twelve racial employment incidents in 30 months in Houston Fire Department insufficient to constitute pattern for purposes of civil rights laws.); *Carter v. District of Columbia*, 795 F.2d 116, 123-24 (D.C. Cir. 1986) (plaintiff produced evidence of approximately eleven prior incidents in an effort to establish municipal custom; Court enters directed verdict for city: "This catalog of disquieting events is not sufficient to demonstrate a pervasive pattern of police officer use of force, persisting in the District because of [supervisory] tacit approval . . . "); *Ramos v. City of Chicago*, 707 F. Supp. 345, 347 (N.D. Ill. 1989) (six prior incidents fail to make out prima facie civil rights case against large municipality); *see also Washington Mobilization Comm. v. Cullinane*, 566 F.2d 107, 122 (D.C. Cir. 1977) ("The [municipal] defendants cannot be charged with the [25] aberrations of a comparative handful of individual policemen in a department consisting of 5,000 members.")

Knowing an isolated case is not sufficient to allege an unconstitutional practice and/or custom, Plaintiff's sole support for failure to train and practice and/or custom consists of allegations in FAC ¶¶ 67, 84, however, as previously stated, these are insufficient to support a *Monell* claim. To use other incidents as the basis of a *Monell* claim, court's consider several factors such as (1) the degree of similarity between the factual allegations; (2) the number of similar incidents; (3) the temporal proximity; (4) the disposition of those cases; (5) the similarity of the defendants; and (6) the size of the municipality relative to the number and type of the claims. *Lesher v. City of Anderson*, 2021 WL 5744691, at *4 (E.D. Cal. Dec. 2, 2021).

When conducting an analysis of such factors, Plaintiff lists 13 cases filed

between 2014 and 2022 against the County of San Bernardino, the only similarity of which to the case at bar appears to be that Plaintiff alleges excessive force was used. (FAC ¶¶ 67, 84).  As can be gleaned from the allegations in the FAC for these cases referenced, there are insufficient facts pled that these cases involve similar issues that were the ***cause*** of Plaintiff's injuries.  For example, in FAC ¶¶ 67(k), 84(k), Plaintiff alleges there were lawsuits filed against the County for actions of its deputies in the jail.  As it is not alleged that Mr. Wright is claiming any harm occurred to him in a San Bernardino County jail, there is no relevance of these lawsuits to the case at bar.  Simply referencing other lawsuits against the County of San Bernardino is not enough.  Plaintiff presents no facts to support how or why these cases are similar, let alone that they are similar in such a manner that they establish a custom that ***caused*** the violation of Plaintiff's rights.  *Jackson v. Cnty. of San Bernardino*, 2023 WL 9066307, at *5 (C.D. Cal. Sept. 29, 2023) (in dismissing a *Monell* claim where plaintiff's complaint merely listed a host of other alleged incidents without more, "the Court concludes it cannot be reasonably inferred from the allegations in these 31 lawsuits that there are 12 widespread customs that caused the Fourth Amendment violations."); *Raudelunas v. City of Vallejo,* 2022 WL 329200, at *8 (E.D. Cal. Feb. 3, 2022) (concluding the plaintiff failed to sufficiently allege a custom of excessive force where prior lawsuits involved ***dissimilar*** excessive-force allegations); *see also*, *Brown v. Cnty. Of San Bernardino*, 2021 WL 99722, at *5 (C.D. Cal. 2021) ("Although the FAC makes some cursory references to prior shootings . . . it fails to explain what happened, when, who was involved, any similarities to the facts here, or the Defendants' subsequent actions. These allegations are far from sufficient to establish a widespread practice or custom").

Because of the vague and conclusory nature of Plaintiff's allegations of these incidents, none appear similar to the case at bar.  Nor are 13 cases of unknown similarity in a span of 8 years against one of the largest counties in the United States

sufficient to support Plaintiff's claim.  *See*, *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir. 1989), overruled on other grounds by *Bull v. City & County of San Francisco*, 595 F.3d 964, 981 (9th Cir. 2010) ("[P]roof of random acts or isolated events are insufficient to establish custom.")  Plaintiff fails to allege how these cases concern the same training issue or the same policy, practice or custom that caused Plaintiff's alleged injury.

