LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Hang D. Le, Esq. (SBN 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES WRIGHT,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>COUNTY OF SAN BERNARDINO; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No. 5:24-cv-01123-JLS-JC<br><br>*Honorable Josephine L. Staton*<br>*Hon. Mag. Judge Jacqueline Chooljian*<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT COUNTY OF SAN BERNARDINO'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date:　October 11, 2024<br>Time:　10:30 a.m.<br>Dept:　8A |

## I. INTRODUCTION

This civil rights action arises from the unlawful detention and use of excessive force against James Wright ("Plaintiff") by County of San Bernardino Sheriff's Deputies on June 7, 2022[1]. As a result of the detention and excessive use of force, Plaintiff suffered serious physical and emotional injuries. At the time of the use of deadly and nondeadly force against Plaintiff, Plaintiff did not pose a threat to anyone, including an imminent threat of death or serious bodily injury.

Defendant County of San Bernardino now brings this Motion to Dismiss *Monell* claims from Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated in this opposition, Plaintiff respectfully submits that he has fulfilled the pleading requirements of Federal Rule of Civil Procedure 8.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8, which "marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8 requires the plaintiff to make only (1) a short and plain statement of the court's jurisdiction, (2) a short and plain statement of the claim showing that the plaintiff is entitled to relief, and (3) a demand for judgment and relief. *Davis v. Passman*, 442 U.S. 228 (1979); *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003). Under federal notice pleading, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the

---

[1] The date of the incident was mistyped as June 7, 2021, in paragraph 17 of Plaintiff's First Amended Complaint but was correctly alleged as June 7, 2022, in paragraph 1 of the First Amended Complaint. Plaintiff has filed a Notice of Errata regarding this error.

allegations in the complaint." *Id*. at 563. In deciding whether a pleading states a plausible claim for relief, the court considers the complaint's factual allegations, "together with all reasonable inferences" from those allegations. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011); *Capogrosso v. Sup. Ct.*, 588 F.3d 180, 184 (3rd Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 662.

Further, under federal notice pleading, courts are liberal in construing complaints in favor of plaintiffs, and allegations of material fact are taken as true and construed in the light most favorable to the pleader. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1003-04 (9th Cir. 2008). In reviewing a dismissal for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6), the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the appellant. *N. Star Int'l v. Arizona Corp. Comm'n,* 720 F.2d 578, 580 (9th Cir. 1983). In *Conley v. Gibson*, 355 U.S. 41 (1957), the United States Supreme Court explained that dismissal for failure to state a claim should only be granted under narrow circumstances, and complaints should not be dismissed unless it appears beyond doubt that the plaintiff cannot prove any facts supporting her claim entitling her to relief. *Conley*, 355 U.S. at 45-46.

Civil rights actions are governed by the pleading requirements of Federal Rules of Civil Procedure 8. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). There is no heightened pleading requirement for civil rights cases, and the United States Supreme Court has repeatedly rejected attempts by the Courts of Appeals to impose heightened pleading requirements in civil rights cases. *Id*., *Leatherman v. Tarrant Cnty.*, 507 U.S. 163 (1993). To assert a claim under 42 U.S.C. § 1983, a plaintiff has an obligation to put the defendants and the court on notice of what

claims are raised in his or her complaint by properly alleging that she has been deprived a federal statutory or constitutional right by a person acting under color of state or local law. *Paratt v. Taylor*, 451 U.S. 527, 535 (1981).

## III. DISCUSSION

### A. Plaintiff's Allegations Regarding Prior Excessive Force Lawsuits are Sufficient to Allege Monell Liability

Common in Defendants' arguments to dismiss Plaintiff's Failure to Train claim and Unconstitutional Custom or Policy claim is the contention that the thirteen cases cited by Plaintiff as examples of the County's pervasive failure to provide adequate training to its deputies and evidence of unconstitutional custom or policy are not sufficient to support these claims. But the cases by Plaintiff are not "isolated incidents" as Defendant contends, but rather demonstrate a pattern of similar constitutional violations by San Bernardino County Sheriff's Deputies that support Plaintiff's Failure to Train and Unconstitutional Policy claims.

