SHANNON L. GUSTAFSON (SBN 228856)
sgustafson@lynberg.com
AMY R. MARGOLIES (SBN 283471)
amargolies@lynberg.com
ANITA K. CLARKE (SBN 321015)
aclarke@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite #1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendant, COUNTY OF SAN BERNARDINO

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WRIGHT,<br><br>    Plaintiff,<br><br>    vs.<br><br>CITY OF SAN BERNARDINO; and DOES 1-10, inclusive,<br><br>    Defendants. | CASE NO. 5:24-cv-1123-JLS-JC<br><br>*Assigned for All Purposes to: Honorable Josephine L. Staton*<br><br>*Courtroom 8A*<br><br>**DEFENDANT COUNTY OF SAN BERNARDINO'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date:        October 11, 2024<br>Time:        10:30 a.m.<br>Dept.:        8A<br><br>*Complaint filed: 5/28/24* |

1

# TABLE OF CONTENTS

I.      PRELIMINARY STATEMENT..................................................................7

II.     PLAINTIFF'S ALLEGATIONS REGARDING PRIOR EXCESSIVE FORCE LAWSUITS ARE INSUFFICIENT TO ESTABLISH MONELL LIABILITY .............................................................8

III.    PLAINTIFF'S MONELL CLAIMS REMAIN INSUFFICIENTLY PLED ......................................................................................................8

        A.      PLAINTIFF FAILS TO STATE A MONELL CLAIM FOR RATIFICATION...............................................................10

        B.      PLAINTIFF FAILS TO STATE A MONELL CLAIM FOR FAILURE TO TRAIN ...............................................12

        C.      PLAINTIFF FAILS TO STATE A MONELL CLAIM FOR UNCONSTITUTIONAL POLICY, PRACTICE AND/OR CUSTOM ..........................................................................14

IV.     THE COURT SHOULD DENY LEAVE TO AMEND ...........................17

V.      CONCLUSION .........................................................................................19

DEFENDANT COUNTY OF SAN BERNARDINO'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS [Etc.]

## <u>TABLE OF AUTHORITIES</u>

Page(s)

Cases

*A.B. v. City of Santa Ana*,
　2019 WL 1578380 (C.D. Cal. 2019) ....................................................14

*Adickes v. S.H. Kress & Co.*,
　398 U.S. 144 (1970)............................................................................15

*AE ex rel. Hernandez v. Cnty. of Tulare*,
　666 F.3d 631 (9th Cir. 2012) ...............................................................9

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009)..............................................................................9

*Barbosa v. Shasta Cty.*,
　2021 WL 1634446 (E.D. Cal. Apr. 26, 2021) .....................................11

*Bennett v. City of Slidell*,
　728 F.2d 762 (5th Cir.1984) ...............................................................15

*Brown v. Cnty. of San Bernardino*,
　2021 WL 99722 (C.D. Cal. 2021) ...............................................13, 17

*Canton*,
　489 U.S., 109 S.Ct. 1197 ..........................................................9, 10, 12

*Castro v. County of Los Angeles*,
　833 F.3d 1060 (9th Cir. 2016) ..............................................................9

*Chaset v. Fleer/Skybox Int'l*,
　300 F.3d 1083 (9th Cir. 2002) ............................................................18

*City of St. Louis v. Praprotnik*,
　485 U.S. 111 (1988)............................................................................15

*City of Vallejo*,
　2021 WL 1839717 (E.D. Cal. May 6, 2021) .......................................11

**DEFENDANT COUNTY OF SAN BERNARDINO'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS [Etc.]**

*Clouthier v. County of Contra Costa*,
    591 F.3d 1232 (9th Cir. 2010) ........................................................................9, 10

*Connick v. Thompson*,
    563 U.S. 51 (2011)......................................................................................14

*Dougherty v. City of Covina*,
    654 F.3d 892 (9th Cir. 2011) ......................................................................12

*Estate of Osuna v. Cnty. of Stanislaus*,
    392 F. Supp. 3d 1162 (E.D. Cal. 2019) ..................................................15, 16

*Gillette v. Delmore*,
    979 F.2d 1342 (9th Cir. 1992) ....................................................................11

*Gordon v. City of Oakland*,
    627 F.3d 1092 (9th Cir. 2010) ....................................................................18

