UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  5:24-cv-01123-JLS-JC                                                  Date: October 25, 2024
Title:  James Wright v. County of San Bernardino et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|  Kelly Davis  |  N/A  |
| :---: | :---: |
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:                          Attorneys Present for Defendant:

Not Present                                                             Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER GRANTING MOTION TO DISMISS FOURTH, FIFTH, and SIXTH CLAIMS (Doc. 15)**

Before the Court is a motion to dismiss filed by Defendant County of San Bernardino (the "County").  (Mot., Doc. 15.)  Plaintiff James Wright ("Wright") opposed, and the County responded.  (Opp., Doc. 17; Reply, Doc. 18.)  Having taken the matter under submission and considered the parties' papers, the Court GRANTS the Motion and DISMISSES Wright's fourth, fifth, and sixth claims with leave to amend.

I.   **BACKGROUND**

Wright initiated this civil rights action against the County and ten Doe Defendants on May 28, 2024, and filed a First Amended Complaint ("FAC") on July 29, 2024. (Compl., Doc. 1; FAC, Doc. 14.)  The following allegations are taken from the FAC.

On June 7, 2022,[1] Wright was driving his vehicle and had not committed any traffic infractions or crimes when Doe deputies initiated a traffic stop. (FAC ¶ 1, 17.)

---

[1] Paragraph 17 of the FAC incorrectly states that the traffic stop occurred on June 7, 2021.  (FAC ¶ 17.)  After the County filed its motion to dismiss, Wright filed a Notice of Errata clarifying that the incident occurred on June 7, 2022, and purporting to file a Second Amended

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:24-cv-01123-JLS-JC                         Date: October 25, 2024
Title:  James Wright v. County of San Bernardino et al

Wright pulled over, followed the deputies' commands to place his hands on the steering wheel, and was then "struck by lethal and less-lethal rounds." (*Id.* ¶ 18.)  After placing Wright in handcuffs, the deputies "held [Wright] prone against the ground" and placed their knees on his back "for a prolonged period of time."  (*Id.* ¶ 20.)  Although Wright was seriously injured, he was "denied prompt medical attention."  (*Id.* ¶ 21.)  Due to the deputies' use of excessive force and the delay of medical care, Wright has sustained "serious physical injuries"; "incurred financial loss and expenses in the form of past and future loss of earnings, decreased earning capacity, and past and future medical expenses"; and "endured pain and suffering and emotional and mental distress stemming from the physical injuries."  (*Id.* ¶ 22.)

Wright brings six claims under 42 U.S.C. § 1983.  The first three claims are against the yet-unnamed deputies for (1) unlawful detention and arrest in violation of the Fourth Amendment, (2) excessive force in violation of the Fourth Amendment, and (3) denial of medical care in violation of the Fourth Amendment.  (*Id.* ¶¶ 23–48.)  The remaining claims are against the County for (4) ratification, (5) failure to train, and (6) unconstitutional policy or custom. (*Id.* ¶¶ 49–88.)  The County now moves to dismiss Wright's fourth, fifth, and sixth claims for municipal liability.  (*See generally* Mot.)

Relevant to those three claims, the FAC asserts that the County maintains the following policies, practices, and customs:

a. Using excessive force, including deadly force;
b. Providing inadequate training regarding the use of deadly force;
c. Employing and retaining as officers individuals whom [the] County at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

---

Complaint reflecting that correction.  (Doc. 16.)  Wright is ordered to correct this discrepancy in any amended complaint filed following this motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:24-cv-01123-JLS-JC                                  Date: October 25, 2024
Title:  James Wright v. County of San Bernardino et al

   d. Inadequately supervising, training, controlling, assigning, and disciplining County sheriff's deputies, and other personnel, whom [the] County knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;
   e. Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by County sheriff's deputies;
   f. Failing to adequately discipline County sheriff's deputies for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;
   g. Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;
   h. Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;
   i. Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing;
   j. Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of unarmed people.

(FAC ¶ 78.)  To demonstrate the existence of these polices and the County's deliberate indifference to the constitutional violations they cause, the FAC cites thirteen other lawsuits that all involved excessive-force allegations against the County.  (*Id.* ¶ 84.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  5:24-cv-01123-JLS-JC | Date: October 25, 2024 |
| Title:  James Wright v. County of San Bernardino et al | |

Wright alleges that these policies were a "significantly influential force" behind the injuries he sustained.  (*Id.* ¶ 85.)

