SHANNON L. GUSTAFSON (SBN 228856)
sgustafson@lynberg.com
AMY R. MARGOLIES (SBN 283471)
amargolies@lynberg.com
ANITA K. CLARKE (SBN 321015)
aclarke@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite #1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendant, COUNTY OF SAN BERNARDINO

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WRIGHT,<br><br>              Plaintiff,<br><br>      vs.<br><br>CITY OF SAN BERNARDINO; and DOES 1-10, inclusive,<br><br>              Defendants. | CASE NO. 5:24-cv-1123-JLS-JC<br><br>*Assigned for All Purposes to: Honorable Josephine L. Staton*<br><br>*Courtroom 8A*<br><br>**COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Proposed] Order Lodged Concurrently*<br><br>Date:       December 27, 2024<br>Time:       10:30 a.m.<br>Dept.:       8A<br><br>*Complaint filed: 5/28/24*<br>*FAC filed: 07/29/24*<br>*SAC filed: 11/7/24* |

**COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 27, 2024, at 10:30 a.m. or as soon thereafter as the matter may be heard in Courtroom 8A of the above-entitled Court, located at First Street U.S. Courthouse, 350 West 1st Street, Los Angeles, CA 90012, Defendant COUNTY OF SAN BERNARDINO, ("Defendant") will, and hereby does, move this Court for an order dismissing portions of Plaintiff JAMES WRIGHT's Second Amended Complaint ("SAC") against it pursuant to Fed. R. Civ. P. 8, 12(f) and 12(b)(6).  Defendant brings this Motion on the following grounds:

1.      Plaintiff's Fourth Claim – Municipal Liability – Inadequate Training (42 U.S.C. § 1983) fails to state a claim upon which relief can be granted against Defendant County of San Bernardino.  *See* Fed. R. Civ. P. 12(b)(6).[1]

2.      Plaintiff's Fifth Claim – Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983) fails to state a claim upon which relief can be granted against Defendant County of San Bernardino.  *See* Fed. R. Civ. P. 12(b)(6).

Defendant's Motion is based on this Notice, the Memorandum of Points and Authorities, Plaintiff's SAC, and upon such other and further matters as may properly come before the Court.

Pursuant to Local Rule 7-3, Defendant sent a meet and confer letter to Plaintiff's counsel on November 14, 2024 in which Defendant detailed deficiencies of Plaintiff's Second Amended Complaint.  The parties further met and conferred telephonically that same day regarding the allegations in Plaintiff's Second Amended Complaint.  The parties could not resolve the issues as to the Fourth and Fifth claims thereby necessitating this Motion.

---

[1] County of San Bernardino is only named in the Fourth and Fifth Claims for Relief.  Plaintiff's First, Second, and Third claims are alleged against Does 1-10 which have not been identified or served.  This Motion is therefore brought on behalf of the County of San Bernardino only as to the claims asserted against it.

1    DATED:  November 21, 2024                **LYNBERG & WATKINS**
                                              A Professional Corporation
2

3

4                                      By:   */s/ Anita K. Clarke*
                                             **SHANNON L. GUSTAFSON**
5                                            **ANITA K. CLARKE**
                                             **AMY R. MARGOLIES**
6                                            Attorneys for Defendant,
                                             COUNTY OF SAN BERNARDINO
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                         **3**

1

2

# **TABLE OF CONTENTS**

3

I.     PRELIMINARY STATEMENT .......................................................10

4

II.    PLAINTIFF FAILS TO ESTABLISH HOW THE CASES CITED
       ARE SIMILAR TO PLAINTIFF'S CASE IN HIS FOURTH AND

5      FIFTH CLAIMS FOR *MONELL* LIABILITY ...............................11

6

III.   THE VAST MAJORITY OF PLAINTIFF'S SAC IS THE SAME AS
       THE FAC AND THEREFORE STILL ONLY CONSISTS OF

7      VAGUE AND CONCLUSORY ALLEGATIONS .........................18

8            A.    PLAINTIFF'S FOURTH CLAIM FOR INADEQUATE
                   TRAINING FAILS ...........................................................19

9

             B.    PLAINTIFF'S FIFTH CLAIM FOR UNCONSTITUTIONAL

10                 CUSTOM OR POLICY FAILS.........................................22

11

IV.    THE COURT SHOULD DENY LEAVE TO AMEND ................24

12

V.     CONCLUSION ..............................................................................26

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT**

1

2

3

4

# <u>TABLE OF AUTORITIES</u>

Page(s)

Cases

*A. B. et al v. City of Santa Ana et al.,*
   2019 WL 1578380 (C.D. Cal. Feb. 11, 2019) .......................................13

*A.E. ex rel. Hernandez v. Cty. of Tulare,*
   666 F.3d 631 (9th Cir. 2012) .....................................................................19

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009)..........................................................................19, 23

*Bell Atlantic Corp. v Twombly,*
   550 U.S. 544 (2007)..................................................................................19

*Benavidez v. Cnty. of San Diego,*
   993 F.3d 1134 (9th Cir. 2021) ..................................................................21

*Blankenhorn v. City of Orange,*
   485 F.3d 463 (9th Cir. 2007) ....................................................................12

*Brady v. Maryland,*
   373 U.S. 83 (1963)....................................................................................20

*Brown v. Cnty. Of San Bernardino,*
   2021 WL 99722 (C.D. Cal. 2021) .....................................................16, 21

*Bull v. City & Cnty. of San Francisco,*
   595 F. 3dd 964 (9th Cir. 2011)………………………………………. 12

*Carter v. District of Columbia,*
   795 F.2d 116 (D.C. Cir. 1986)..................................................................14

*Chaset v. Fleer/Skybox Int'l,*
   300 F.3d 1083 (9th Cir. 2002) ..................................................................26

