SHANNON L. GUSTAFSON (SBN 228856)
sgustafson@lynberg.com
AMY R. MARGOLIES (SBN 283471)
amargolies@lynberg.com
ANITA K. CLARKE (SBN 321015)
aclarke@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite #1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendant, COUNTY OF SAN BERNARDINO

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WRIGHT,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SAN BERNARDINO; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 5:24-cv-1123-JLS-JC<br><br>*Assigned for All Purposes to: Honorable Josephine L. Staton*<br><br>*Courtroom 8A*<br><br>**DEFENDANT COUNTY OF SAN BERNARDINO'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Date:  December 27, 2024<br>Time:  10:30 a.m.<br>Dept.:  8A<br><br>*Trial:  Not set yet*<br><br>*Complaint filed: 5/28/24*<br>*FAC filed:  07/29/24*<br>*SAC filed:  11/7/24* |

1

**DEFENDANT COUNTY OF SAN BERNARDINO'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

I. **PRELIMINARY STATEMENT**

Plaintiff's sole support for his Monell claims consists of five cases of unproven allegations and three cases that went to verdict in a span of 10 years against one of the largest Counties in the country. Plaintiff argues the eight cases he cites from 2014 to present as support for his *Monell* claims resulted in jury verdicts against the deputies <u>or</u> settlements in favor of Plaintiffs. What Plaintiff avoids is acknowledging how many of these cases actually resulted in a finding of liability. Only three of the cases cited by Plaintiff resulted in Plaintiff's verdicts. Simply because a verdict was rendered in the other three cases does not mean the jury found a failure to train and/or unconstitutional custom or practice against the County, and certainly does not show any failure to train and/or unconstitutional custom or practice was the same issue that caused Plaintiff's injuries. The majority of the cases cited by Plaintiff either did not have a disposition stated in the SAC or resulted in settlements, ultimately no finding of liability was made. Contrary to Plaintiff's statement that these settlements were in Plaintiff's favor, whether the settlement is in favor of Plaintiff is heavily subjective and amounts to unproven allegations. "Unproven allegations made in other lawsuits" do not establish a jury-worthy *Monell* claim. *Hays v. City of New York*, 2017 WL 782496, at *7 (S.D.N.Y. Feb. 28, 2017); *see Galban v. City of Fontana*, 2021 WL 1307722, at *2 (C.D. Cal. Apr. 7, 2021) ("The Court declines to construe unproven allegations in other pending cases concerning violations of unrelated civil rights as supporting an overarching City policy of indifference to the broad panoply of inhabitants' constitutional rights.")

While there were three cases that resulted in Plaintiff's verdicts, the only arguable similarity between those cases and Plaintiff's here appears to be that the Plaintiffs alleged excessive force. Merely reciting a list of other excessive force cases is not enough and this Court has already told Plaintiff as much. *See,* Dkt. 20 – Order Granting Motion to Dismiss First Amended Complaint ("the FAC contains virtually

no allegations regarding the underlying facts of those cases, making it impossible for the Court to assess whether they support the existence of the particular policies alleged to have caused Wright's injuries. Nor can the Court determine whether the facts of those cases are similar enough to the facts here to demonstrate the County's deliberate indifference."); *Jackson v. Cnty. of San Bernardino*, 2023 WL 9066307, at *5 (C.D. Cal. Sept. 29, 2023) ("the Court concludes it cannot be reasonably inferred from the allegations in these 31 lawsuits that there are 12 widespread customs that caused the Fourth Amendment violations.").

## II.     PLAINTIFF'S MONELL CLAIMS ARE INSUFFICIENTLY PLED

Plaintiff identifies the exact same vague and conclusory list of training and/or policy allegations in her Opposition (Dkt. 23 - 8:28-9:26) that already failed to pass muster when the Court dismissed the FAC. (Dkt. 20). Despite clear direction from this Court, Plaintiff once again fails to address the issue – how are the plethora of alleged training issues, policies and/or customs the ***cause*** of the injuries in the eight cases Plaintiff cites to as well as the case at bar.

