UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  5:24-cv-01123-JLS-JC | Date: January 14, 2025 |
| Title:  James Wright v. County of San Bernardino et al | |

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:   (IN CHAMBERS)   ORDER DENYING MOTION TO DISMISS SECOND AMENDED COMPLAINT (Doc. 22)**

Before the Court is a Motion to Dismiss Second Amended Complaint filed by Defendant County of San Bernardino (the "County").  (Mot., Doc. 22.)  Plaintiff James Wright opposed, and the County responded.  (Opp., Doc. 23; Reply, Doc. 24.)  Having taken the matter under submission, and for the following reasons, the Court DENIES the Motion.

**I.    BACKGROUND**

   **A.    Factual Allegations**

This civil rights action arises from the alleged unlawful detention and use of excessive force by County Sheriff's deputies against Plaintiff James Wright.  (Second Amended Complaint ("SAC"), ¶ 1, Doc. 21.)  The following allegations are taken from the SAC.

On June 7, 2022, Wright was driving his vehicle and had not committed any traffic infractions or crimes when Doe deputies initiated a traffic stop. (*Id.* ¶ 17.)  Wright pulled over near the intersection of Bear Valley Road and Hesperia Road in Victorville,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:24-cv-01123-JLS-JC                                    Date: January 14, 2025
Title:  James Wright v. County of San Bernardino et al

California.  (*Id.* ¶ 18.) Wright followed the deputies' commands to place his hands on the steering wheel and was then "shot at and struck by lethal and less-lethal rounds." (*Id.*) After placing Wright in handcuffs, the deputies "held [Wright] prone against the ground" and placed their knees on his back "for a prolonged period of time." (*Id.* ¶ 20.) Although Wright suffered serious injuries, he was denied prompt medical attention.  (*Id.* ¶ 21.) Wright was unarmed and posed no immediate threat to the safety of the deputies during the encounter.  (*Id.* ¶ 19.)  As a result of the deputies' use of excessive force and the delay of medical care, Wright has sustained "serious physical injuries"; "incurred financial loss and expenses in the form of past and future loss of earnings, decreased earning capacity, and past and future medical expenses"; and "endured pain and suffering and emotional and mental distress stemming from the physical injuries." (*Id.* ¶ 22.)

Wright alleges that the County maintains at least ten policies, practices, and customs that caused his injuries. (*Id.* ¶ 71.)  According to the SAC, the County has policies, practices, and customs of:

a. Using excessive force, including excessive deadly force;
b. Providing inadequate training regarding the use of deadly force;
c. Employing and retaining as officers individuals whom [the] County at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;
d. Inadequately supervising, training, controlling, assigning, and disciplining County sheriff's deputies, and other personnel, whom [the] County knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;
e. Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by County sheriff's deputies;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:24-cv-01123-JLS-JCDate: January 14, 2025
Title: James Wright v. County of San Bernardino et al

    f. Failing to adequately discipline County sheriff's deputies for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;
    g. Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;
    h. Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;
    i. Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing;
    j. Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of unarmed people.

(*Id.* ¶ 69.)

    **B.**    **Procedural History**

    Wright initiated this action on May 28, 2024, and filed the First Amended Complaint ("FAC") on July 29, 2024. (Compl., Doc. 1; FAC, Doc. 14.) The FAC asserted six claims under 42 U.S.C. § 1983—three claims against the Doe deputies for violations of the Fourth Amendment and three *Monell* claims against the County for ratifying the deputies' use of excessive force, failing to adequately train its officers, and maintaining unconstitutional policies and customs. (FAC ¶¶ 49–88.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:24-cv-01123-JLS-JC                                     Date: January 14, 2025
Title:  James Wright v. County of San Bernardino et al

In an order issued on October 25, 2024, the Court granted the County's motion to dismiss Wright's three *Monell* claims with leave to amend.  (Order re Mot. to Dismiss FAC, Doc. 20.)  Wright filed the SAC on November 7, 2024.  (SAC.)  The SAC asserts the same claims as previously asserted in the FAC, with the exception that Wright has withdrawn his ratification claim against the County.  (*See id*.)

## II.     LEGAL STANDARD

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Furthermore, courts must draw all reasonable inferences in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  Finally, the Court may not dismiss a complaint without leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (internal quotation marks omitted).

## III.    ANALYSIS

The County moves to dismiss Wright's claims for *Monell* liability, arguing that the SAC contains only "minimal changes [from the FAC], none of which address the prior issues expressed by the Court" in its prior Order.  (*See* Mot.; Mem. at 10.)  The County argues that the SAC's allegations are too vague and conclusory to support a plausible

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:24-cv-01123-JLS-JC                                  Date: January 14, 2025
Title:  James Wright v. County of San Bernardino et al

claim for municipal liability.  (*Id.* at 11.)  For the reasons described below, the Court disagrees.

