SHANNON L. GUSTAFSON (SBN 228856)
sgustafson@lynberg.com
AMY R. MARGOLIES (SBN 283471)
amargolies@lynberg.com
EDWARD J. SOUTHCOTT, JR. (SBN 305701)
esouthcott@lynberg.com
ANITA K. CLARKE (SBN 321015)
aclarke@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite 1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendant COUNTY OF SAN BERNARDINO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WRIGHT,<br><br>          Plaintiff,<br><br>     vs.<br><br>CITY OF SAN BERNARDINO; and DOES 1-10, inclusive,<br><br>          Defendants. | CASE NO. 5:24-cv-1123-JLS-JC<br><br>*Assigned for All Purposes to:*<br>*Honorable Josephine L. Staton*<br><br>*Courtroom 8A*<br><br>**DEFENDANT COUNTY OF SAN BEERNARDINO'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT; JURY DEMAND**<br><br>*Complaint Filed: May 28, 2024*<br>*FAC Filed:     July 29, 2024*<br>*SAC Filed:    November 7, 2024* |

///
///
///
///
///
///
///

1
**DEFENDANT COUNTY OF SAN BEERNARDINO'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT; JURY DEMAND**

1       **COMES NOW**, Defendant COUNTY OF SAN BERNARDINO ("County"), (hereinafter "Defendant") in answering Plaintiff JAMES WRIGHT ("Plaintiff") Second Amended Complaint ("SAC") on file herein, for themselves alone and for no other Defendant, admit, deny, and allege as follows:

    1.    In answering paragraphs 2 and 3, Defendant admits Plaintiff has stated the correct basis for the Court's current exercise of jurisdiction but denies any inference that the Court will retain jurisdiction on the same stated grounds throughout the entirety of this action. Defendant denies the remainder of this paragraph.

    2.    In answering paragraph 5, Defendant admits the County of San Bernardino is a governmental entity in the State of California and that the San Bernardino County Sheriff's Department is a department within the County of San Bernardino. Defendants deny the remainder of this paragraph.

    3.    In answering paragraphs 1, 15, 17, 18, 19, 20, 21, 22, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 65, 66, 67, 68, 69, 70, 71, 72, 73.74, 75, 76, 77, 78, and 79 of the SAC, Defendant denies generally and specifically each and every allegations contained therein. Further, Defendant denies Plaintiff was injured or damaged in any amount or sum, or at all, by reason of any wrongful act or omission of Defendant.

    4.    In answering paragraphs 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 50, 51 and 64 Defendant does not have sufficient information or belief to enable them to answer said paragraphs at this time and on that basis, Defendant denies each and every allegation contained therein.

    5.    In answering paragraphs 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47 and 48 of the SAC, Defendant provides no response to Plaintiff's First, Second and Third Claims for relief as these allegations are not being asserted against this answering Defendant.

6.  In answering paragraphs 16, 49, and 63, Defendant reiterates and incorporates by reference its answers to those paragraphs previously contained in this answer.

7.  As to Plaintiff's "Prayer for Relief," Defendant denies Plaintiff was injured or damaged in any amount or sum, or at all, by reason of any act or omission of Defendants, and further denies that Plaintiff is entitled to any recovery.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses, defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

8.  Plaintiff's claims are time-barred by the operative statute(s) of limitation.

### SECOND AFFIRMATIVE DEFENSE

9.  Defendant alleges that Plaintiff's action is barred by reason of conduct, actions and inactions of Plaintiff which amounts to and constitutes a waiver of any right Plaintiff may or might have had in reference to the matters and things alleged in the Second Amended Complaint, or that otherwise estop Plaintiff from recovery in this action, including but not limited to the doctrine of unclean hands

### THIRD AFFIRMATIVE DEFENSE

10. Plaintiff's claims are barred or limited to the extent Plaintiff failed to mitigate plaintiff's injuries or damages, if there were any. Plaintiff has failed to mitigate the damages, if any, which Plaintiff has sustained, and to exercise reasonable care to avoid the consequences of harms, if any, in that, among other things, Plaintiff has failed to use reasonable diligence in caring for any injuries, failed to use reasonable means to prevent aggravation of any injuries and failed to take reasonable precautions to reduce any injuries and damages.