Moreover, the mere fact that Plaintiff alleges these are other lawsuits against the County, it still does not elevate them as sufficient for *Monell* liability. Specifically, "[u]nproven allegations made in other lawsuits" do not establish a jury-worthy *Monell* claim.  *Hays v. City of New York*, 2017 WL 782496, at *7 (S.D.N.Y. Feb. 28, 2017).   Even "[a]llegations of complaints about similar conduct [are] insufficient to state a claim for a widespread custom under *Monell* because 'the number of complaints filed, without more, indicates nothing,' as 'people may file a complaint for many reasons, or for no reason at all.'"  *Tieman v. City of Newburgh*, 2015 WL 1379652, at *1 (S.D.N.Y. Mar. 26, 2015) (quoting, *Strauss v. City of Chicago*, 760 F.2d 765, 768-69 (7th Cir. 1985)) (internal alteration marks omitted); *see Galban v. City of Fontana*, 2021 WL 1307722, at *2 (C.D. Cal. Apr. 7, 2021) ("The Court declines to construe unproven allegations in other pending cases concerning violations of unrelated civil rights as supporting an overarching City policy of indifference to the broad panoply of inhabitants' constitutional rights.") (citations omitted); *Woodhouse v. City of Mount Vernon*, 2016 WL 354896, at *7 (S.D.N.Y. Jan. 27, 2016) ("Because he presents no allegations other than the vague reference to other lawsuits, [plaintiff's] allegations fall short of establishing a facially plausible case that the City had a consistent custom of excessive force."); *Walker v. City of New York*, 2014 WL 1259618, at *3 (S.D.N.Y Mar. 18, 2014) (holding, where plaintiff alleged that ten similar complaints had been filed in previous ten years, that "[t]he paltry number of complaints (none resulting in an adjudication of liability),

---

**12**
**COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

1   spread over a period so long in a city so large, hardly suggests the frequency or

2   pervasiveness of the purported custom that is required to state a *Monell* claim");

3   *Collins v. City of New York*, 923 F. Supp. 2d 462, 479 (E.D.N.Y. 2013) (holding that

4   a "litany of other police misconduct cases" discussed in the plaintiff's complaint was

5   "insufficient to make a plausible case for *Monell* liability," because the complaints

6   "involve[d] something less (settlements without admissions of liability and unproven

7   allegations) than evidence of misconduct"); *Washington v. Borough*, 1993 WL

8   273418, at 1* (E.D. Pa. July 15, 1993) ("The citation to other lawsuits and newspaper

9   articles is insufficient to evidence that [an unconstitutional] policy or custom exists.");

10  *see Galban v. City of Fontana*, 2021 WL 1307722, at *2 (C.D. Cal. Apr. 7, 2021)

11  (dismissing *Monell* claim based on a "pattern" of unconstitutional conduct supported

12  by allegations of "eight past and pending civil rights lawsuits against the City and its

13  police" and "a civil rights watchdog's unfavorable rating of City police . . . " because

14  plaintiffs failed to "illustrate any City policy, custom, or practice pertaining to the

15  right . . . " plaintiffs alleged was violated).

16        Out of the 13 cases cited by Plaintiff, only 3 resulted in a verdict.  As the Court

17  is aware, many factors go into consideration of whether to settle a case, thus

18  settlements should not be given great weight as evidence of same/similar pattern or

19  practice.   Plaintiff's FAC does not contain any allegations that any of these

20  settlements included an admission of liability.

21        For these reasons as well as the other reasons stated herein, Plaintiff's Failure

22  to Train and Unconstitutional Policy, Practice or Custom *Monell* claims should be

23  dismissed.  *See* Fed. R. Civ. P. 12(b)(6).

## C.   <u>PLAINTIFF HAS NOT SUFFICIENTLY PLED HIS FAILURE TO TRAIN CLAIM</u>

26        Plaintiff's vague and conclusory allegations that the County failed to train its

27  employees is insufficient.  Plaintiff states generally the County's training policies

28

**COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION AND MOTION TO DISMISS**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

were not adequate to train its officers "to handle the usual and recurring situations with which they must deal," and otherwise the County failed to train its deputies on proper police tactics, proper use of force, proper use of deadly force, and proper detention and arrest procedures. (*See* FAC ¶¶ 61-62).

However, "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thomspon*, 563 U.S. 51, 61 (2011) (citation omitted). Failure to train may constitute a basis for *Monell* liability only where the failure amounts to "deliberate indifference" such that "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378, 387, 390 (1989). "In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Connick*, 563 U.S. at 61 (holding that county's failure to train prosecutors regarding *Brady v. Maryland*, 373 U.S. 83 (1963), did not constitute obvious deficiency because attorneys had attended law school and were charged with knowing the law).