Defendant misreads Plaintiff's complaint in arguing that thirteen cited cases over a span of eight years is not enough to support Plaintiff's *Monell* claims. Plaintiff does not contend that there have *only* been thirteen cases with similar constitutional violations against County of San Bernardino Sheriff's Deputies, rather, Plaintiffs allege that the thirteen cited cases are "only a few examples of the continued conduct by sheriff's deputies working for the County of San Bernardino, which indicate the County of San Bernardino's failure to properly train its sheriff's deputies" (FAC ¶ 67) and "only a few examples of cases where San Bernardino County Sheriff's Department Deputies were not disciplined, reprimanded, retained, suspended, or otherwise penalized in connection with the underlying acts giving rise to [those] lawsuits, which indicates that COUNTY…maintains a practice of allowing such behavior…" (FAC ¶ 84), with the reasonable inference that other such similar incidents have occurred. *See United States v. Technic. Servs., Inc.*, 314 F.3d 1031, 1045 (9th Cir. 2002) ("The use of the phrase "such as" implies that the

ensuing list is not exhaustive, but is only illustrative."); *Sprowl v. City of Barstow*, Case No. EDCV 18-1720 JGB (KKx), 2018 WL 8058374, at *4-5 (C.D. Cal. Dec. 10, 2018) (citing *Caffaso, U.S. ex rel. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011)).

Moreover, contrary to Defendant's argument, Plaintiff is not simply listing allegations from other lawsuits with similar uses of force as evidence of the County's failure to train and unconstitutional practice, Plaintiff goes on to further show that those cases resulted in jury verdicts against the deputies or settlements in favor of the plaintiff(s), which courts have generally found to be sufficient evidence to support *Monell* liability in a Rule 12(b)(6) motion. *See, e.g., Spell v. McDaniel*, 824 F.3d 1380, 1400 (4th Cir. 1987) (holding that evidence of the city's settlement of an earlier police brutality action was properly admitted to show that the city was sufficiently aware of aggressive conduct by police officers); *United States v. Austin*, 64 F.3d 294, 400 7th Cir. 1995) (holding that evidence of a past settlement was admissible to show that defendant had notice that conduct was wrongful); *Estate of Osuna v. Cnty. of Stanislaus*, 392 F. Supp. 3d 1162, 1173-74 (E.D. Cal. 2019) (plaintiffs' citation of numerous cases in which defendants were either found liable or agreed to pay a substantial monetary sum to resolve excessive use of force claims against them was sufficient to plausibly allege the existence of an unconstitutional policy or custom); *see also J.M. v. Cnty. of Stanislaus*, 1:18-cv-01034-LJO-SAB, 2018 WL 5879725, at *5-6 (E.D. Cal. Nov. 7, 2018) (finding that the plaintiff's allegations of four prior specific instances involving use of excessive force showed the existence of unconstitutional policy or custom and that "[t]he fact that the alleged incidents do not include findings by a competent court that deputies used unconstitutional levels of force is not dispositive"); *NeSmith v. Cnty. of San Diego*, 15-cv-0629-JLS (JMA), 2016 WL 4729309, at *6 n.3 (S.D. Cal. Sept. 12, 2016) (rejecting argument "that prior judicial adjudicative findings…[of] constitutional violations…would be necessary to establish liability"); *Guevara v. Cnty. of Los*

*Angeles*, No. CV 14–08120 DDP (MANx), 2015 WL 224727, at *4 (C.D. Cal. Jan. 15, 2015) (identification of other cases to show a policy, custom or practice is enough to state a claim).

Lastly, while Defendant argues that all of Plaintiff's cited cases do not involve similar issues to the cause of Plaintiff's injuries in the case at bar, but only single out one jail case as dissimilar. This is because at least eleven of the cited cases do actually involve similar instances of excessive use of deadly and nondeadly force against nonthreatening subjects. This is core allegation at the heart of Plaintiff's claims. If the Court finds that it needs more facts for each case to judge whether they are similar in circumstance to this case, Plaintiff will do so with the Court's leave to amend.