*Harper v. City of Los Angeles*,
    533 F.3d 1010 (9th Cir. 2008) ....................................................................14

*Herd v. Cnty. of San Bernardino*,
    311 F. Supp. 3d 1157 (C.D. Cal. 2018) ..................................................10, 13

*Johnson v. Baca*,
    2013 WL 12131358 (C.D. Cal. Sept. 24, 2013) .........................................16

*Johnson v. Shasta County*,
    83 F. Supp. 3d 918 (E.D. Cal. 2015) ......................................................11, 12

*Lassiter v. City of Bremerton*,
    556 F.3d 1049 (9th Cir. 2009) ....................................................................11

*Lucero v. Cty. of Orange*,
    2021 WL 1034861 (C.D. Cal. 2021) ...........................................................14

*Lytle v. Carl*,
    382 F.3d 978 (9th Cir. 2004) ......................................................................10

*Maldonado v. County of Orange*,
    2019 WL 6139937 (C.D. Ca. 2019) ............................................................13

*Merritt v. Cnty. of L.A.*,
    875 F.2d 765 (9th Cir. 1989) ......................................................................12

**4**

**DEFENDANT COUNTY OF SAN BERNARDINO'S REPLY TO
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS [Etc.]**

*Mitchell v. Cnty. of Contra Costa*,
  600 F. Supp. 3d 1018 (N.D. Cal. 2022)...................................................10

*Moore v. Kayport Package Express, Inc.*,
  885 F.2d 531 (9th Cir. 1989) ...............................................................18

*Mortimer v. Baca*,
  594 F.3d 714 (9th Cir. 2010) ...............................................................10

*Nguyen v. Cnty. of Orange*,
  2023 WL 4682301 (C.D. Cal. June 8, 2023)........................................10

*Nowak v. United States*,
  795 F.3d 1012 (9th Cir. 2015) .............................................................18

*Nunes v. Ashcroft*,
  375 F.3d 805 (9th Cir. 2004) ...............................................................18

*Oliver v. Ralphs Grocery Co.*,
  654 F.3d 903 (9th Cir. 2011) ...............................................................13

*Rich v. Shrader*,
  823 F.3d 1205 (9th Cir. 2016) .............................................................18

*Rindlisbacher v. Steinway & Sons Inc.*,
  497 F. Supp. 3d 479 (D. Ariz. 2020) ...................................................13

*Rodriguez v. City of Modesto*,
  535 Fed. App'x. 643 (9th Cir. 2013) ......................................................9

*Smith v. Stanislaus*,
  2012 WL 253241 (E.D. Cal. Jan. 26, 2012)........................................16

*Starr v. Baca*,
  652 F.3d 1202 (9th Cir. 2011) ...............................................................9

*Steckman v. Hart Brewing, Inc.*,
  143 F.3d 1293 (9th Cir. 1998) .............................................................18

*Townsend v. Univ. of Alaska*,
  543 F.3d 478 (9th Cir. 2008) ...............................................................18

*Trevino v. Gates*,
  99 F.3d 911 (9th Cir. 1996) ...................................................................7

**DEFENDANT COUNTY OF SAN BERNARDINO'S REPLY TO
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS [Etc.]**

*Tsao v. Desert Palace, Inc.*,
    698 F.3d 1128 (9th Cir. 2012) ................................................................. 14

*Ulloa v. Prince George's County*,
    No. CV DKC 15-0257, 2015 WL 7878956 (D. Md. Dec. 4, 2015) ...................... 16

*Van Ort v. Estate of Stanewich*,
    92 F.3d 831 (9th Cir. 1992) ................................................................. 17

*Via v. City of Fairfield*,
    833 F. Supp. 2d 1189 (E.D. Cal. 2011) ................................................. 9

Rules

Fed. R. Civ. P. 8 .......................................................................... 13

Fed. R. Civ. P.8 and 12(b)(6)……………………………………………………………… 19

Other Authorities

Model Civ. Jury Instr. 9th Cir. 9.7 ............................................... 10

_____

**DEFENDANT COUNTY OF SAN BERNARDINO'S REPLY TO
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS [Etc.]**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    PRELIMINARY STATEMENT

Plaintiff James Wright's ("Plaintiff") Opposition to Defendant County of San Bernardino's ("County") Motion to Dismiss Plaintiff's First Amended Complaint fails to effectively refute the fact that Plaintiff's *Monell* claims are insufficiently pled.