## II.  LEGAL STANDARD

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Furthermore, courts must draw all reasonable inferences in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  Finally, the Court may not dismiss a complaint without leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (internal quotation marks omitted).

## III.  ANALYSIS

Section 1983 prohibits persons, including the County, from depriving a person of a federal constitutional right while acting under the color of state law.  42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).  Municipalities cannot be held vicariously liable for the actions of their employees under this statute.  *Id.* at 691.  Municipalities may, however, be liable under section 1983 for constitutional injuries pursuant to "(1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019).  To prevail on such a claim, the plaintiff must show that the alleged policy, custom, or practice was the "moving

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  5:24-cv-01123-JLS-JC | Date: October 25, 2024 |
| Title:  James Wright v. County of San Bernardino et al | |

force" behind the plaintiff's constitutional injuries.  *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) (quoting *Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007)).

As the Court explains below, the FAC fails to state a plausible *Monell* claim under any theory.  To sustain a *Monell* claim, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  *AE ex rel.*, 666 F.3d at 637 (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).  The FAC's broad-sweeping legal conclusions and threadbare factual allegations about the underlying incident fall far short of this pleading standard.

### A. Fourth Claim for Relief: Ratification

To state a claim based on ratification, Wright must allege that an official with final policymaking authority "adopted and expressly approved of the acts of others who caused the constitutional violation."  *Trevino v. Gates*, 99 F.3d 911, 920 (9th Cir. 1996); *Keith v. City of San Diego*, 2023 WL 2347070, at *4 (S.D. Cal. Mar. 3, 2023).  Ratification "generally requires more than acquiescence"; policymakers must make "a deliberate choice to endorse" the officer's actions.  *Sheehan v. City & County of San Francisco*, 743 F.3d 1211, 1231 (9th Cir. 2014) (internal quotation marks and citation omitted).

Wright's allegations are too vague and conclusory to state a viable ratification claim.  The FAC alleges that some unnamed County official "who had final policymaking authority … ratified (or will ratify)" the deputies' acts of unreasonably detaining Wright, using excessive force against him, and denying him medical care.  (FAC ¶ 52.)  The FAC also alleges that "the final policymaker knew of and specifically approved of (or will specifically approve of)" those actions.  (*Id.*)  Yet the FAC provides no factual allegations as to who this final policymaker is or how that official knew about

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:24-cv-01123-JLS-JC  Date: October 25, 2024
Title: James Wright v. County of San Bernardino et al

the deputies' actions and made some deliberate choice to approve them. *See Jackson v. County of San Bernardino*, 2023 WL 9066307, at *6 (C.D. Cal. Sept. 29, 2023) (finding plaintiff failed to state a plausible ratification claim because the complaint "fail[ed] to describe" how the unnamed government official knew about the officers' "alleged use of excessive force and made some conscious, affirmative choice to approve of their actions."); *see also Lesher v. City of Anderson*, 2021 WL 2682161, at *4 (E.D. Cal. June 30, 2021) (dismissing ratification claim where the complaint did not "include any factual allegations regarding any approval or ratification … of the allegedly unconstitutional actions or the basis for such approval."). More critically, it is unclear from the FAC whether the ratification has even occurred. (*See* FAC ¶ 52 (alleging that the final policymaker "ratified (or will ratify)" the deputies' actions).) Such conclusory pleading cannot survive a motion to dismiss.

Accordingly, Plaintiff's fourth claim is DISMISSED.

**B.     Fifth Claim for Relief: Failure to Train**

For similar reasons, Wright's failure-to-train claim fares no better. To state a claim based on this theory, Wright must show that (1) he was deprived of a constitutional right, (2) the County had a training policy that was deliberately indifferent to the rights of persons with whom its employees are likely to come into contact, and (3) the constitutional injury would have been avoided had the County properly trained its employees. *Benavidez v. County of San Diego*, 993 F.3d 1134, 1153-54 (9th Cir. 2021).