*City of Canton v. Harris,*
   489 U.S. 378 (1989)............................................................................20, 21

*Collins v.  City of New York,*
   923 F. Supp. 2d 462 (E.D.N.Y. 2013)......................................................17

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Connick v. Thomspon*,
   563 U.S. 51 (2011)...............................................................................13, 20

*Davis v. City of San Jose*,
   2014 WL 2859189 (N.D. Cal. 2014) ..............................................13, 19

*Davis v. Ellensburg*,
   869 F.2d 1230 (9th Cir. 1989) ..................................................................13

*DeClue v. County of Alameda*,
   2020 WL 6381356 (N.D. Cal. Oct. 30, 2020) .........................................23

*Doughtery v. City of Covina*,
   654 F.3d 892 (9th Cir. 2011) ...................................................................13

*Galban v. City of Fontana*,
   2021 WL 1307722 (C.D. Cal. Apr. 7, 2021)......................................17, 18

*Galen v. County of L.A.*,
   477 F.3d 652 (9th Cir. 2007) ...................................................................24

*Gordon v. City of Oakland*,
   627 F.3d 1092 (9th Cir. 2010) .................................................................25

*Gravelet-Blondin v. Shelton*,
   728 F.3d 1086 (9th Cir. 2013) .................................................................24

*Hamilton v. Rodgers*,
   791 F.2d 439 (5th Cir. 1986) ...................................................................14

*Hays v. City of New York*,
   2017 WL 782496 (S.D.N.Y. Feb. 28, 2017) ...........................................17

*Henderson v. City & Cnty. of San Francisco*,
   2006 WL 3507944 (N.D. Cal. Dec. 1, 2006) ..........................................14

*Herd v. Cnty. of San Bernardino*,
   311 F. Supp. 3d 1157...........................................................................21, 22

*Herd*,
   311 F. Supp at 1168............................................................................23

*In re Gilead Scis. Sec. Litig.*,
   536 F.3d 1049 (9th Cir. 2008) .................................................................19

**COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

*Johnson v. Baca*,
   2013 WL 12131358 (C.D. Cal. Sept. 24, 2013) ....................................................22

*Lesher v. City of Anderson*,
   2021 WL 5744691 (E.D. Cal. Dec. 2, 2021) ........................................................15

Lowrie v. Cnty. of Riverside,
   2021 WL 470611 (C.D. Cal. July 19, 2021) ........................................................23

*Maldonado v. County of Orange*
   2019 WL 6139937 at 2 (C.D. Cal. Aug. 29, 2019) ........................................21, 23

*Marsh v. County of San Diego*,
   680 F.3d 1148 (9th Cir. 2012) ............................................................................13

*Meehan v. Los Angeles County*,
   856 F.2d 102 (9th Cir. 1988) ..............................................................................13

*Mitchell v. Cnty. of Contra Costa*,
   600 F. Supp. 3d 1018 (N.D. Cal. 2022).............................................................21

*Moore v. County of Orange*,
   2017 WL 10518114 (C.D. Cal. 2017) ...........................................................19, 23

*Moore v. Kayport Package Express, Inc.*,
   885 F.2d 531 (9th Cir. 1989) ..............................................................................25

*Nowak v. United States*,
   795 F.3d 1012 (9th Cir. 2015) ............................................................................25

*Nunes v. Ashcroft*,
   375 F.3d 805 (9th Cir. 2004) ..............................................................................25

*Pineda v. City of Houston*,
   291 F.3d 325 (5th Cir. 2002) ..............................................................................14

Plaintiff's rights. *Jackson v. Cnty. of San Bernardino*,
   2023 WL 9066307 (C.D. Cal. Sept. 29, 2023) ..............................................15, 24

*Ramirez v. County of Los Angeles*,
   397 F. Supp. 2d 1208 (C.D. Cal. 2005)...............................................................13

*Ramos v. City of Chicago*,
   707 F. Supp. 345 (N.D. Ill. 1989).......................................................................14

**COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

*Raudelunas v. City of Vallejo,*
    2022 WL 329200 (E.D. Cal. Feb. 3, 2022) ...........................................................15

*Rich v. Shrader,*
    823 F.3d 1205 (9th Cir. 2016) ...............................................................................25

*Sloman v. City of Simi Valley,*
    21 F.3d 1462 (9th Cir. 1994) .................................................................................12

*Smith v. Stanislaus,*
    2012 WL 253241 (E.D. Cal. Jan. 26, 2012) .........................................................22

*Starr v. Baca,*
    652 F.3d 1202 (9th Cir. 2011) ...............................................................................19

*Steckman v. Hart Brewing, Inc.,*
    143 F.3d 1293 (9th Cir. 1998) ...............................................................................25

*Strauss v. City of Chicago,*
    760 F.2d 765 (7th Cir. 1985) .................................................................................17

*Thompson v. City of Los Angeles,*
    885 F.2d 1439 (9th Cir. 1989) ...............................................................................12

*Tieman v. City of Newburgh,*
    2015 WL 1379652 (S.D.N.Y. Mar. 26, 2015) ......................................................17

*Townsend v. Univ. of Alaska,*
    543 F.3d 478 (9th Cir. 2008) .................................................................................25

*Trevino v. Gates,*
    99 F.3d 911 (9th Cir. 1996) ...................................................................................12

*Van Ort v. Estate of Stanewich,*
    92 F.3d 831 (9th Cir. 1992) ...................................................................................22

*Walker v. City of New York,*
    2014 WL 1259618 (S.D.N.Y Mar. 18, 2014).......................................................17

*Washington Mobilization Comm. v. Cullinane,*
    566 F.2d 107 (D.C. Cir. 1977)...............................................................................14