Plaintiff does not appear to dispute that municipal liability claims must be supported by a record of numerous, similar incidents. *Sloman v. City of Simi Valley*, 21 F.3d 1462, 1470 (9th Cir. 1994) ("Individual action like [the defendant officer's] does not rise to the level of the 'well-settled', 'widespread' practices contemplated in the cases discussing municipal liability"; jury verdict against city defendant for one employee officer's "habitual" conduct overturned as error); *Meehan v. Los Angeles County*, 856 F.2d 102 (9th Cir. 1988) (two incidents not sufficient to establish actionable *Monell* custom); *Davis v. Ellensburg*, 869 F.2d 1230 (9th Cir. 1989) (manner of one arrest insufficient to establish wrongful *Monell* policy); *Davis v. City of San Jose*, 2014 WL 2859189, at *10 (N.D. Cal. June 20, 2014) (dismissing *Monell* claims and noting plaintiffs allegations contained "no facts . . . concerning a pattern of *repeated* violations that would give the City fair notice to enable it to defend itself

properly. [Citation].") (emphasis in original); *A. B. et al v. City of Santa Ana et al.*, 2019 WL 1578380, at *4 (C.D. Cal. Feb. 11, 2019) ("In the FAC, plaintiffs allege that defendants were acting pursuant to customs, policies, usages and practices of City and the City of Santa Ana Police Department, that defendants violated plaintiffs' rights as a result of those policies, and that plaintiffs were injured as a result.")

Nor does Plaintiff dispute that even more incidents are required to establish a *Monell* "custom" where, as here, the Defendant municipality is large and heavily populated. *See, e.g. Ramirez v. County of Los Angeles*, 397 F. Supp. 2d 1208, 1228 (C.D. Cal. 2005) ("[T]he contention that in 13 cases, out of the tens of thousands handled by the Sheriff's Department, a Defendant was found factually innocent does not prove that there was any civil rights violation in those cases, let alone prove the content of the unlawful custom, policy or practice."); *Pineda v. City of Houston*, 291 F.3d 325, 329 (5th Cir. 2002) ("Eleven incidents each ultimately offering equivocal evidence of compliance with the Fourth Amendment cannot support a pattern of illegality in one of the Nation's largest cities and police forces."); *Henderson v. City & Cnty. of San Francisco*, 2006 WL 3507944, at *10 (N.D. Cal. Dec. 1, 2006) ("On plaintiffs' account, then, fewer than one-quarter of one percent of county jail inmates complain of any kind of force in a year . . . The court agrees with defendants that instead of creating an issue of fact on the existence of a pervasive custom of excessive force, plaintiffs' proffered evidence forecloses it."); *Hamilton v. Rodgers*, 791 F.2d 439, 443 (5th Cir. 1986) (approximately twelve racial employment incidents in 30 months in Houston Fire Department insufficient to constitute pattern for purposes of civil rights laws.); *Carter v. District of Columbia*, 795 F.2d 116, 123-24 (D.C. Cir. 1986) (plaintiff produced evidence of approximately eleven prior incidents in an effort to establish municipal custom; Court enters directed verdict for city: "This catalog of disquieting events is not sufficient to demonstrate a pervasive pattern of police officer use of force, persisting in the District because of [supervisory] tacit approval . . .");

**DEFENDANT COUNTY OF SAN BERNARDINO'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

*Ramos v. City of Chicago*, 707 F. Supp. 345, 347 (N.D. Ill. 1989) (six prior incidents fail to make out prima facie civil rights case against large municipality); *see also Washington Mobilization Comm. v. Cullinane*, 566 F.2d 107, 122 (D.C. Cir. 1977) ("The [municipal] defendants cannot be charged with the [25] aberrations of a comparative handful of individual policemen in a department consisting of 5,000 members.")

Yet Plaintiff continues to stubbornly maintain that an extremely limited list of prior lawsuits and settlements without any clearly defined allegations as to why they are similar and how they caused Plaintiff's injuries is enough when Courts, including this one when it dismissed the FAC, have held it is not. *Jackson v. Cnty. of San Bernardino*, 2023 WL 9066307, at *5 (C.D. Cal. Sept. 29, 2023) (in dismissing a *Monell* claim where plaintiff's complaint merely listed a host of other alleged incidents without more, "the Court concludes it cannot be reasonably inferred from the allegations in these 31 lawsuits that there are 12 widespread customs that caused the Fourth Amendment violations."); *Raudelunas v. City of Vallejo,* 2022 WL 329200, at *8 (E.D. Cal. Feb. 3, 2022) (concluding the plaintiff failed to sufficiently allege a custom of excessive force where prior lawsuits involved ***dissimilar*** excessive-force allegations); *see also*, *Brown v. Cnty. Of San Bernardino*, 2021 WL 99722, at *5 (C.D. Cal. 2021) ("Although the FAC makes some cursory references to prior shootings . . . it fails to explain what happened, when, who was involved, any similarities to the facts here, or the Defendants' subsequent actions. These allegations are far from sufficient to establish a widespread practice or custom").