Section 1983 prohibits persons, including the County, from depriving a person of a federal constitutional right while acting under the color of state law.  42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).  Municipalities cannot be held vicariously liable for the actions of their employees under this statute.  *Id.* at 691.  However, municipalities may be liable under section 1983 for constitutional injuries pursuant to "(1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker."  *Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019).  To prevail on such a claim, the plaintiff must show that the alleged policy, custom, or practice was the "moving force" behind the plaintiff's constitutional injuries.  *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) (quoting *Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007)).

The SAC asserts two *Monell* liability theories: (1) unconstitutional policy, practice, and custom, and (2) inadequate training.  The Court addresses each in turn.

### A.   Unconstitutional Policy, Custom, or Practice

In its prior Order, the Court identified two key deficiencies with this claim.  First, the FAC's allegations regarding the specific use of force at issue here were too vague to support the inference that Wright's injuries were caused by the ten policies and customs alleged in the FAC.  (Order re Mot. to Dismiss FAC at 7.)  Second, the FAC failed to adequately allege a pattern of similar incidents to demonstrate the existence of the alleged policies and customs.  (*Id.* at 7–8.)  The Court explained that while the FAC cited 13 previous lawsuits involving excessive force allegations against the County, the FAC contained "virtually no allegations regarding the underlying facts of those cases, making

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:24-cv-01123-JLS-JC                              Date: January 14, 2025
Title:  James Wright v. County of San Bernardino et al

it impossible for the Court to assess whether they support the existence of the particular policies alleged to have caused Wright's injuries." (*Id*. at 8.)  Despite the County's contentions otherwise, the Court concludes that Wright has sufficiently remedied these deficiencies in the SAC to survive the motion-to-dismiss stage.

As to the first issue, the SAC makes clear that Wright was the subject of a police shooting by County deputies.  Specifically, the SAC alleges that Wright "was shot at and struck by lethal and less-lethal rounds" by County deputies even though he was unarmed and complying with the deputies' commands.  (SAC ¶¶ 18, 19.)  While the Court recognizes that the SAC's allegations regarding the circumstances of the shooting would benefit from further detail, the Court finds that the SAC provides sufficient facts to "give fair notice" to the County such that it can "defend itself effectively." *AE ex rel.*, 666 F.3d at 637 (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).

As to the second issue, the SAC sufficiently alleges a "widespread practice that, although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a custom or usage' with the force of law." *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 123, 127 (1988) (citation omitted).  Generally, liability for a policy or custom claim "may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *See Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).  But there is no per se rule regarding the number of prior unconstitutional incidents required to establish the existence of a policy or custom under *Monell*.  *See Brown v. County of San Bernardino*, 2021 WL 4706709, at *3 (C.D. Cal. Aug. 18, 2021) ("[T]here is no 'quantum of allegations needed to survive a motion to dismiss a pattern and practice claim.'") (quoting *Gonzalez v. County of Merced*, 289 F. Supp. 3d 1094, 1099 (E.D. Cal. 2017)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:24-cv-01123-JLS-JC                              Date: January 14, 2025
Title:  James Wright v. County of San Bernardino et al

The SAC realleges the ten policies, customs, and practices alleged in the FAC. (SAC ¶ 69.)  To support this claim, the SAC cites eight previous lawsuits in which the County and its deputies were either found liable or agreed to pay a substantial monetary sum to resolve excessive use of force claims brought against them.  (*Id.* ¶ 75(a)–(h).)  Wright alleges that these eight incidents, which span a ten-year period, occurred without disciplining or retraining of the deputies involved.  (*Id.* ¶¶ 69(h), (j), 75.)

In contrast to the FAC, the SAC describes the underlying facts of these eight cases with sufficient detail to put the County on notice of the alleged policies and customs connecting them.  *Cf. Bagley v. City of Sunnyvale*, 2017 WL 5068567, at *6 (N.D. Cal. Nov. 3, 2017) (dismissing *Monell* excessive force claim alleging a policy based on two "vaguely described" prior incidents).  Although none of the factual circumstances in these cases perfectly match the circumstances alleged here, the Court finds that at least some of these examples are sufficiently similar (and close enough to the incident at issue) to permit the inferences that the alleged policies and customs exist and were the moving force behind Wright's injuries.  For instance, out of the eight cases cited, all involved individuals who were allegedly shot by San Bernardino Sheriff's deputies even though they did not pose an immediate threat of death or serious bodily injury; five involved shootings of individuals who were allegedly unarmed; and two involved shootings of individuals who were allegedly complying with the deputies' commands.  (*See* SAC ¶ 75(a)-(h); Opp. at 11.)  Moreover, Wright alleges that the County failed to retrain or reprimand the deputies involved even though three of the cases resulted in jury verdicts against the County.  (SAC ¶¶ 69(h), (j), 75.)  "[E]vidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded" can be sufficient to support a finding of municipal policy.  *Hunter v. County of Sacramento*, 652 F.3d 1225, 1233 (9th Cir. 2011).  Taken together, these eight incidents plausibly show the existence of the policies and customs that allegedly caused Wright's injuries. *See Brown v. County of San Bernardino*, 2021 WL 4706709, at *4–5 (C.D. Cal. Aug. 18, 2021) (concluding that 11 incidents involving excessive force by the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  5:24-cv-01123-JLS-JC | Date: January 14, 2025 |
| Title:  James Wright v. County of San Bernardino et al | |