### FOURTH AFFIRMATIVE DEFENSE

11. All County of San Bernardino employees mentioned in Plaintiff's

Second Amended Complaint acted in good faith, without malice, and within the scope of their duties as peace officers of the State of California. At all times pertinent to this action, the actions of the County of San Bernardino and its employees were reasonable, proper, and legal in all respects, and not committed for any improper or unconstitutional purpose.

### FIFTH AFFIRMATIVE DEFENSE

12. Any injury or damages suffered by Plaintiff was caused solely by reason of Plaintiff's own wrongful acts and conduct and not by reason of any unlawful act or omission of these Defendant. Moreover, Plaintiff failed to act in compliance with the mandates of the California Penal Code, as well as other laws, and this failure proximately caused and/or contributed to the injuries and damages claimed by Plaintiff's his Second Amended Complaint.

### SIXTH AFFIRMATIVE DEFENSE

13. Plaintiff's claims are barred by the Qualified Immunity Doctrine.

### SEVENTH AFFIRMATIVE DEFENSE

14. Plaintiff willingly, voluntarily, and knowingly assumed each, every, and all the risks and hazards involved in the activities referred to in the Second Amended Complaint. Defendant is not liable for injury or damages, if any there were, because Plaintiff was aware of the dangers and risks with respect to the alleged actions, and did knowingly, and voluntarily, and freely assume and expose himself to said known risks, which assumption of the risk caused and/or contributed to the alleged damages sought by Plaintiff, therefore barring Plaintiff, in any capacity, from recovering, any relief from Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

15. Plaintiff's claims are barred by the principles expressed in Jones v. Williams, 297 F.3d 930, 935 (9th Cir. 2002), requiring personal participation for liability under 42 U.S.C. § 1983.

**NINTH AFFIRMATIVE DEFENSE**

16. By the exercise of reasonable effort, Plaintiff could have mitigated the amount of damages, if any there were, but Plaintiff failed and refused, and continued to fail and refuse, to exercise a reasonable effort to mitigate damages, and therefore Plaintiffs are barred from seeking recovery of those damages.

**TENTH AFFIRMATIVE DEFENSE**

17. The present action is not brought or maintained in good faith, and Defendant consequently prays for an award of all reasonable defense costs, including attorneys' fees, pursuant to Fed. Rule Civ. Proc. 11 and/or 42 U.S.C. § 1988.

**ELEVENTH AFFIRMATIVE DEFENSE**

18. This answering Defendant has never taken any action with a conscious disregard of Plaintiff's rights, and have not engaged in any conduct with respect to Plaintiff which would constitute deliberate or intentional conduct, nor has this answering Defendant ratified or approved any such act or acts of others.

**TWELVETH AFFIRMATIVE DEFENSE**

19. Plaintiff's claims are barred by sovereign immunity and/or the federal Eleventh Amendment

**THIRTEENTH AFFIRMATIVE DEFENSE**

20. Neither a public entity nor a public employee is liable for his or her act or omission, exercising due care, in the execution or enforcement of any law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

21. Defendant's actions herein were all pursuant to legitimate penal interests.

**FIFTEENTH AFFIRMATIVE DEFENSE**

22. Defendant alleges that Plaintiff's claims fail to allege a constitutional or statutory violation.

**SIXTEENTH AFFIRMATIVE DEFENSE**

23.  Plaintiff's claims are barred by res judicata and/or collateral estoppel principles.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

24.  Defendant alleges that none of the claims or causes of action of Plaintiff's Second Amended Complaint state facts sufficient to constitute a claim against said Defendant for punitive or exemplary damages.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

25.  Plaintiff fails to state a cause of action against these answering Defendant for punitive damages in that punitive damages violate these Defendant' due process of law rights.