This "stringent standard of fault" requires proof that "policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights." *Connick*, 563 U.S. at 61. "The training deficiency must be the "functional equivalent of a decision by the city itself to violate the Constitution." *Mitchell v. Cnty. of Contra Costa*, 600 F. Supp. 3d 1018, 1031 (N.D. Cal. 2022) citing *City of Canton*, 489 U.S. at 389 (1989).

Widespread systemic failures are required. "[T]hat a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training

1  program." *City of Canton*, 489 U.S. at 390-91 (citations omitted); *see Benavidez v.*

2  *Cnty. of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021) (dismissing "failure to train"

3  claim which is only supported "with a single incident.").

4        Plaintiff's allegations here are nothing more than fact-bare presumptions that

5  Defendant failed to provide adequate training without tying it into Plaintiff's actual

6  case.  It remains a mystery based on Plaintiff's FAC what actual failure to train led to

7  the incident.  It seems more likely that Plaintiff is claiming that there must be a failure

8  to train because Plaintiff was injured, however, the unsatisfactory training of one

9  deputy alone does not suffice to support liability.  More is required – widespread

10  failure to train.

11        For Plaintiff to sufficiently allege a *Monell* claim for liability, he must allege

12  sufficient facts that would put the municipality on actual or constructive notice that

13  their training program was inadequate.  The municipality cannot be on notice when

14  the allegations are only vague and conclusory that there is generally a failure to train

15  because of the aforementioned factually dissimilar lawsuits.

16        Plaintiff does not point to any specific facts as to how, when, or why the

17  Defendant's training was supposedly deficient or how it resulted in injury here.  *See*

18  *Herd v. Cnty. of San Bernardino*, 311 F. Supp. 3d 1157, 1168-69 (dismissing "failure

19  to train" claim where plaintiffs provided "no facts regarding the training the officers

20  received" and did "not explain why the training was inadequate); *Brown v. Cnty. of*

21  *San Bernardino*, 2021 WL 99722, at *6 (C.D. Cal. Jan. 8, 2021) ("Plaintiff provides

22  few if any facts explaining why that training was inadequate, nor does she sufficiently

23  support her conclusory assertion that the . . . County acted with deliberate

24  indifference."); *Maldonado*, 2019 WL 6139937, at *2 (dismissing "failure to train"

25  claim where "Plaintiff's conclusory allegations regarding the County's allegedly

26  insufficient training are bereft of any factual support.").

27        For the reasons stated above and the reasons in Part II.B. of this Motion,

28

**COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff's alleged other incidents in FAC ¶ 67 are not sufficient to support Plaintiff's *Monell* claim and the general allegations of failure to train, without stating a plausible failure to train and how the failure to train resulted in Plaintiff's injuries, Plaintiff's Failure to Train claim should be dismissed. *See* Fed. R. Civ. P. 12(b)(6).

## D.  **PLAINTIFF HAS NOT SUFFICIENTLY PLED HIS POLICY, PRACTICE AND/OR CUSTOM CLAIM**

Plaintiff does not cite any actual policy and further Plaintiff fails to allege any ***facts*** showing that any policy of the County of San Bernardino is unconstitutional. *See Herd*, 311 F. Supp. 3d at 1168 (*Monell* claim based on "policy and custom" dismissed where Plaintiffs "fail[ed] to allege any facts showing that any of [the] claimed policies or customs actually exist."); *Johnson v. Baca*, 2013 WL 12131358, at *13 (C.D. Cal. Sept. 24, 2013) (dismissing *Monell* claim where the complaint failed "to allege any facts showing the existence of this custom or practice" and did not "allege the substance of the County Defendants' current policy or explain why it is inadequate"); *Smith v. Stanislaus*, 2012 WL 253241, *4 (E.D. Cal. Jan. 26, 2012) ("[T]o sufficiently state a claim under *Monell*, plaintiff must allege facts establishing a policy, it is not enough simply to state that there is a policy.") (citations omitted). For the following reasons and the reasons stated above, Plaintiff's Sixth Claim cannot be maintained. *See* Fed. R. Civ. P. 12(b)(6).

A plaintiff wishing to assert a federal claim against a municipal defendant such as the County of San Bernardino must prove "(1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind his constitutional violation." *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1992).