Accordingly, the cases listed by Plaintiff in his Failure to Train and Unconstitutional Policy, Practice, or Custom claims are sufficient to support those claims.

B. <u>Plaintiff Has Sufficiently Pled His Fourth Claim for Municipal Liability – Failure to Train</u>

"[A] local governmental body may be liable if it has a policy of inaction and such inaction amounts to a failure to protect constitutional rights." *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). "A policy of inaction or omission may be based on failure to implement procedural safeguards to prevent constitutional violations." *Tsao v. Desert Place, Inc.*, 698 F.3d 1128, 1143 (9th Cir. 2012). A local government's failure to train its employees "may serve as the basis for § 1983 liability…where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton*, 489 U.S. at 388. Here, Plaintiff contends that this policy of inaction includes a failure to adequately train sheriff's deputies working for the County of San Bernardino. A plaintiff alleging a failure to train claim must show: (1) he was deprived of a constitutional right; (2) the municipality

had a training policy that "amounts to deliberate indifference to the [constitutional] rights of the persons with whom [its police officers] are likely to come into contact"; and (3) his or her constitutional injury would have been avoided had the municipality properly trained those officers. *Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir. 2007).

Here, Plaintiff has specifically alleged the failure to adequately train County of San Bernardino sheriff's deputies to avoid unlawful detentions and arrests and uses of excessive force. *See* FAC ¶ 62. Plaintiff has further alleged that the County of San Bernardino failed to train its sheriff's deputies regarding de-escalation, overreactions, proper police tactics such as situational awareness, and effective communication prior to and during the uses of force, all of which resulted serious injuries to Plaintiff. *See* FAC ¶¶ 65(a)-(e), 66. Moreover, by citing to at least eleven prior cases of alleged excessive force and deadly force and stating that these cases are "only a few examples of continued misconduct" by County of San Bernardino sheriff's deputies, Plaintiff has sufficiently pled that the County and its policymakers failed to implement adequate training despite being on actual or constructive notice that its training program was inadequate. Accordingly, Plaintiff has sufficiently pled specific facts to sustain a claim for municipal liability pursuant to the County of San Bernardino's failure to train. *See Johnson v. Shasta Cnty.*, 83 F. Supp. 3d 918, 931-32 (E.D. Cal. 2015).

    C. <u>Plaintiff Has Sufficiently Pled His Fifth Claim for Municipal Liability – Ratification</u>

Liability under a Section 1983 *Monell* theory may attach when a final policymaker ratifies a subordinate's unconstitutional action and the basis for it. *Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999); *see generally Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). For a ratification claim, a plaintiff must show that "authorized policymakers approve a subordinate's decision and the basis for it." *Christie*, 176 F.3d at 1239 (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112,

127 (1988) (plurality)); *see also Lytle v. Carl*, 382 F.3d 978, 987–88 (9th Cir. 2004) ("ratification requires both knowledge of the alleged constitutional violation, and proof that the policymaker specifically approved of the subordinate's act."); *Ulrich v. City & Cnty. of San Francisco*, 308 F.3d 968, 985 (9th Cir. 2002). Here, Plaintiff has pled sufficient facts to support his ratification claim. Plaintiff's First Amended Complaint alleges that a final policymaker "knew of and specifically approved (or will specifically approve of) Defendant DOE DEPUTIES' actions" (FAC ¶ 52) and "has determined (or will determine) that the acts of DOE DEPUTIES were "within policy" (FAC ¶53). *See Johnson*, 83 F. Supp. 3d at 933 (finding similar allegations sufficient to state a *Monell* claim against the municipality on the basis of ratification). Moreover, Plaintiff cites at least eleven similar excessive force cases in which Plaintiff alleges the involved officers were never disciplined, retrained, reprimanded or other penalized in connection with their uses of excessive force, and that these cases are "only a few example of cases… indicating that the County of San Bernardino routinely ratifies such behavior." (FAC ¶ 54). Accordingly, Plaintiff has sufficiently pled his ratification claim.