First, Plaintiff has failed to cite sufficiently similar cases to the case at hand. Each of the cases cited lacks the requisite factual allegations necessary for the Court to determine whether the cases are, in fact, similar to the instant case.

Second, Plaintiff's ratification claim fails as Plaintiff has failed to allege sufficient facts that a final policymaker ratified an action of a certain subordinate that was "causally related to the constitutional deprivation." *See Segura v. City of La Mesa*, 647 F. Supp. 3d (S.D. Cal. 2022) (citing *Trevino v. Gates*, 99 F.3d 911, 918 n.2 (9th Cir. 1996).

Third, Plaintiff's failure to train claim fails as Plaintiff has not established that there is a widespread failure to train by the County, that the County's training policies are inadequate, or that the training policies are the cause of Plaintiff's injuries. Plaintiff has further failed to establish that the County's alleged deficient training policies rise to the level of deliberate indifference necessary to assert this claim.

Fourth, Plaintiff's unconstitutional policy, practice, and/or custom claim fails as Plaintiff has failed to allege sufficient facts to show that the County had a widespread policy, practice and/or custom that was the moving force behind Plaintiff's injuries.

Plaintiff should not be granted leave to amend after having failed to correct the deficiencies in the pleading after multiple opportunities to do so without the Court's intervention. It is clear that the pleading cannot be cured, and amendment would be futile.

For all of these reasons, and those stated herein, the County respectfully

7

**DEFENDANT COUNTY OF SAN BERNARDINO'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS [Etc.]**

1  requests that the Court dismiss Plaintiff's Fourth, Fifth, and Sixth claims without
2  leave to amend.

3  **II.**   **PLAINTIFF'S ALLEGATIONS REGARDING PRIOR EXCESSIVE**
4          **FORCE LAWSUITS ARE INSUFFICIENT TO ESTABLISH**
5          **MONELL LIABILITY**

6          The lawsuits cited in the FAC to establish *Monell* liability fail to include any
7  facts that would indicate that the factual situations are similar to the instant case.
8  Instead, Plaintiff broadly asserts that the included cases "actually involve similar
9  instances of excessive use of deadly and nondeadly force against nonthreatening
10  subjects." Opp'n at 5:7-8. This generic assertion and the lawsuits cited do not allow
11  the Court to discern whether these lawsuits are for similar conduct, policies or failure
12  to train, or support Plaintiff's claim for ratification. As offered, the cases cited are not
13  similar to the instant case as there is no link to any allegedly same policy, practice,
14  custom, or failure to train.

15         While Plaintiff asserts that some of the cases cited returned jury verdicts or
16  settlements, there is no indication that the *Monell* claims were successful. Plaintiff
17  cannot blankety refer to cases in hopes that they are sufficiently similar without
18  having the requisite facts.

19         Instead of curing the deficiencies prior to Court intervention, Plaintiff asserts
20  that he will add "more facts for each case to judge whether they are similar in
21  circumstance to this case" with leave to amend. Opp'n at 5:9-11. However, Plaintiff
22  has already had two opportunities to rectify this shortcoming and has failed to do so.
23  Further, many of the cases cited by Plaintiff with the minimal facts alleged, show they
24  are factually dissimilar, such as the jail cases. Thus, leave to amend should be denied.

25  **III.**  **PLAINTIFF'S MONELL CLAIMS REMAIN INSUFFICIENTLY**
26          **PLED**

27         Plaintiff's FAC remains factually deficient to state a claim under *Monell*.
28

**DEFENDANT COUNTY OF SAN BERNARDINO'S REPLY TO**
**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS [Etc.]**

Since *Iqbal*, courts have rejected conclusory *Monell* allegations that lack factual content from which one could plausibly infer *Monell* liability. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *see e.g.*, *Rodriguez v. City of Modesto*, 535 Fed. App'x. 643, 646 (9th Cir. 2013) (unpublished) (affirming district court's dismissal of Monell claim based only on conclusory allegations and lacking factual support); *Via v. City of Fairfield*, 833 F. Supp. 2d 1189, 1196 (E.D. Cal. 2011) (collecting cases). *In AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012), the Ninth Circuit held that pleadings in a case involving Monell claims are subject to the standard set forth in *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011). In *Starr*, the Ninth Circuit held that allegations in a complaint cannot simply recite the elements of a cause of action, "but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr*, 652 F.3d at 1216. The allegations must also plausibly suggest an entitlement to relief, "such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