The FAC contains only conclusory allegations regarding the County's allegedly insufficient training and is devoid of any facts to show how that inadequate training *caused* Wright's constitutional injuries. To the extent Wright relies on the thirteen lawsuits cited in the FAC to establish deliberate indifference, the Court finds these cases unhelpful for the same reasons discussed below in Section III.C.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:24-cv-01123-JLS-JC                                        Date: October 25, 2024
Title:  James Wright v. County of San Bernardino et al

Wright's fifth claim is therefore DISMISSED.

### C. Sixth Claim for Relief: Unconstitutional Custom or Policy

To survive a motion to dismiss under this theory of municipal liability, Wright must show that: "(1) he possessed a constitutional right of which he was deprived; (2) the municipality had a policy; (3) this policy amounts to deliberate indifference of Plaintiff's constitutional right; and (4) the policy is the moving force behind the constitutional violation." *Lazzeretti v. City of Burbank*, 2020 WL 2891901, at *3 (C.D. Cal. Feb. 20, 2020) (citing *Plumeau v. Sch. Dist. # 40*, 130 F.3d 432, 438 (9th Cir. 1997)).  When no formal municipal policy is at issue, a plaintiff may establish liability by proving "the existence of a widespread practice that … is so permanent and well settled as to constitute a custom or usage with the force of law."  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (quotation and internal quotation marks omitted).  The custom "must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

Although the FAC sets forth a list of unofficial County policies, the Court finds the FAC's allegations deficient because they fail to explain how these policies *caused* the specific injuries Wright suffered.  For instance, Wright alleges that the County "maintain[ed] a policy of inaction and an attitude of indifference towards soaring numbers of police shootings[.]"  (FAC ¶ 78(j).)  Yet the FAC does not allege that Wright was the subject of a police shooting; instead, it vaguely alleges that Wright was "struck" by "lethal and non-lethal rounds."  (*Id.* ¶ 18.)  Absent any details about the specific use of force at issue here, the Court cannot assess the plausibility of Wright's allegation that the County's policies were "a significantly influential force" behind his injuries.  (*Id.* ¶ 85.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:24-cv-01123-JLS-JC                                    Date: October 25, 2024
Title:  James Wright v. County of San Bernardino et al

Moreover, the FAC lacks sufficient factual allegations from which the Court can infer that the identified County policies actually exist.  Wright contends that the existence of these policies can be inferred from the thirteen cited lawsuits—all of which involved excessive force allegations against the County and occurred over a span of eight years. (*Id.* ¶¶ 81, 84; Opp. at 4.)  According to the FAC, three of those lawsuits resulted in jury verdicts against County deputies, while seven resulted in settlements favoring the plaintiffs.  (FAC ¶ 84.)  But the FAC contains virtually no allegations regarding the underlying facts of those cases, making it impossible for the Court to assess whether they support the existence of the particular policies alleged to have caused Wright's injuries.  Nor can the Court determine whether the facts of those cases are similar enough to the facts here to demonstrate the County's deliberate indifference.  *See Brown v. County of San Bernardino*, 2021 WL 99722, at *5 (C.D. Cal. Jan. 8, 2021) (finding allegations insufficient to establish a widespread custom of excessive force where "the FAC ma[de] some cursory references to prior shootings" but "fail[ed] to explain what happened, when, who was involved, any similarities to the facts here, or the Defendants' subsequent actions").  Indeed, Wright concedes that at least two of the cited cases involved allegations that County deputies used excessive force against inmates in jail; those cases clearly bear no relevance to the instant action.  (*See* Opp. at 6.)  Although Wright maintains that the other eleven cases "involve similar instances of excessive use of deadly and nondeadly force against nonthreatening subjects," the FAC does not provide enough facts about those cases, let alone this one, to support that statement.  (*Id.*)

In light of the deficiencies described above, Wright's sixth claim is DISMISSED.

## IV.  CONCLUSION

The County's Motion is GRANTED.  Wright's fourth, fifth, and sixth claims for municipal liability are DISMISSED.  Because further factual allegations may cure the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:24-cv-01123-JLS-JC                              Date: October 25, 2024
Title:  James Wright v. County of San Bernardino et al

deficiencies the Court has identified, Wright is GRANTED LEAVE TO AMEND the pleading in a manner consistent with this Order and with all Rule 11 obligations.  Any amended complaint shall be filed within **fourteen (14) days** of the date of this Order.  Any claim not included in a timely-filed amended complaint will be deemed dismissed without leave to amend.

Initials of Deputy Clerk: kd