*Washington v. Borough,*
    1993 WL 273418, at 1* (E.D. Pa. July 15, 1993) ................................................18

*Wilkey v. County of Orange*,
    2017 WL 11447980 (C.D. Cal. 2017) .................................................... 19

*Woodhouse v. City of Mount Vernon*,
    2016 WL 354896 (S.D.N.Y. Jan. 27, 2016) ........................................... 17

Statutes

42 U.S.C. § 1983 .............................................................................................. 2

Rules

Fed. R. Civ. P. 8, 12(f) and 12(b)(6) ............................................................... 2

Fed. R. Civ. P. 12(b)(6) ..................................................................... 2, 21, 22, 26

**COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    PRELIMINARY STATEMENT

On October 25, 2024, this Court granted Defendant's Motion to Dismiss with leave to amend concerning Plaintiff's *Monell* claims under a ratification theory, inadequate training, and unconstitutional custom or policy.  (Dkt. 20).  In doing so, the Court found that the allegations were merely conclusory in Plaintiff's FAC and the cases relied on by Plaintiff to assert there were similar cases establishing deliberate indifference or a widespread issue were unhelpful.  Specifically, the Court found the cases cited did not contain sufficient allegations "making it impossible for the Court to assess whether they support the existence of the particular policies alleged to have caused Wright's injuries.  Nor can the Court determine whether the facts of those cases are similar enough to the facts here to demonstrate the County's deliberate indifference."  (Dkt. 20, p. 8).  Plaintiff's Monell claims were dismissed, but with leave to amend.

In response to the Court's order, Plaintiff filed a Second Amended Complaint with minimal changes,[2] none of which address the prior issues expressed by this Court.  (*See* Clarke Decl. ¶ 4 – Exhibit A – Second Amended Complaint with highlights).  In particular the ***only*** revisions made to the Second Amended Complaint by Plaintiff were to add additional facts regarding the eight lawsuits which Plaintiff contends supports his Monell allegations and to withdraw his meritless Ratification claim.  However, Plaintiff has still failed to explain how these eight other lawsuits bear enough similarity to what occurred to him sufficient to establish a *Monell* claim.

In particular, Plaintiff references eight cases filed between 2014 and 2022, three resulted in a Plaintiff's verdict, four were settlements of unknown amounts, and one

---

[2] Attached to this Motion as Exhibit A is a true and accurate copy of Plaintiff's Second Amended Complaint with the amendments to the Fourth and Fifth claims Plaintiff made to the First Amended Complaint highlighted by defense counsel.

**COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT**

omitted the result of the case from the SAC.  (*See* SAC ¶¶ 58, 75).  The only similarities between these cases appears to be that they all involve allegations of varying types of excessive force against the County of San Bernardino.  However, Plaintiff has still failed to set forth any allegations supporting how these claims are similar in nature to Plaintiff's situation, let alone that they are sufficient to establish some type of unlawful policy, custom or training inadequacy.

The remainder of the SAC sets forth the same vague and conclusory allegations of an alleged inadequate training or unconstitutional custom or policy that this Court already deemed insufficient in the FAC.  As such, this Court should dismiss Plaintiff's Fourth and Fifth Claims for Relief from the Second Amended Complaint for all of the same reasons these claims were dismissed previously.

## II.    <u>PLAINTIFF FAILS TO ESTABLISH HOW THE CASES CITED ARE SIMILAR TO PLAINTIFF'S CASE IN HIS FOURTH AND FIFTH CLAIMS FOR *MONELL* LIABILITY</u>

As set forth above, the only amendments to Plaintiff's First Amended Complaint, reflected in Plaintiff's SAC (Dkt. 21), was to add more detail to eight of the cases Plaintiff cited in his First Amended Complaint, and otherwise, omit several other cases.  However, the remainder of Plaintiff's SAC went unchanged merely regurgitating the same allegations from the FAC that this Court already deemed as too vague and conclusory to withstand a Motion to Dismiss. (Dkt. 20 – Court's Order granting Motion to Dismiss FAC).

As to the limited additional facts pled, they are still not sufficient to state a claim.  This Court previously ruled the same cases relied on by Plaintiff to establish deliberate indifference for Plaintiff's Fourth and Fifth claims for *Monell* liability were unhelpful.  (Dkt. 20, p. 6).  The Court previously took issue that the FAC contained virtually no allegations of the underlying facts of the 13 cases cited by Plaintiff, which made it impossible for the Court to assess whether those cases supported the policies

1  that caused Plaintiff's injuries, nor could the Court determine whether those cases

2  were similar enough to the facts in the case at bar to demonstrate deliberate

3  indifference.  (Dkt. 20, p. 8).

4       In response, Plaintiff deleted five cases and added limited additional

5  background to the eight remaining cases.  While some additional background

6  information was added, Plaintiff still fails to tie those eight cases to what happened

7  with respect to him or explain how they are factually similar enough to support a claim

8  that the County was deliberately indifferent to a widespread training issue, or an

9  unconstitutional custom that was ultimately the cause of Plaintiff's injuries.

10      As the Court is aware, for both failure to train and unconstitutional policy,

11 practice or custom *Monell* claims, an isolated incident is largely insufficient to allege

12 a *Monell* claim.  *See e.g. Blankenhorn v. City of Orange*, 485 F.3d 463, 484-85 (9th

13 Cir. 2007) (one incident of "inadequate training" insufficient to establish *Monell*

14 "custom"); *Sloman v. City of Simi Valley*, 21 F.3d 1462, 1470 (9th Cir. 1994)

15 ("Individual action like [the defendant officer's] does not rise to the level of the 'well-

16 settled', 'widespread' practices contemplated in the cases discussing municipal

17 liability"); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir. 1989),

18 overruled on other grounds by *Bull v. City & Cnty. of San Francisco*, 595 F.3d 964,

19 981 (9th Cir. 2010) ("[P]roof of random acts or isolated events are insufficient to

20 establish custom."); *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for

21 improper custom may not be predicated on isolated or sporadic incidents; it must be

22 founded upon practices of sufficient duration, frequency and consistency that the

23 conduct has become a traditional method of carrying out policy.").