Instead, Plaintiff ignores all of the foregoing authority and this Court's order dismissing the FAC, and now claims that the district court's decision in *Sprowl v. City of Barstow*, 2018 WL 8058374, at *4-5 (C.D. Cal. Dec. 10, 2018) somehow stands for the proposition that as long as Plaintiff only cites a few cases and states they are but examples of more, the pleading will suffice. What Plaintiff fails to

1 appreciate here is that Plaintiff has not even put forth a single case sufficiently similar to establish any type of policy or custom was in existence. Moreover, the cases cited by Defendants *Jackson, Raudelunas* and *Brown,* all decided after *Sprowl* and much more recently have clearly stated that a limited list of dissimilar cases will not suffice.

To hold a complaint that indicates a non-exclusive list, such as "a few examples," sufficient to establish similar cases to allege a widespread issue showing deliberate indifference for a *Monell* claim would be in stark contrast to established pleading standards. A plaintiff cannot "plead facts that are merely consistent with a defendant's liability," as "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (when evaluating the merit of a Rule 12(b)(6) Motion to Dismiss, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."). These settled pleading rules apply to "Municipal Liability" claims like Plaintiff's. *See A.E. ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (noting that pleading standards announced in *Iqbal* and *Twombly* "appl[y] to *Monell* claims and should govern future pleadings in this case"); *see also Moore v. County of Orange*, 2017 WL 10518114, at *3 (C.D. Cal. 2017) (citing rule); *Wilkey v. County of Orange*, 2017 WL 11447980, at *3 (C.D. Cal. 2017) (dismissing *Monell* claim with prejudice where "custom and policy" allegations amounted to "rote recitation of the elements of a *Monell* claim for Section 1983 liability against a municipality . . . "); *Davis v. City of San Jose*, 2014 WL 2859189, at *13 (N.D. Cal. 2014) (granting Rule 12 motion to dismiss *Monell* claims as being "entirely conclusory" and "nothing more than a simple recitation of the elements of a *Monell* claim. As such, Plaintiff's allegations are not entitled to a presumption of truth.").

Plaintiff further argues that the eight cases are sufficient to allege a *Monell* claim regardless of the "example" language. Plaintiff cites to *Spell v. McDaniel*, 824 F.3d 1380, 1400 (4th Cir. 1987)[1], *United States v. Austin*, 64 F.3d 294, 400 (7th Cir. 1995)[2], *Estate of Osuna v. Cnty. of Stanislaus*, 392 F. Supp.3d 1162, 1173-74 (E.D. Cal. 2019), *J.M. v. Cnty. of Stanislaus*, 2018 WL 589725, at *5-6 (E.D. Cal. Nov. 7, 2018)[3], *NeSmith v. Cnty. of San Diego*, 2016 WL 4729309, at *6 n.3 (S.D. Cal. Sept. 12, 2016), and *Guevara v. Cnty. of Los Angeles*, 2015 WL 224727, at *4 (C.D. Cal. Jan. 15, 2015). However, all of these cases are distinguishable.

Setting aside that they are both extremely old out of circuit cases, *Spell* and *Austin* discussed whether certain past settlements could be admitted into evidence at trial based on the facts and circumstances of those cases, not whether a Plaintiff had pled sufficiently similar conduct to establish a Monell claim at the pleading stage.

In *Estate of Osuna*, the Court emphasized that the alleged incidents were numerous, similar, in close proximity to the incident, and involved the same policy or custom, Plaintiff has not made such a showing here as already emphasized by the Court when it dismissed similar allegations in the FAC. *Id.* at 1173-74. Likewise, the allegations in *NeSmith* and *Guevara* involved multiple cases remarkably similar and close in time. In contrast, Plaintiff here plucks out eight cases over a 10-year time frame with extremely wide ranging fact patterns.