defendant's deputies spanning a period of 14 years sufficed to establish a pattern or practice of excessive force at the motion-to-dismiss stage).

Contrary to the County's suggestion, (*see* Mem. at 15), the fact that some of the cases on which Wright relies were voluntarily dismissed due to settlement and thus "do not include findings by a competent court that deputies used unconstitutional levels of force" is "not dispositive."  *J.M. by & Through Rodriquez v. county of Sanislaus*, 2018 WL 5879725, at *6 (E.D. Cal. Nov. 7, 2018).  Rather, "[w]hether the prior incidents did involve misuses of force and establish that [the] alleged custom, policy, or practice exists is a question of fact."  *Id.*; *see also Estate of Osuna v. County of Sanislaus*, 392 F. Supp. 3d 1162, 1173 (E.D. Cal. 2019) ("Whether these previous cases are all manifestations of the same policy or custom, and whether that policy or custom was the moving force behind the injury to decedent in this case, are factual issues to be determined following the discovery phase of this litigation.").  Viewing the SAC as a whole, the Court concludes that Wright has offered enough detail to plausibly state a claim at this stage in the proceedings.

### B.     Inadequate Training

The County similarly seeks to dismiss Wright's failure to train claim.  (Mem. at 20–22.)  To state a claim based on this theory, Wright must show that (1) he was deprived of a constitutional right, (2) the County had a training policy that was deliberately indifferent to the rights of persons with whom its employees are likely to come into contact, and (3) the constitutional injury would have been avoided had the County properly trained its employees.  *Benavidez v. County of San Diego*, 993 F.3d 1134, 1153-54 (9th Cir. 2021).  A municipality's "continued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees may establish the conscious disregard for the consequences of their action—the 'deliberate indifference'—necessary to trigger municipal liability."  *Board of County Comm'rs of*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:24-cv-01123-JLS-JC                                           Date: January 14, 2025
Title:  James Wright v. County of San Bernardino et al

*Bryan County v. Brown*, 520 U.S. 397, 407 (1997).  Thus, a plaintiff may point to "a pattern of tortious conduct" by municipal employees as evidence that a regime of inadequate training was the "moving force" behind their injuries.  *Id.* at 407–08 (citation omitted).

      Wright alleges that the County's policies were inadequate to train its deputies to avoid uses of excessive force.  Specifically, Wright alleges that the County failed to properly train its deputies on how to (1) de-escalate interactions with individuals, (2) assess the dangerousness of situations and the need for force, and (3) communicate effective warnings prior to deploying force.  (SAC ¶ 56 (a), (b)–(c), (d).)  Wright maintains that these deficient aspects of the County's training of its deputies were the "moving force" behind his injuries, as the deputies that are the subject of this lawsuit failed to properly assess the dangerousness of the situation and did not communicate clearly before using force against Wright.  (*Id.* ¶¶ 56(c), (e), 57.)

      The County argues that Wright's failure to train claim should be dismissed because the SAC supplies only "vague and conclusory allegations" to support this claim and fails to establish the existence of "widespread systemic failures."  (Mem. at 20–21.) However, as explained in Section III.A, the Court finds that the eight previous incidents described in detail in the SAC plausibly show a pattern of "prior, similar violations of federally protected rights, of which the [County] had actual or constructive notice." *Hyun Ju Park v. City and County of Honolulu*, 952 F.3d 1136, 1141–42 (9th Cir. 2020). Accepting Wright's allegations as true, as the Court must at this stage, the Court concludes that Wright has adequately stated a failure to train claim under *Monell*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:24-cv-01123-JLS-JC                               Date: January 14, 2025
Title:  James Wright v. County of San Bernardino et al

**IV.     CONCLUSION**

For the above reasons, the County's Motion to Dismiss Second Amended Complaint is DENIED.

Initials of Deputy Clerk: kd