**NINETEENTH AFFIRMATIVE DEFENSE**

26.  These answering Defendants were, at all pertinent times, duly qualified, appointed, and acting as peace officers of the State of California and, at all times therein mentioned, they were engaged in the performance of their regularly assigned duties as peace officers.

**TWENTIETH AFFIRMATIVE DEFENSE**

27.  The force used on Plaintiff, if any, was privileged in that it was used to effect a detention and/or arrest, to prevent escape, to overcome resistance, and/or in self-defense or the defense of others.  Peace officers need not retreat nor desist their law enforcement efforts by reason of Plaintiff's resistance or threatened resistance. Furthermore, peace officers are not to be deemed the aggressor nor do they lose their right to self-defense by the use of reasonable force to effect Decedent's detention and/or arrest, or to prevent Plaintiff's escape or to overcome his resistance.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

28.  Pursuant to Harlow v. Fitzgerald, 457 U.S. 800 (1982), Defendant is immune from liability pursuant to the Federal Civil Rights Act where said

Defendant acted in good faith and entertained an honest and reasonable belief that Defendant's actions were necessary.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

29. Defendant has never taken any action with a conscious disregard of Plaintiff's rights and have not engaged in any conduct with respect to Plaintiff which would constitute deliberate or intentional conduct, nor have Defendant ratified or approved any such act or acts of others.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

30. Plaintiff's Second Amended Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

31. Plaintiff's claims are barred because the alleged constitutional violations were not ordered by a policy maker for the Defendants.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

32. The doctrine of respondeat superior is not available for actions brought under 42 U.S.C. § 1983.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

33. The County of San Bernardino's training was adequate to handle the usual and recurring situations facing its officers and employees and was therefore not deliberately indifferent to Plaintiff's constitutional rights.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

34. The requisite policy, practice, custom, or usage and/or failure to train to establish governmental liability under 42 U.S.C. § 1983 may not be proven through reference to a single unconstitutional incident unless proof of that incident includes proof that it was caused by an existing unconstitutional policy.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

35. Reasonable suspicion and/or probable cause existed for the seizure,

detention, and/or arrest of Plaintiff at all times pertinent to this action.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

36. All events in connection with the incident alleged in Plaintiff's Complaint and any resulting injuries or damages were contributed to and proximately caused by the negligence of Plaintiff and/or Decedent, in that they failed to exercise ordinary care for their own safety under the circumstances, thereby barring any recovery.

## THIRTIETH AFFIRMATIVE DEFENSE

37. Because Plaintiff's Second Amended Complaint is couched in conclusory terms, these Answering Defendant cannot fully anticipate all the affirmative defenses that may be applicable to the within action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

WHEREFORE, Defendant prays that Plaintiff takes nothing by way of the Second Amended Complaint and that Defendant herein recovers its attorney's fees, costs and such other and further relief as the Court may deem just and proper.

DATED: January 27, 2025

**LYNBERG & WATKINS**
A Professional Corporation

By: */s/ Shannon L. Gustafson*
**SHANNON L. GUSTAFSON
AMY R. MARGOLIES
EDWARD J. SOUTHCOTT, JR
ANITA K. CLARKE**
Attorneys for Defendant
COUNTY OF SAN BERNARDINO,

8
**DEFENDANT COUNTY OF SAN BEERNARDINO'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT; JURY DEMAND**

## DEMAND FOR A JURY TRIAL

PLEASE TAKE NOTICE that Defendants hereby demands a trial by jury on all issues pursuant to the Seventh Amendment and Fed. R. Civ. Proc. 38.

DATED: January 27, 2025

**LYNBERG & WATKINS**
A Professional Corporation

By: /s/ Shannon L. Gustafson
**SHANNON L. GUSTAFSON
AMY R. MARGOLIES
EDWARD J. SOUTHCOTT, JR
ANITA K. CLARKE**
Attorneys for Defendant
COUNTY OF SAN BERNARDINO