A fatal flaw in Plaintiff's FAC, is that Plaintiff has not alleged sufficient facts demonstrating a particular policy, practice and/or custom amounted to "deliberate

indifference" that caused an alleged constitutional violation. *See Herd*, 311 F. Supp. at 1168 ("Merely alleging that 'Defendants acted with deliberate indifference' is conclusory and does not show that the alleged deficiencies were 'obvious and the constitutional injury was likely to occur.'") (internal citation omitted); *see also Maldonado v. County of Orange*, 2019 WL 6139937, at *2 (C. D. Cal. Aug. 29, 2019) (dismissing *Monell* claim based on "policy and custom" where "[t]he Complaint contains only sweeping allegations that the County's policies and practices generally empower excessive force, but 'Plaintiff[] fail[s] to allege any facts showing that any of these claimed policies or customs actually exist,' much less how they caused the specific use of force at issue here."); *Moore*, 2017 WL 10518114 at *3-4 (*Monell* claim dismissed: "Moore's Complaint falls short of the requirements for pleading a Monell claim. Rather than include specific factual allegations, paragraph 57 of Moore's Complaint sets forth a speculative list of various customs, policies, and practices that allegedly violated his Fourth Amendment and Fourteenth Amendment rights . . . Moore's list contains 'no allegations of underlying facts.' [Citation]. Therefore, Moore has failed to meet the Monell pleading standard.").

A plaintiff can meet the deliberate indifference standard in one of two ways: "[i]n some circumstances, the policy may be so facially deficient that any reasonable policymaker would recognize the need to take action." *Hyun Ju Park v. City and Cnty. of Honolulu*, 952 F.3d 1136, 1141 (9th Cir. 2020) citing *Board of County Com'rs of Bryan Cnty, Okl. v. Brown*, 520 U.S. 397, 409 (1997). "When that is the case, a plaintiff need point only to the policy itself to establish that the municipality's policymakers were on notice that the plaintiff's federally protected rights would likely be violated if they failed to act." *Hyun*, 952 F.3d at 1141 (citations omitted). "Alternatively, if the policy is not obviously, facially deficient, a plaintiff must ordinarily point to a pattern of prior, similar violations of federally protected rights, of which the relevant policymakers had actual or constructive notice." *Hyun*, 952

1    F.3d at 1142 citing *Connick v. Thompson*, 563 U.S. 51, 62 (2011).

2          Although the allegations in the complaint should be taken as true in ruling on a

3    Motion to Dismiss, "the Federal Rules do not require courts to credit a complaint's

4    conclusory statements without reference to its factual context." *Ashcroft v. Iqbal*, 556

5    U.S. 662, 686 (2009).  Plaintiff has not alleged a specific policy in order to allege the

6    policy is facially deficient.  Plaintiff's only allegations in his Sixth Claim are merely

7    conclusory, which Courts have held is not enough.  *See e.g. Lowrie v. Cnty. of*

8    *Riverside*, 2021 WL 470611, at *3 (C.D. Cal. July 19, 2021) (allegations of "a policy

9    permitting deputies to restrain individuals in a manner that would cause asphyxiation"

10   was "conclusory, devoid of specific facts or an explanation of the content of the

11   specific alleged policies."); *DeClue v. County of Alameda*, 2020 WL 6381356, *7

12   (N.D. Cal. Oct. 30, 2020) (Court found allegation that County of Alameda has a policy

13   of using undue influence, coercion and/or duress to cause Plaintiff to enter into

14   agreements to be conclusory).  Instead, the municipality must have a "'***deliberate***

15   policy, custom, or practice that was the 'moving force' behind the constitutional

16   violation he suffered.'"  *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1096 (9th Cir.

17   2013) quoting *Galen v. County of L.A.*, 477 F.3d 652, 667 (9th Cir. 2007).  All of the

18   allegations in FAC ¶¶ 74-77, 78(a)-(j), 79-82 suffer from the same deficiency, for

19   example in ¶ 78, Plaintiff makes general statements such as there is a "code of silence"

20   (¶ 78(i)), announcing that unjustified shootings are "within policy" (¶ 78(g)), County

21   does not objectively investigate complaints (FAC ¶ 79), illegal arrests and fabrication

22   of police reports is permissible (FAC ¶ 80), etc.  However, Plaintiff does not allege a

23   single allegation that such was the case with Mr. Wright that caused his injuries.

24   Another example is Plaintiff alleges that the preparation of investigative reports was

25   an unconstitutional policy, practice or custom, however, this cannot possibly be the

26   reason or cause for Plaintiff's injuries.  (*See* FAC ¶ 81).  Even taking this allegation

27   as true, this can be no more than an attempt to allege a ratification claim for failure to

28

**COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION AND MOTION TO DISMISS**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

discipline, which is already alleged in Plaintiff's Fourth Claim.  It is implausible that the County has an actual "policy of inaction" or "excessive force," for instance.  By Plaintiff alleging a laundry list of policies, practices, and/or customs, Defendant County is not on notice of what Plaintiff is alleging the County did that caused Mr. Wright's injuries.  For instance, Plaintiff does not even allege what lethal or less lethal force was used, just generally that it was used.