### D. Plaintiff Has Sufficiently Pled His Sixth Claim for Municipal Liability – Unconstitutional Custom or Policy

Plaintiff may establish liability under *Monell* by showing a constitutional violation caused by a policy, custom, or practice of the public entity. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). A policy is a formally adopted rule, statute or guideline adopted by a public entity. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986). A custom or practice are more informal in nature, and *Monell* liability may be imposed for a constitutional violation of resulting from persistent yet informal conduct of public employees. *Shaw v. California Dept. of Alcoholic Beverage Control*, 788 F.2d 600 (9th Cir. 1986) (pattern of police misconduct for repeated discriminatory law enforcement acts against black bar owners). *Monell* liability may also be based on a policy of inaction that amounts to a failure to protect

constitutional rights. *City of Canton*, at, 388; *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992).

A policy may be inferred from the conduct of a municipality after an incident when no steps are taken to reprimand or otherwise take action in response to egregious conduct. *McRorie v. Shimoda*, 795 F.2d 780, 784 (9th Cir. 1986) (citing *Grandstaff v. City of Borger, Texas*, 767 F.2d 161, 171 (5th Cir. 1985)). The "subsequent acceptance of dangerous recklessness by the policymaker tends to prove his preexisting disposition and policy," and where there is no indication that the municipality took any action, besides attempting to avoid liability in response to dangerous conduct, it is reasonable to infer that such conduct is in accordance with a policy. *Grandstaff*, 767 F.2d at 171. The complaint need only allege "the policy or custom itself ... in general terms" as "[i]t is a rare plaintiff who will have access to the precise contours of a policy or custom prior to having engaged in discovery, and requiring a plaintiff to plead its existence in detail is likely to be no more than an exercise in educated guesswork." *Estate of Osuna*, 392 F. Supp. 3d at 1174, 1175 (citations omitted).

Here, Plaintiff has alleged sufficiently specific facts to support a claim of unconstitutional custom or policy, including but not limited to the County employing and retaining officers that the County knew had dangerous propensities for using excessive force, inadequately supervising, training and disciplining its sheriff's deputies for their use of excessive force, maintaining grossly inadequate procedures for reporting, supervising, reviewing, and disciplining misconduct by its sheriff's deputies, finding unjustified shootings to be "within policy," including shootings that were later determined in court to be unconstitutional, maintaining a practice of inaction and indifference to the rising number of police shootings and use of excessive force, and failing to objectively investigate complaints of excessive uses of force. *See* FAC ¶¶ 78(a)-(j), 79. Plaintiffs further allege that these policies and customs led sheriff's deputies to believe that excessive uses of force to be

permissible and would be permitted by the County and thus, were "the driving force that caused the DOE DEPUTIES to use excessive force against Plaintiff." FAC ¶ 80. Moreover, at least eleven the cases cited by Plaintiff in which officers engaged in similar uses of excessive force against nonthreatening suspects provide further support of the County's acceptance of such conduct. Accordingly, these allegations are sufficient to support a *Monell* claim for unconstitutional custom or policy.

## IV. IF THE COURT FINDS BASIS TO GRANT TO DEFENDANT'S MOTION TO DISMISS, LEAVE TO AMEND SHOULD BE GRANTED

After the parties met and conferred regarding Defendant's Motion to Dismiss, Plaintiff filed his First Amended Complaint, adding allegations to his *Monell* claims in good faith and on the belief that these additional allegations are sufficient to support those claims, as discussed above. However, should the Court find the allegations to be insufficient, Plaintiff requests leave to amend his Complaint to address any deficiencies that the Court may find.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny County of San Bernardino's Motion to Dismiss Plaintiff's First Amended Complaint in its entirety. Should the Court find the current allegations to be lacking, Plaintiff respectfully requests leave to amend the complaint.

DATED:  September 20, 2024    LAW OFFICES OF DALE K. GALIPO

By  */s/ Hang D. Le*
Dale K. Galipo
Hang D. Le
Attorneys for Plaintiff

-9-
PLAINTIFF'S OPPOSITION TO DEFENDANT COUNTY'S MOTION TO DISMISS FIRST AMENDED COMPLAINT