A plaintiff who sets forth a *Monell* claim against an entity defendant must show that the entity acted with deliberate indifference to the constitutional rights of the plaintiff in adhering to a policy or custom or by acts of omission. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1068–69 (9th Cir. 2016) (quoting *Canton*, 489 U.S. at 392, 109 S.Ct. 1197); *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010). The Ninth Circuit has held that an objective standard of notice applies to *Monell* claims. *See Castro*, 833 F.3d at 1076.

The objective deliberate indifference standard is met when a "plaintiff [ ] establish[es] that the facts available to [entity] policymakers put them on actual or constructive notice that the particular omission is substantially certain to result in the violation of the constitutional rights of their citizens." *Id.* (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989)) (emphasis added). Municipal liability cannot be

1  premised on respondeat superior and it is not sufficient for a plaintiff to merely point
2  to something that the city could have done to prevent the incident. *Clouthier v. County*
3  *of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010) (citing *Canton*, 489 U.S. at 392,
4  109 S.Ct. 1197). A municipality is deliberately indifferent when the need for more or
5  different action is "so obvious, and the inadequacy [of the current procedure] so likely
6  to result in the violation of constitutional rights, that the policymakers . . . can
7  reasonably be said to have been deliberately indifferent to the need." *Canton*, 489
8  U.S. at 390; *Mortimer v. Baca*, 594 F.3d 714, 723 (9th Cir. 2010).

9     Here, Plaintiff has not established, or effectively argued, that the pleadings can
10 survive a motion to dismiss as the allegations are factually deficient to state a claim
11 for *Monell*.

12     A.     **PLAINTIFF FAILS TO STATE A MONELL CLAIM FOR**
13            **RATIFICATION**

14     Plaintiff's FAC lacks the requisite factual allegations necessary to assert a
15 claim for ratification. "[P]laintiff[s] must include factual allegations about actions that
16 policymakers took in connection with their 'approval' of the misconduct that would
17 support an inference that they actually ratified the [ ] alleged misconduct." *Nguyen v.*
18 *Cnty. of Orange*, 2023 WL 4682301, at *3 (C.D. Cal. June 8, 2023) (quoting *Mitchell*
19 *v. Cnty. of Contra Costa*, 600 F. Supp. 3d 1018, 1033 (N.D. Cal. 2022)).

20     To establish *Monell* liability via ratification, a plaintiff must allege that a final
21 policymaker "knew of and specifically made a deliberate choice to approve" a
22 constitutional violation. *See* Model Civ. Jury Instr. 9th Cir. 9.7 (2020); *Herd v. Cnty.*
23 *of San Bernardino*, 311 F. Supp. 3d 1157, 1168 (C.D. Cal. 2018) ("The policymaker
24 must have knowledge of the constitutional violation and actually approve of it.")
25 (citing *Lytle v. Carl*, 382 F.3d 978, 987 (9th Cir. 2004)). A singular decision by a
26 policymaker may be sufficient to trigger Section 1983 liability "even though the
27 decision is not intended to govern future situations, but the plaintiff must show that

28

1    the triggering decision was the product of a 'conscious, affirmative choice'
2    to ratify the conduct in question." *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1055
3    (9th Cir. 2009) (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1347 (9th Cir. 1992))
4    (citations omitted).

5        Plaintiff cites *Johnson v. Shasta County*, 83 F. Supp. 3d 918 (E.D. Cal. 2015)
6    to argue that his conclusory allegations are sufficient, however a reading of that case
7    demonstrates that the plaintiff's factual allegations include more detail than Plaintiff's
8    FAC and are not, in fact, similar to Plaintiff's allegations. Specifically, the plaintiff in
9    that case included factual allegations, such as "the details of this incident have been
10   revealed . . . ." and that the "authorized policy makers within [Sutton County] have
11   shown affirmative agreement with each individual [d]efendant . . . ." *Id.* at 933.