24      Rather, municipal liability claims must be supported by a record of numerous,

25 similar incidents.  *Sloman v. City of Simi Valley*, 21 F.3d 1462, 1470 (9th Cir. 1994)

26 ("Individual action like [the defendant officer's] does not rise to the level of the 'well-

27 settled', 'widespread' practices contemplated in the cases discussing municipal

28

**COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

liability"; jury verdict against city defendant for one employee officer's "habitual" conduct overturned as error); *Meehan v. Los Angeles County*, 856 F.2d 102 (9th Cir. 1988) (two incidents not sufficient to establish actionable *Monell* custom); *Davis v. Ellensburg*, 869 F.2d 1230 (9th Cir. 1989) (manner of one arrest insufficient to establish wrongful *Monell* policy); *Davis v. City of San Jose*,  2014 WL 2859189, at *10 (N.D. Cal. June 20, 2014) (dismissing *Monell* claims and noting plaintiffs allegations contained "no facts . . . concerning a pattern of *repeated* violations that would give the City fair notice to enable it to defend itself properly. [Citation].") (emphasis in original); *A. B. et al v. City of Santa Ana et al.*, 2019 WL 1578380, at *4 (C.D. Cal. Feb. 11, 2019) ("In the FAC, plaintiffs allege that defendants were acting pursuant to customs, policies, usages and practices of City and the City of Santa Ana Police Department, that defendants violated plaintiffs' rights as a result of those policies, and that plaintiffs were injured as a result.")

"A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 62 (2011); *Flores v. County of Los Angeles*, 758 F.3d 1154, 1159-60 (9th Cir. 2014) (holding that, absent pattern of sexual assaults by deputies, alleged failure to train officers not to commit sexual assault did not constitute deliberate indifference); *Marsh v. County of San Diego*, 680 F.3d 1148, 1159 (9th Cir. 2012) (holding that practice must be "widespread" and proof of single inadequately-trained employee was insufficient); *Doughtery v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) ("Mere negligence in training or supervision . . . does not give rise to a *Monell* claim.").

If anything, even more incidents are required to establish a *Monell* "custom" where, as here, the Defendant municipality is large and heavily populated.  *See, e.g. Ramirez v. County of Los Angeles*, 397 F. Supp. 2d 1208, 1228 (C.D. Cal. 2005) ("[T]he contention that in 13 cases, out of the tens of thousands handled by the

Sheriff's Department, a Defendant was found factually innocent does not prove that there was any civil rights violation in those cases, let alone prove the content of the unlawful custom, policy or practice."); *Pineda v. City of Houston*, 291 F.3d 325, 329 (5th Cir. 2002) ("Eleven incidents each ultimately offering equivocal evidence of compliance with the Fourth Amendment cannot support a pattern of illegality in one of the Nation's largest cities and police forces."); *Henderson v. City & Cnty. of San Francisco*, 2006 WL 3507944, at *10 (N.D. Cal. Dec. 1, 2006) ("On plaintiffs' account, then, fewer than one-quarter of one percent of county jail inmates complain of any kind of force in a year . . . The court agrees with defendants that instead of creating an issue of fact on the existence of a pervasive custom of excessive force, plaintiffs' proffered evidence forecloses it."); *Hamilton v. Rodgers*, 791 F.2d 439, 443 (5th Cir. 1986) (approximately twelve racial employment incidents in 30 months in Houston Fire Department insufficient to constitute pattern for purposes of civil rights laws.); *Carter v. District of Columbia*, 795 F.2d 116, 123-24 (D.C. Cir. 1986) (plaintiff produced evidence of approximately eleven prior incidents in an effort to establish municipal custom; Court enters directed verdict for city: "This catalog of disquieting events is not sufficient to demonstrate a pervasive pattern of police officer use of force, persisting in the District because of [supervisory] tacit approval . . . "); *Ramos v. City of Chicago*, 707 F. Supp. 345, 347 (N.D. Ill. 1989) (six prior incidents fail to make out prima facie civil rights case against large municipality); *see also Washington Mobilization Comm. v. Cullinane*, 566 F.2d 107, 122 (D.C. Cir. 1977) ("The [municipal] defendants cannot be charged with the [25] aberrations of a comparative handful of individual policemen in a department consisting of 5,000 members.")

Against this backdrop, Plaintiff's allegations of eight incidents of excessive force spanning an eight-year period simply does not support the type of widespread practice and custom required under relevant case authority to support a Monell claim,

1  assuming that these eight cases were even similar enough to Plaintiff's case to support

2  some type of pattern, which they are not.  To use other incidents as the basis of a

3  *Monell* claim, court's consider several factors such as (1) the degree of similarity

4  between the factual allegations; (2) the number of similar incidents; (3) the temporal

5  proximity; (4) the disposition of those cases; (5) the similarity of the defendants; and

6  (6) the size of the municipality relative to the number and type of the claims.  *Lesher*

7  *v. City of Anderson*, 2021 WL 5744691, at *4 (E.D. Cal. Dec. 2, 2021).