Perhaps recognizing the complete lack of any similarity between Plaintiff's case and the list provided, Plaintiffs Opposition attempts to focus on the cases of *M.A., et al. v. County of San Bernardino, et al.*, Case No.: 8:20-cv-00567-JFW-SHK and

---

[1] Plaintiff incorrectly cites this case. The correct citation is *Spell v. McDaniel*, 824 F.2d 1380 (4th Cir. 1987)

[2] Plaintiff incorrectly cites this case. The correct citation appears to be *United States v. Austin*, 54 F.3d 394 (7th Cir. 1995).

[3] Plaintiff incorrectly cites this case. The correct citation is *J.M. v. Cnty. of Stanislaus*, 2018 WL 5879725 (E.D. Cal. Nov. 7, 2018).

**DEFENDANT COUNTY OF SAN BERNARDINO'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

*Archibald v. County of San Bernardino*. (Dkt. 23 Opposition – 12:3-21). Distinctions have already been made between *M.A.* and the case at bar, including that in *M.A.* deputies were responding to a domestic disturbance at an apartment complex wherein the subject was shot. (SAC ¶ 58(b)). Plaintiff went into great detail in the SAC about how there was a discrepancy in the number of bullets fired and alleged mishandling of evidence and subsequently found to not be out of policy, but nowhere in Plaintiff's SAC is there any reference to similar conduct that occurred with respect to Mr. Wright. Likewise, Plaintiff describes the issue in *Archibald* as the "unnecessary escalation of a consensual encounter, resulting in an unjustified shooting. (Dkt. 23 Opposition – pg. 8). Here, at best as Defendants can ascertain from the limited information available, Wright was involved in a traffic stop where less lethal force was used.

Without further similarities, these cases cannot support any widespread training issue and/or unconstitutional policy, let alone one that **_caused_** Plaintiff's alleged injuries here. *See e.g.*, *Brown v. Cnty. of San Bernardino*, 2021 WL 99722, at *5 (C.D. Cal. 2021) ("Although the FAC makes some cursory references to prior shootings . . . it fails to explain what happened, when, who was involved, any similarities to the facts here, or the Defendants' subsequent actions. These allegations are far from sufficient to establish a widespread practice or custom").

Plaintiff has not and is unable to allege a widespread issue. Again, although Plaintiff asserts these eight cases were only examples, if Plaintiff had more, he can and should have cited to them or at minimum made more of an effort to explain what the eight existing cases have to do with Plaintiff. He declined. For all of the reasons set forth in Defendants' moving papers and stated herein, Plaintiff's Monell claims should now be dismissed.

### III. LEAVE TO AMEND SHOULD BE DENIED

Plaintiff's allegations in his First Amended Complaint and Second Amended

Complaint are virtually identical besides adding more background information concerning the eight cases cited as "similar." (*See* Motion to Dismiss, Dkt. 22-2 – Exhibit A). As set forth in Defendants' moving papers and herein, the additional "background" information is still woefully lacking.

"Although leave to amend a deficient [pleading] shall be freely given when justice so requires, leave may be denied if amendment of the complaint would be futile." *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010). If, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. *See, e.g.*, *Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there is no need to prolong the litigation by permitting further amendment" where the "basic flaw" in the pleading cannot be cured by amendment).

Defendants met and conferred with counsel before the filing of this Motion, at which time Plaintiff was adamant that the allegations were sufficient and no amendment was required nor does Plaintiff's Opposition state what amendments would possibly be made if leave were provided. As such, it is abundantly clear given the minimal changes between the dismissed FAC and the current SAC, Plaintiff has nothing more to offer. He should therefore not be given a fourth bite of the apple and leave to amend should be denied.

DATED: December 13, 2024

**LYNBERG & WATKINS**
A Professional Corporation

By: */s/ Anita K. Clarke*
**SHANNON L. GUSTAFSON**
**AMY R. MARGOLIES**
**ANITA K. CLARKE**
Attorneys for Defendant,
COUNTY OF SAN BERNARDINO,

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for the County of San Bernardino certifies that this brief contains 2,671 words, which:

√ complies with the word limit of L.R. 11-6.1.

☐ complies with the word limit set by court order dated _____.

DATED: December 13, 2024    **LYNBERG & WATKINS**
A Professional Corporation

By: /s/ *Anita K. Clarke*
**SHANNON L. GUSTAFSON
AMY R. MARGOLIES
ANITA K. CLARKE**
Attorneys for Defendant,
COUNTY OF SAN BERNARDINO