Plaintiff has merely stuffed his pleading with a list of speculative and legally inadequate allegations (*See* FAC ¶¶ 78(a)-(l), 79-82) without ever identifying the official policy that allegedly existed or any supporting facts, let alone how it ***caused*** a violation of Plaintiffs' civil rights.  *See e.g. Jackson v. Cnty. of San Bernardino*, 2023 WL 9066307, at *3 (C.D. Cal. Sept. 29, 2023) ("The FAC contains nothing more than sweeping conclusory statements sprinkled legal buzz words without any specific factual allegations about these 12 policies.  Take for example the allegations that the County has a policy of '[u]sing excessive and objectively unreasonable force,' or that it has a policy of '[p]roviding inadequate training regarding the use of force.'  [FAC ¶ 162(a)-(b)].  These allegations neither identify what the policy *is* nor allege any facts from which this Court can reasonably infer the *existence* of these policies.") (emphasis in original).

Plaintiff's Sixth Claim provides wholly conclusory allegations of a policy, practice and/or custom, devoid of sufficient facts showing any particular policy, practice and/or custom exists, much less that it was so facially deficient as to establish deliberate indifference.  Further, as previously stated in Part II.B. above, Plaintiff's attempt to establish a practice or custom by providing "incidents" with no support that these are similar to the case at bar fails.

For the reasons stated herein, Plaintiff's Sixth Claim for Unconstitutional Policy, Practice or Custom should be dismissed.  *See* Fed. R. Civ. P. 12(b)(6).

///

**COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

1    **III.    LEAVE TO AMEND SHOULD BE DENIED**

2    This is Plaintiff's First Amended Complaint, which was filed after meet and

3    confer attempts concerning Plaintiff's initial Complaint for the same reasons stated

4    herein.  Plaintiff will be unable to sufficiently plead any of the *Monell* claims; if

5    Plaintiff had sufficient allegations, he most certainly would have pled so by now.

6    Plaintiff's failure to state a viable claim warrants dismissal without leave to amend.

7    *See Destfino v. Reiswig,* 630 F.3d 952, 958 – 959 (9th Cir. 2011) (dismissal with

8    prejudice proper when "[p]laintiffs [have] had three bites at the apple, and [a trial]

9    court act[s] well within its discretion in disallowing a fourth."); *Rich v. Shrader*, 823

10   F.3d 1205, 1209 (9th Cir. 2016) (noting that district courts have "particularly broad,"

11   "wide discretion in granting or refusing leave to amend after the first amendment")

12   (internal quotation marks omitted).  Permitting another bite at the apple will only lead

13   to a more voluminous complaint with vague and conclusory allegations.

14   For all of the reasons stated herein, Plaintiff is unable to properly assert a

15   *Monell* claim and his Fourth, Fifth, and Sixth claims should be dismissed with

16   prejudice.

17   **IV.    CONCLUSION**

18   For the foregoing reasons, Defendant respectfully requests that the Court grant

19   its Motion as prayed and dismiss Plaintiff's Fourth, Fifth, and Sixth Claim in his First

20   Amended Complaint pursuant to Fed. R. Civ. Proc. 12(b)(6).

21

22   DATED:  August 12, 2024            **LYNBERG & WATKINS**
                                        A Professional Corporation

23

24

25                                      By:/s/ *Anita K. Clarke*
                                        **SHANNON L. GUSTAFSON**
26                                      **ANITA K. CLARKE**
                                        **AMY R. MARGOLIES**
27                                      Attorneys for Defendant,
                                        COUNTY OF SAN BERNARDINO
28

**20**
**COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION AND MOTION TO DISMISS**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

1
2

## <u>CERTIFICATE OF COMPLIANCE</u>

3       The undersigned, counsel of record for the County of San Bernardino

4  certifies that this brief contains 6,987 words, which:

5       √ complies with the word limit of L.R. 11-6.1.

6       ☐ complies with the word limit set by court order dated _____.

7
8
9  DATED:  August 12, 2024          **LYNBERG & WATKINS**
                                     A Professional Corporation
10
11
12                          By:  /s/ *Anita K. Clarke*
                                 **SHANNON L. GUSTAFSON**
13                               **ANITA K. CLARKE**
                                 **AMY R. MARGOLIES**
14                               Attorneys for Defendant,
                                 COUNTY OF SAN BERNARDINO
15
16
17
18
19
20
21
22
23
24
25
26
27
28