12       In the instant case, Plaintiff has not pled any factual allegations but has merely
13   recited threadbare elements for ratification. FAC ¶ 52. Plaintiff's allegations do not
14   state with specificity any facts that would render his claim for ratification viable.
15   Plaintiff does not identify any policymakers who allegedly ratified such conduct, nor
16   does Plaintiff include any relevant facts to substantiate his claim that unconstitutional
17   acts were ratified. Plaintiff's FAC does not include any facts that indicate a
18   policymaker "knew and/or reasonably should have known" about any alleged
19   constitutional violations. *See e.g.*, *Thurston v., City of Vallejo*, 2021 WL 1839717 at
20   *6 (E.D. Cal. May 6, 2021); *Barbosa v. Shasta Cty.*, 2021 WL 1634446, at *5 (E.D.
21   Cal. Apr. 26, 2021).

22       Indeed, Plaintiff maintains that his generic and conclusory allegations are
23   sufficient and fails to even address the fact that the FAC includes questionable
24   language that conduct by a policymaker may not even have occurred. Plaintiff has
25   included language such as "or will ratify" and "or will specifically approve of,"
26   indicating that the acts have not even occurred yet. FAC ¶ 52. It is not permissible for
27   Plaintiff to base claims on actions which have not even occurred.

28

**DEFENDANT COUNTY OF SAN BERNARDINO'S REPLY TO**
**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS [Etc.]**

1   For these reasons, Plaintiff has failed to state a *Monell* claim for ratification and

2   the cause of action should be dismissed.

3   **B.    PLAINTIFF FAILS TO STATE A MONELL CLAIM FOR**

4   **FAILURE TO TRAIN**

5   To state a claim for failure to train, a plaintiff must show (1) "the existing

6   training program" is inadequate "in relation to the tasks the particular officers must

7   perform"; (2) the officials have been deliberately indifferent "to the rights of persons

8   with whom the police come into contact"; and (3) the inadequacy of the training

9   "actually caused the deprivation of the alleged constitutional right." *Johnson v. Shasta*

10  *County*, 83 F. Supp. 3d (E.D. Cal. 2015) (quoting *Merritt v. Cnty. of L.A.*, 875 F.2d

11  765, 770 (9th Cir. 1989).

12  "[T]he need for more or different training [must be] so obvious, and the

13  inadequacy so likely to result in the violation of constitutional rights, that

14  policymakers . . . can reasonably be said to have been deliberately indifferent to the

15  need." *City of Canton v. Harris*, 489 U.S. 378, 388, 390 (1989). Mere negligence in

16  training or supervision, however, does not give rise to a *Monell* claim. *Dougherty v.*

17  *City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).

18  While Plaintiff has used generic language to assert alleged training policies are

19  deficient, Plaintiff has failed to include any facts necessary to substantiate his claims

20  of deliberate indifference with respect to the incident at issue. Plaintiff broadly asserts

21  that the County was deliberately indifferent to the obvious consequences of its failure

22  to train its police officers adequately, and follows that up with "[s]pecifically, the

23  COUNTY failed to adequately train DOE DEPUTIES with respect to detentions and

24  arrests, tactics . . . ." FAC, ¶ 62. Such an allegation is woefully deficient as Plaintiff

25  pleads no facts regarding how the County failed to train its police officers, what sort

26  of training would be appropriate for these situations, or why the existing training was

27  inadequate. Plaintiff merely lists in vague terms the alleged deficient training policies.

28

**DEFENDANT COUNTY OF SAN BERNARDINO'S REPLY TO**
**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS [Etc.]**

1    Besides the above, Plaintiff has not pled with any *specificity*, any inadequate

2    training or any "deliberate indifference" on the part of the County to the rights of

3    persons that officers were likely to encounter. Merely asserting that he pled sufficient

4    facts to satisfy his pleading burden does not make it so. *See, Rindlisbacher v. Steinway*

5    *& Sons Inc.*, 497 F. Supp. 3d 479, 490 (D. Ariz. 2020) ("vague and generic

6    allegations" are insufficient to avoid dismissal, and "to hold otherwise would read the

7    fair notice requirement out of [Fed. R. Civ. P.] 8") (citing *Oliver v. Ralphs Grocery*

8    *Co.*, 654 F.3d 903, 908-909 (9th Cir. 2011)).

9    Plaintiff's Opposition fails to point the Court to any specific allegations in the

10   FAC of a specific County training issue, and instead asserts that his conclusory

11   allegations in paragraphs 65(a)-(e) and 66 meet the requisite standard. *See* FAC ¶¶

12   65(a)-(e), 66. This is not enough. *See e.g.*, *Herd v. County of San Bernardino*, 311 F.