8          When these factors are considered, Plaintiff's eight sporadic cases over eight

9  years do not pass the test.  The only similarity between the cases appears to be that

10 they all involve some level of force.  However, the type of force and the circumstances

11 within which that force was used drastically differ.  The number of cases only

12 averages out to one a year and most of the cases are not in close proximity to

13 Plaintiff's claim.  Further cases settle for many reasons and therefore the disposition

14 of most of the cases does not support a Monell claim.  Likewise, as already set forth

15 above, the size of the County of San Bernardino clearly cuts against eight cases being

16 indicative of any type of Monell claim.

17         Simply referencing other lawsuits against the County of San Bernardino is not

18 enough.  Plaintiff presents no facts to support how or why these cases are similar, let

19 alone that they are similar in such a manner that they establish a custom that ***caused***

20 the violation of Plaintiff's rights.  *Jackson v. Cnty. of San Bernardino*, 2023 WL

21 9066307, at *5 (C.D. Cal. Sept. 29, 2023) (in dismissing a *Monell* claim where

22 plaintiff's complaint merely listed a host of other alleged incidents without more, "the

23 Court concludes it cannot be reasonably inferred from the allegations in these 31

24 lawsuits that there are 12 widespread customs that caused the Fourth Amendment

25 violations."); *Raudelunas v. City of Vallejo,* 2022 WL 329200, at *8 (E.D. Cal. Feb.

26 3, 2022) (concluding the plaintiff failed to sufficiently allege a custom of excessive

27 force where prior lawsuits involved ***dissimilar*** excessive-force allegations); *see also,*

28

*Brown v. Cnty. Of San Bernardino*, 2021 WL 99722, at *5 (C.D. Cal. 2021) ("Although the FAC makes some cursory references to prior shootings . . . it fails to explain what happened, when, who was involved, any similarities to the facts here, or the Defendants' subsequent actions. These allegations are far from sufficient to establish a widespread practice or custom").

The sum and substance of Plaintiff's allegations of his incident is on June 7, 2022, Plaintiff was driving his vehicle when he was pulled over by sheriff's deputies. (SAC ¶ 17). Plaintiff had his hands on the steering wheel pursuant to commands and was struck by lethal and less-lethal rounds while Plaintiff was unarmed. (SAC ¶ 18-19). Following the force, deputies handcuffed Plaintiff and held him prone on the ground, denying him prompt medical attention. (SAC ¶¶ 20-21). Because Plaintiff's allegations concerning the underlying incident are merely vague and conclusory, Plaintiff has avoided drawing similarities between his case and the 8 cases listed in ¶¶ 58 and 75.

While all of these cases concern alleged excessive force, only four involve a vehicle (SAC ¶¶ 58, 75 (a), (b) (c) and (f)). And even then there appears to be minimal if any similarities to the facts of this case other than the vehicle. In *V.R.* (¶58(a)), and *Factor* (¶58(f)), the allegations appear to be that the individuals were shot while they ran away after some type of vehicle encounter, which does not appear to be at issue here and in *Brown* (¶58(b)) and *T.M.* (¶58(c)) the claims appear to be that the vehicle was moving slowly when lethal rounds were fired at it, which again does not appear to be the case here. These four cases are not similar enough or numerous enough to support any widespread training issue and/or unconstitutional policy, let alone one that ***caused*** Plaintiff's alleged injuries here. *See e.g.*, *Brown v. Cnty. of San Bernardino*, 2021 WL 99722, at *5 (C.D. Cal. 2021) ("Although the FAC makes some cursory references to prior shootings . . . it fails to explain what happened, when, who was involved, any similarities to the facts here, or the

**COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants' subsequent actions.  These allegations are far from sufficient to establish a widespread practice or custom").

Moreover, the mere fact that Plaintiff alleges these are other lawsuits against the County, it still does not elevate them as sufficient for *Monell* liability. Specifically, "[u]nproven allegations made in other lawsuits" do not establish a jury-worthy *Monell* claim.  *Hays v. City of New York*, 2017 WL 782496, at *7 (S.D.N.Y. Feb. 28, 2017).  Even "[a]llegations of complaints about similar conduct [are] insufficient to state a claim for a widespread custom under *Monell* because 'the number of complaints filed, without more, indicates nothing,' as 'people may file a complaint for many reasons, or for no reason at all.'"  *Tieman v. City of Newburgh*, 2015 WL 1379652, at *1 (S.D.N.Y. Mar. 26, 2015) (quoting, *Strauss v. City of Chicago*, 760 F.2d 765, 768-69 (7th Cir. 1985)) (internal alteration marks omitted); *see Galban v. City of Fontana*, 2021 WL 1307722, at *2 (C.D. Cal. Apr. 7, 2021) ("The Court declines to construe unproven allegations in other pending cases concerning violations of unrelated civil rights as supporting an overarching City policy of indifference to the broad panoply of inhabitants' constitutional rights.") (citations omitted); *Woodhouse v. City of Mount Vernon*, 2016 WL 354896, at *7 (S.D.N.Y. Jan. 27, 2016) ("Because he presents no allegations other than the vague reference to other lawsuits, [plaintiff's] allegations fall short of establishing a facially plausible case that the City had a consistent custom of excessive force."); *Walker v. City of New York*, 2014 WL 1259618, at *3 (S.D.N.Y Mar. 18, 2014) (holding, where plaintiff alleged that ten similar complaints had been filed in previous ten years, that "[t]he paltry number of complaints (none resulting in an adjudication of liability), spread over a period so long in a city so large, hardly suggests the frequency or pervasiveness of the purported custom that is required to state a *Monell* claim"); *Collins v. City of New York*, 923 F. Supp. 2d 462, 479 (E.D.N.Y. 2013) (holding that a "litany of other police misconduct cases" discussed in the plaintiff's complaint was

"insufficient to make a plausible case for *Monell* liability," because the complaints "involve[d] something less (settlements without admissions of liability and unproven allegations) than evidence of misconduct"); *Washington v. Borough*, 1993 WL 273418, at 1* (E.D. Pa. July 15, 1993) ("The citation to other lawsuits and newspaper articles is insufficient to evidence that [an unconstitutional] policy or custom exists."); *see Galban v. City of Fontana*, 2021 WL 1307722, at *2 (C.D. Cal. Apr. 7, 2021) (dismissing *Monell* claim based on a "pattern" of unconstitutional conduct supported by allegations of "eight past and pending civil rights lawsuits against the City and its police" and "a civil rights watchdog's unfavorable rating of City police . . . " because plaintiffs failed to "illustrate any City policy, custom, or practice pertaining to the right . . . " plaintiffs alleged was violated).