13   Supp. 3d 1157, 1168-1169 (C.D. Cal. 2018) (dismissing "failure to train" claim where

14   plaintiffs provided "no facts regarding the training the officers received" and did "not

15   explain why the training was inadequate); *Brown v. Cnty. of San Bernardino*, 2021

16   WL 99722, at *6 (C.D. Cal. 2021) ("Plaintiff provides few if any facts explaining why

17   that training was inadequate, nor does she sufficiently support her conclusory

18   assertion that the . . . County acted with deliberate indifference."); and *Maldonado v.*

19   *County of Orange*, 2019 WL 6139937, at *2 (C.D. Ca. 2019) (dismissing "failure to

20   train" claim where "Plaintiff's conclusory allegations regarding the County's

21   allegedly insufficient training are bereft of any factual support.").

22   As such, Plaintiff has failed to adequately plead that the County and its policy

23   makers failed to implement adequate training while being on actual or constructive

24   notice that its training program was inadequate.

25   ///

26   ///

27   ///

28

**13**
**DEFENDANT COUNTY OF SAN BERNARDINO'S REPLY TO**
**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS [Etc.]**

## C.    PLAINTIFF FAILS TO STATE A MONELL CLAIM FOR UNCONSTITUTIONAL POLICY, PRACTICE AND/OR CUSTOM

Plaintiff's opposition fails to set forth a viable argument that the claims in the FAC are sufficient to plead a cause of action for unconstitutional policy, practice, and/or custom.

When no formal governmental policy is at issue, a Section 1983 Plaintiff faces additional requirements and must allege that the practices complained of are "so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). In these cases, the custom "must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Lucero v. Cty. of Orange*, 2021 WL 1034861, at *2 (C.D. Cal. 2021); *A.B. v. City of Santa Ana*, 2019 WL 1578380, at *4 (C.D. Cal. 2019) ("Plaintiffs do not allege any specific facts showing that Defendants had an ongoing policy or practice that resulted in ___**widespread** **violations**___ of constitutional rights. Plaintiff does not point to any further alleged incidents of Fourth Amendment excessive force, unreasonable seizure, or unlawful search other than the July 21, 2017 incident that gave rise to this action. Plaintiffs 'bare assertion' that Defendants have an ongoing unlawful policy or practice, without more, does not suffice to state a claim for relief. [Citation]. Accordingly, Defendants' Motion to Dismiss Plaintiffs' fourth claim is GRANTED WITH PREJUDICE.") (emphasis added).

To prove a claim for municipal liability based on a policy, custom, or practice, a plaintiff must "demonstrate that an 'official policy, custom, or pattern' on the part of [the defendant] was 'the actionable cause of the claimed injury.'" *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1143 (9th Cir. 2012) (quoting *Harper v. City of Los Angeles*, 533 F.3d 1010, 1022, 1026 (9th Cir. 2008)). "[A] plaintiff may be able to

1   prove the existence of a widespread practice that, although not authorized by written
2   law or express municipal policy, is 'so permanent and well settled as to constitute
3   a custom or usage with the force of law.'" *City of St. Louis v. Praprotnik*, 485 U.S.
4   111, 127 (1988) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-68 (1970)).
5   However, liability for improper custom may not be predicated on isolated or sporadic
6   incidents; it must be founded upon practices of sufficient duration, frequency and
7   consistency that the conduct has become a traditional method of carrying
8   out policy. *See Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir.1984).

9        Plaintiff lists alleged policies of the County in general terms and asserts that it
10  is the policy, custom, and practice of the County to "<u>not</u> objectively investigate
11  complaints of previous incidents of wrongful shootings, excessive use of force,
12  including deadly force, illegal arrests, falsification of police reports, and instead, to
13  officially claim that such incidents are justified and proper. FAC ¶ 79. Not only does
14  Plaintiff assert the County had unconstitutional policies in general terms, Plaintiff also
15  fails to indicate how these alleged policies caused Plaintiff's injuries.