Same as in Plaintiff's FAC, out of the eight cases cited by Plaintiff, only 3 resulted in a verdict. As the Court is aware, many factors go into consideration of whether to settle a case, thus settlements should not be given great weight as evidence of same/similar pattern or practice. Plaintiff's SAC does not contain any allegations that any of these settlements included any admission of liability. For these reasons, Plaintiff has not established there are same or similar cases sufficient for a widespread training issue or unconstitutional custom or policy demonstrating the County was deliberately indifferent.

### III.    THE VAST MAJORITY OF PLAINTIFF'S SAC IS THE SAME AS THE FAC AND THEREFORE STILL ONLY CONSISTS OF VAGUE AND CONCLUSORY ALLEGATIONS

As previously stated, Plaintiff's Fourth claim for Inadequate Training and Fifth Claim for Unconstitutional Custom or Policy is exactly the same except for ¶¶ 58 and 75 which reference the eight lawsuits as addressed above. A plaintiff cannot "plead facts that are merely consistent with a defendant's liability," as "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not

suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (when evaluating the merit of a Rule 12(b)(6) Motion to Dismiss, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."). These settled pleading rules apply to "Municipal Liability" claims like Plaintiff's. *See A.E. ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (noting that pleading standards announced in *Iqbal* and *Twombly* "appl[y] to *Monell* claims and should govern future pleadings in this case"); *see also Moore v. County of Orange*, 2017 WL 10518114, at *3 (C.D. Cal. 2017) (citing rule); *Wilkey v. County of Orange*, 2017 WL 11447980, at *3 (C.D. Cal. 2017) (dismissing *Monell* claim with prejudice where "custom and policy" allegations amounted to "rote recitation of the elements of a *Monell* claim for Section 1983 liability against a municipality . . . "); *Davis v. City of San Jose*, 2014 WL 2859189, at *13 (N.D. Cal. 2014) (granting Rule 12 motion to dismiss *Monell* claims as being "entirely conclusory" and "nothing more than a simple recitation of the elements of a *Monell* claim. As such, Plaintiff's allegations are not entitled to a presumption of truth."). "[T]o be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but . . . contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

## A. **PLAINTIFF'S FOURTH CLAIM FOR INADEQUATE TRAINING FAILS**

Because Plaintiff did not make any amendments to his allegations in his Fourth claim beyond what is in paragraphs 58, Plaintiff's Fourth claim in his SAC for

1   inadequate training once again only contains vague and conclusory allegations that
2   were found previously to be insufficient and remains so.

3       Plaintiff's vague and conclusory allegations that the County failed to train its
4   employees is insufficient.  Plaintiff lists the same plethora of vague and conclusory
5   failures to train as in the FAC, already dismissed by this Court.  (SAC ¶ 56(a)-(e)).
6   Plaintiff fails to state how certain alleged training issues caused the injury to Plaintiff.
7   For example, paragraph 56(d), (e) allege a failure to train on effective communication,
8   however, Plaintiff fails to allege how the communication caused Plaintiff's injuries.
9   Instead, Plaintiff seems to list generally training issues that could lead to use of force
10  without specifying how the County of San Bernardino is deficient in this regard or
11  how the alleged issue caused Plaintiff's injuries.

12      "A municipality's culpability for a deprivation of rights is at its most tenuous
13  where a claim turns on a failure to train." *Connick v. Thomspon*, 563 U.S. 51, 61
14  (2011) (citation omitted).  Failure to train may constitute a basis for *Monell* liability
15  only where the failure amounts to "deliberate indifference" such that "the need for
16  more or different training is so obvious, and the inadequacy so likely to result in the
17  violation of constitutional rights, that the policymakers of the city can reasonably be
18  said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489
19  U.S. 378, 387, 390 (1989).  "In limited circumstances, a local government's decision
20  not to train certain employees about their legal duty to avoid violating citizens' rights
21  may rise to the level of an official government policy for purposes of § 1983."
22  *Connick*, 563 U.S. at 61 (holding that county's failure to train prosecutors regarding
23  *Brady v. Maryland*, 373 U.S. 83 (1963), did not constitute obvious deficiency because
24  attorneys had attended law school and were charged with knowing the law).

25      This "stringent standard of fault" requires proof that "policymakers are on
26  actual or constructive notice that a particular omission in their training program causes
27  city employees to violate citizens' constitutional rights." *Connick*, 563 U.S. at 61.
28

1  "The training deficiency must be the "functional equivalent of a decision by the city

2  itself to violate the Constitution." *Mitchell v. Cnty. of Contra Costa*, 600 F. Supp. 3d

3  1018, 1031 (N.D. Cal. 2022) citing *City of Canton*, 489 U.S. at 389 (1989).

4      Widespread systemic failures are required.  "[T]hat a particular officer may be

5  unsatisfactorily trained will not alone suffice to fasten liability on the city, for the

6  officer's shortcomings may have resulted from factors other than a faulty training

7  program." *City of Canton*, 489 U.S. at 390-91 (citations omitted); *see Benavidez v.*

8  *Cnty. of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021) (dismissing "failure to train"

9  claim which is only supported "with a single incident.").