16       Plaintiff cites to *Osuna* to argue that the "complaint need only allege 'the policy
17  or custom itself . . . in general terms' as '[i]t is rare plaintiff who will have access to
18  the precise contours of a policy or custom prior to having engaged in discovery, and
19  requiring a plaintiff to plead its existence in detail is likely to be no more than an
20  exercise in educated guesswork.'" Opp'n at 8:11-16 (citing *Estate of Osuna v. Cnty.
21  of Stanislaus*, 392 F. Supp. 3d 1162, 1174-1175 (E.D. Cal. 2019)). Plaintiff grossly
22  overestimates the applicability of *Osuna*.

23       The recognition of *Osuna* relates to the "precise contours," or "details" of the
24  custom or policy: "[t]he court concludes that the details of the alleged policy or
25  custom, however, is a topic properly left to development through discovery." *Osuna*,
26  392 F. Supp. 3d at 1174-75 (emphasis added). The *Osuna* court also noted that "[a]s
27  one district court has thoughtfully concluded, a complaint alleging a Monell claim

28

**DEFENDANT COUNTY OF SAN BERNARDINO'S REPLY TO
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS [Etc.]**

must 'pair general averments of a policy or custom with particular examples.'" *Osuna*, 392 F. Supp. 3d at 1175 (quoting *Ulloa v. Prince George's County*, No. CV DKC 15-0257, 2015 WL 7878956, at *6 (D. Md. Dec. 4, 2015)). The court then held that "[t]hus, although factual allegations of the complaint must plausibly allege the existence of a policy or custom that was the moving force behind the constitutional violation at issue, the policy or custom itself need only be alleged in general terms." *Osuna*, 392 F. Supp. 3d at 1175.

The *Osuna* court found the plaintiff there had "identified multiple prior instances of alleged misconduct by Stanislaus County and the Sheriff's Department in the complaint," that additionally "the complaint alleges that these actions occurred due to either a lack of training, or a policy of employing excessive and unreasonable force," and "[t]hese descriptions of the policies and customs at issue, although not particularly detailed, are sufficient at this stage of the litigation to place defendants on notice of the nature of the claims against them and allow them to prepare an adequate defense." *Id.* Specifically, as noted earlier in the opinion, "[a]s examples of previous incidents involving excessive use of force by Stanislaus County and Sheriff's Department employees, plaintiffs point to numerous prior cases in which defendants were either found liable or agreed to pay a substantial monetary sum to resolve excessive use of force claims brought against them." *Id.* at 1173.

Here, Plaintiff has not paired general averments of a policy or custom with particular examples. *Ulloa v. Prince George's County*, No. CV DKC 15-0257, 2015 WL 7878956, at *6 (D. Md. Dec. 4, 2015). Plaintiff has failed to allege any facts showing the existence of such customs or practices and has also failed to explain why the hiring policies, or other investigative policies listed are inadequate and how theY were the moving force behind Plaintiff's injuries. *Johnson v. Baca*, 2013 WL 12131358, at *13 (C.D. Cal. Sept. 24, 2013); *Smith v. Stanislaus*, 2012 WL 253241, *4 (E.D. Cal. Jan. 26, 2012). In sum, Plaintiff's unconstitutional policy claim is a

**DEFENDANT COUNTY OF SAN BERNARDINO'S REPLY TO
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS [Etc.]**

1    poorly cloaked ratification claim.

2         While Plaintiff states that the County's alleged policies, practices, and customs

3    "were significantly influential force behind the injuries of Plaintiff," there are no facts

4    demonstrating that Plaintiff's alleged constitutional deprivation was the result of the

5    County's alleged policy, practice, or custom. FAC ¶ 85. Instead, Plaintiff lists a

6    handful of alleged policies held by the County but fails to include the requisite facts

7    to support the claims. FAC ¶¶ 78, 81. Additionally, there is no tangible connection in

8    the FAC between many of the alleged policies listed and Plaintiff's claimed injuries.

9         Plaintiff has also not established nor explained in his opposition how the

10   allegations rise to the level of deliberate indifference. *See Van Ort v. Estate of*

11   *Stanewich*, 92 F.3d 831, 835 (9th Cir. 1992); *Brown v. Cty. of San Bernardino*, 2021

12   WL 99722, at *6 (C.D. Cal. 2021) ("Plaintiff provides few if any facts explaining why

13   that training was inadequate, nor does she sufficiently support her conclusory

14   assertion that the . . . County acted with deliberate indifference.").