10      Plaintiff does not point to any specific facts as to how, when, or why the

11  Defendant's training was supposedly deficient or how it resulted in injury here.  *See*

12  *Herd v. Cnty. of San Bernardino*, 311 F. Supp. 3d 1157, 1168-69 (dismissing "failure

13  to train" claim where plaintiffs provided "no facts regarding the training the officers

14  received" and did "not explain why the training was inadequate); *Brown v. Cnty. of*

15  *San Bernardino*, 2021 WL 99722, at *6 (C.D. Cal. Jan. 8, 2021) ("Plaintiff provides

16  few if any facts explaining why that training was inadequate, nor does she sufficiently

17  support her conclusory assertion that the . . . County acted with deliberate

18  indifference."); *Maldonado*, 2019 WL 6139937, at *2 (dismissing "failure to train"

19  claim where "Plaintiff's conclusory allegations regarding the County's allegedly

20  insufficient training are bereft of any factual support.").

21      The Court previously ruled Plaintiff's allegations were "only conclusory

22  allegations regarding the County's allegedly insufficient training and is devoid of any

23  facts to show how the inadequate training *caused* Wright's constitutional injuries."

24  (Dkt. 20, p. 6).  Plaintiff's substantially similar SAC likewise is still devoid of any

25  facts showing how the inadequate training caused Wright's constitutional injuries.

26      For these reasons as well as the other reasons stated herein, Plaintiff's Fourth

27  Claim for Inadequate Training should be dismissed.  *See* Fed. R. Civ. P. 12(b)(6).

28

## B.    PLAINTIFF'S FIFTH CLAIM FOR UNCONSTITUTIONAL CUSTOM OR POLICY FAILS

For similar reasons as Plaintiff's Inadequate Training claim, Plaintiff insufficiently alleges his *Monell* claim for Unconstitutional Custom or Policy. Plaintiff does not cite any actual policy the County has and further Plaintiff fails to allege any ***facts*** showing that any policy of the County of San Bernardino is unconstitutional, instead Plaintiff seems to be relying on an alleged unconstitutional custom. *See Herd*, 311 F. Supp. 3d at 1168 (*Monell* claim based on "policy and custom" dismissed where Plaintiffs "fail[ed] to allege any facts showing that any of [the] claimed policies or customs actually exist."); *Johnson v. Baca*, 2013 WL 12131358, at *13 (C.D. Cal. Sept. 24, 2013) (dismissing *Monell* claim where the complaint failed "to allege any facts showing the existence of this custom or practice" and did not "allege the substance of the County Defendants' current policy or explain why it is inadequate"); *Smith v. Stanislaus*, 2012 WL 253241, *4 (E.D. Cal. Jan. 26, 2012) ("[T]o sufficiently state a claim under *Monell*, plaintiff must allege facts establishing a policy, it is not enough simply to state that there is a policy.") (citations omitted).  For the following reasons and the reasons stated above, Plaintiff's Fifth Claim cannot be maintained.  *See* Fed. R. Civ. P. 12(b)(6).

A plaintiff wishing to assert a federal claim against a municipal defendant such as the County of San Bernardino must prove "(1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind his constitutional violation."  *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1992).

A fatal flaw, as previously addressed by this Court in regard to Plaintiff's FAC, is that Plaintiff has not alleged sufficient facts demonstrating a particular policy, practice and/or custom amounted to "deliberate indifference" that ***caused*** an alleged

1  constitutional violation. (*See* Dkt. 20, p. 7); *see Herd*, 311 F. Supp. at 1168 ("Merely

2  alleging that 'Defendants acted with deliberate indifference' is conclusory and does

3  not show that the alleged deficiencies were 'obvious and the constitutional injury was

4  likely to occur.'") (internal citation omitted); *see also Maldonado v. County of*

5  *Orange*, 2019 WL 6139937, at *2 (C. D. Cal. Aug. 29, 2019) (dismissing *Monell*

6  claim based on "policy and custom" where "[t]he Complaint contains only sweeping

7  allegations that the County's policies and practices generally empower excessive

8  force, but 'Plaintiff[] fail[s] to allege any facts showing that any of these claimed

9  policies or customs actually exist,' much less how they caused the specific use of

10  force at issue here."); *Moore*, 2017 WL 10518114 at *3-4 (*Monell* claim dismissed:

11  "Moore's Complaint falls short of the requirements for pleading a Monell claim.

12  Rather than include specific factual allegations, paragraph 57 of Moore's Complaint

13  sets forth a speculative list of various customs, policies, and practices that allegedly

14  violated his Fourth Amendment and Fourteenth Amendment rights . . . Moore's list

15  contains 'no allegations of underlying facts.' [Citation].  Therefore, Moore has failed

16  to meet the Monell pleading standard.").

17      Although the allegations in the complaint should be taken as true in ruling on a

18  Motion to Dismiss, "the Federal Rules do not require courts to credit a complaint's

19  conclusory statements without reference to its factual context." *Ashcroft v. Iqbal*, 556

20  U.S. 662, 686 (2009).  Plaintiff's only allegations in his Fifth Claim are merely

21  conclusory, which Courts have held is not enough.  *See e.g. Lowrie v. Cnty. of*

22  *Riverside*, 2021 WL 470611, at *3 (C.D. Cal. July 19, 2021) (allegations of "a policy

23  permitting deputies to restrain individuals in a manner that would cause asphyxiation"

24  was "conclusory, devoid of specific facts or an explanation of the content of the

25  specific alleged policies."); *DeClue v. County of Alameda*, 2020 WL 6381356, *7

26  (N.D. Cal. Oct. 30, 2020) (Court found allegation that County of Alameda has a policy

27  of using undue influence, coercion and/or duress to cause Plaintiff to enter into

28

**COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

1  agreements to be conclusory).  Instead, the municipality must have a "'***deliberate***

2  policy, custom, or practice that was the 'moving force' behind the constitutional

3  violation he suffered.'"  *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1096 (9th Cir.