15        For these reasons, Plaintiff's claim for unconstitutional policy, practice, and/or

16   custom fails.

17   **IV.    THE COURT SHOULD DENY LEAVE TO AMEND**

18        Plaintiff has failed to sufficiently plead his claims despite having had two bites

19   at the apple. The County previously met and conferred with Plaintiff regarding the

20   deficiencies in his first pleading, which resulted in the filing of the instant deficient

21   FAC. The County then sent another letter to Plaintiff regarding the deficiencies in the

22   FAC based on substantially the same grounds as the first meet and confer letter. The

23   parties met and conferred on August 5, 2024, however Plaintiff has yet to resolve the

24   deficiencies in the FAC. Despite the County's repeated attempts to prompt Plaintiff

25   to resolve the deficiencies, Plaintiff instead requests a third bite at the apple. However,

26   Plaintiff has not offered any evidence that there are additional facts available that can

27   cure the deficiencies in the pleading. Plaintiff also has not offered a valid reason as to

28

why leave to amend should be granted when Plaintiff has had multiple opportunities to cure the deficiencies without Court intervention. Plaintiff only now avers that he will add more facts regarding the alleged similar cases he cites. But again, Plaintiff fails to assert or offer evidence that he has more facts to substantiate his actual claims. It is clear that Plaintiff does not have any additional facts to include otherwise, Plaintiff would have done previously.

Thus, amendment would be futile and should be denied. "Although leave to amend a deficient [pleading] shall be freely given when justice so requires, leave may be denied if amendment of the complaint would be futile." *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010); *see also Townsend v. Univ. of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008) ("Leave to amend need not be granted . . . where the amendment would be futile."), *cert. denied*, 556 U.S. 1166 (2009); *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) ("Futility alone can justify the denial of a motion for leave to amend."), *cert. denied*, 543 U.S. 1188 (2004). A proposed amended complaint is futile if it would be "subject to dismissal." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998); *Nowak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015); *see also Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) ("Leave to amend need not be given if a complaint, as amended, is subject to dismissal.").

"[W]hen the district court has already afforded a plaintiff an opportunity to amend the complaint, it has wide discretion in granting or refusing leave to amend after the first amendment, and only [ ] gross abuse" will disturb its rulings. *Rich v. Shrader*, 823 F.3d 1205, 1209 (9th Cir. 2016) (citation and internal quotation marks omitted). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. *See, e.g.*, *Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there is no need to prolong the litigation by permitting further amendment" where

**DEFENDANT COUNTY OF SAN BERNARDINO'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS [Etc.]**

the "basic flaw" in the pleading cannot be cured by amendment).

Because further amendment would be futile, the Court should deny leave to amend and dismiss Plaintiff's Fourth, Fifth, and Sixth Claims for Relief with prejudice.

## V.    <u>CONCLUSION</u>

For all the foregoing reasons, the County respectfully requests that the Court grant its Motion as prayed and dismiss Plaintiff's Fourth, Fifth, and Sixth Claims for Relief without leave to amend. *See Fed. R. Civ. P.* 8 and 12(b)(6).


DATED:  September 27, 2024              **LYNBERG & WATKINS**
                                        A Professional Corporation



                                 By:  */s/ Anita K. Clarke*
                                       **SHANNON L. GUSTAFSON**
                                       **ANITA K. CLARKE**
                                       **AMY R. MARGOLIES**
                                       Attorneys for Defendant,
                                       COUNTY OF SAN BERNARDINO,

**DEFENDANT COUNTY OF SAN BERNARDINO'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS [Etc.]**

<u>**CERTIFICATE OF COMPLIANCE**</u>

The undersigned counsel of record for Defendant County of San Bernardino

hereby certifies that this Reply contains 4,044 words and does not exceed 4,200

words, consistent with the Court's standing order as reflected on the Court's website

(last visited September 27, 2024).


DATED:  September 27, 2024             **LYNBERG & WATKINS**
                                       A Professional Corporation



                              By:  */s/ Anita K. Clarke*
                                   **SHANNON L. GUSTAFSON**
                                   **ANITA K. CLARKE**
                                   **AMY R. MARGOLIES**
                                   Attorneys for Defendant,
                                   COUNTY OF SAN BERNARDINO

**DEFENDANT COUNTY OF SAN BERNARDINO'S REPLY TO
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS [Etc.]**