4  2013) quoting *Galen v. County of L.A.*, 477 F.3d 652, 667 (9th Cir. 2007).

5       Despite these well settled legal principles and this Court's prior order

6  dismissing the FAC, Plaintiff's SAC sets forth the same ***identical***  (a)-(j) laundry list

7  of vague and conclusory allegations in the SAC ¶¶ 65-68, 69(a)-(j), 70-73 that this

8  Court already dismissed, without making a single change and still with no explanation

9  as to how each of these alleged unofficial customs ***caused*** Plaintiff's constitutional

10 injuries as required by the Court's order. (Dkt #20); *See e.g. Jackson v. Cnty. of San*

11 *Bernardino*, 2023 WL 9066307, at *3 (C.D. Cal. Sept. 29, 2023) ("The FAC contains

12 nothing more than sweeping conclusory statements sprinkled legal buzz words

13 without any specific factual allegations about these 12 policies.  Take for example the

14 allegations that the County has a policy of '[u]sing excessive and objectively

15 unreasonable force,' or that it has a policy of '[p]roviding inadequate training

16 regarding the use of force.'  [FAC ¶ 162(a)-(b)].  These allegations neither identify

17 what the policy *is* nor allege any facts from which this Court can reasonably infer the

18 *existence* of these policies.") (emphasis in original).

19      Plaintiff's vague and conclusory policy list remains deficient for the same

20 reasons that it did the last time the Court dismissed his Fifth Claim for Relief and it

21 should again be dismissed.

22 **IV.    THE COURT SHOULD DENY LEAVE TO AMEND**

23      Plaintiff has failed to sufficiently plead his claims despite having three bites at

24 the apple. The County previously met and conferred with Plaintiff regarding the

25 deficiencies in his first pleading, which resulted in the filing of the FAC.  (Clarke

26 Decl. ¶¶ 1-2).  The County then sent another letter to Plaintiff regarding the

27 deficiencies in the FAC based on substantially the same grounds as the first meet and

28

confer letter.  (Clarke Decl. ¶ 2).  The parties met and conferred on August 5, 2024, however Plaintiff did not amend and Defendant filed the first Motion to Dismiss, which was granted.  (Dkt. 20; Clarke Decl. ¶ 2).  Plaintiff then filed his Second Amended Complaint (Dkt. 21) with substantially similar allegations as those in the First Amended Complaint, despite clear direction from this Court in its order as to what was needed.  (Clarke Decl. ¶ 3).  Plaintiff's insistence on pleading substantially the same allegations that this Court already found to be deficient (Dkt. 20), lends itself but to one conclusion – Plaintiff has nothing else to plead.

Thus, amendment would be futile and should be denied. "Although leave to amend a deficient [pleading] shall be freely given when justice so requires, leave may be denied if amendment of the complaint would be futile." *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010); *see also Townsend v. Univ. of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008) ("Leave to amend need not be granted . . . where the amendment would be futile."), *cert. denied*, 556 U.S. 1166 (2009); *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) ("Futility alone can justify the denial of a motion  for leave to amend."), *cert.  denied*, 543 U.S. 1188 (2004). A proposed amended complaint is futile if it would be "subject to dismissal." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998); *Nowak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015); *see also Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) ("Leave to amend need not be given if a complaint, as amended, is subject to dismissal.").

"[W]hen the district court has already afforded a plaintiff an opportunity to amend the complaint, it has wide discretion in granting or refusing leave to amend after the first amendment, and only [ ] gross abuse" will disturb its rulings. *Rich v. Shrader*, 823 F.3d 1205, 1209 (9th Cir. 2016) (citation and internal quotation marks omitted). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. *See,*

*e.g.*, *Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there is no need to prolong the litigation by permitting further amendment" where the "basic flaw" in the pleading cannot be cured by amendment).

Given the minimal changes offered by Plaintiff after receiving this Court's order dismissing the FAC, it is clear that further amendment would be futile. As such, the Court should deny leave to amend and dismiss Plaintiff's Fourth and Fifth Claims for Relief with prejudice.

## V.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant its Motion as prayed and dismiss Plaintiff's Fourth and Fifth Claims in his Second Amended Complaint with prejudice pursuant to Fed. R. Civ. Proc. 12(b)(6).

DATED:  November 21, 2024          **LYNBERG & WATKINS**
A Professional Corporation


By: */s/ Anita K. Clarke*
**SHANNON L. GUSTAFSON**
**ANITA K. CLARKE**
**AMY R. MARGOLIES**
Attorneys for Defendant,
COUNTY OF SAN BERNARDINO

**COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

1
2

## <u>CERTIFICATE OF COMPLIANCE</u>

3    The undersigned, counsel of record for the County of San Bernardino certifies
4    that this brief contains 5,634 words, which:

5    √ complies with the word limit of L.R. 11-6.1.

6    ☐ complies with the word limit set by court order dated _____.

7
8
9    DATED:  November 21, 2024          **LYNBERG & WATKINS**
                                        A Professional Corporation
10
11
12                                      By:  /s/ *Anita K. Clarke*
                                        **SHANNON L. GUSTAFSON**
13                                      **ANITA K. CLARKE**
                                        **AMY R. MARGOLIES**
14                                      Attorneys for Defendant,
                                        COUNTY OF SAN BERNARDINO
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**