**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Hang D. Le, Esq. (Bar No. 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiff James Wright

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WRIGHT,<br><br>        Plaintiff,<br>   vs.<br><br>COUNTY OF SAN BERNARDINO; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:24-cv-01123-JLS-JC<br><br>*Hon. Josephine L. Staton*<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date:   March 14, 2025<br>Time:   10:30 a.m.<br>Crtrm:  8A |

1. **STATEMENT OF THE CASE**

    **A. Plaintiffs' Statement**

    This civil rights case arises out of the use of excessive force against Plaintiff James Wright by San Bernardino County Sheriff's Department (SBSD) Deputies on June 7, 2022. On that date, SBSD deputies initiated a traffic stop on Plaintiff and his vehicle. Plaintiff pulled over near the intersection of Bear Valley Road and Hesperia Road in Victorville, California. On information and belief, Plaintiff had not committed any traffic infraction or any crime at the time the traffic stop was initiated. The deputies did not have reasonable suspicion to detain or probable cause to arrest Plaintiff.

    After Plaintiff pulled over, the deputies issued several commands to which Plaintiff complied, including placing Plaintiff's hands on the steering wheel. Despite complying with commands, Plaintiff was shot at and struck by lethal and less-lethal rounds. At all relevant times, Plaintiff did not pose an immediate threat of safety to the deputies or others. At all relevant times, Plaintiff was unarmed.

    After being shot at and struck by lethal and less-lethal rounds, the deputies handcuffed Plaintiff and held home prone against the ground. The deputies placed their knees and weight on Plaintiff's back while Plaintiff was on the ground for a prolonged period of time.

    Plaintiff sustained serious physical injuries and incurred financial loss and expenses from this incident. Plaintiff also endured pain and suffering and emotional distress as a result of this incident.

    **B. Defendant County of San Bernardino's Statement**

    Defendant denies all claims that Plaintiff was unlawfully detained, subjected to excessive force, or denied medical care.  Further, Defendants deny that it maintains any unconstitutional polices, practices or customs, or has failed to adequately train its employees.

//

## 2. SUBJECT MATTER JURISDICTION

This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

## 3. LEGAL ISSUES

1. Whether Plaintiff's rights against unlawful detention and arrest under the Fourth Amendment were violated when SBSD Deputies attempted to detain and arrest Plaintiff;
2. Whether Plaintiff's rights against excessive force, including excessive deadly force, under the Fourth Amendment were violated when SBSD Deputies used less-lethal and lethal force against Plaintiff;
3. Whether Plaintiff's rights against denial of medical care, under the Fourth Amendment were violated following the use of force by SBSD Deputies;
4. Whether County of San Bernardino is liable for Plaintiff's injuries under the Fourth Amendment due to ratification, inadequate training, and unconstitutional custom, practices, and policies; and
5. Damages.

## 4. DAMAGES

Plaintiff is unable to provide a realistic range of probable compensatory damages at this time but expect that these damages will be determined as discovery progresses. Plaintiff also expects to pursue punitive damages and attorney fees in amounts to be later determined.

Defendant denies Plaintiff was injured or damaged in any amount or sum, or at all, by reason of any wrongful act or omission of Defendant, and further denies that Plaintiff is entitled to any recovery.

**5.    INSURANCE**

Defendant County is insured pursuant to Government Code § 990 et. seq.

**6.    MOTIONS**

Plaintiff currently intends to file a motion to seek leave to amend the complaint to name the individual involved officers as soon as their identities are discovered through the discovery process.

The parties anticipate filing discovery motions if needed. Defendant further anticipates filing a Motion for Summary Judgment/Adjudication at the close of discovery, if appropriate.

**7.    COMPLEXITY**

The parties agree that this is not a complex case and therefore is not subject to the Manual for Complex Litigation.

**8.    STATUS OF DISCOVERY**

Discovery has not begun. The parties will exchange initial disclosures on **March 7, 2025**.

**9.    DISCOVERY PLAN**

Plaintiff anticipates on taking the deposition upon oral examination of the involved officers, any additional officers who responded to the scene after the incident, the officers' supervisors, medical personnel, and percipient witnesses. The additional officers, supervisors, medical personnel, and percipient witnesses have not yet been identified.

Plaintiff anticipates on serving written interrogatories, requests for admission, and requests for production of documents on the issues of liability for unreasonable detention and arrest, excessive and unreasonable force, and related municipal liability claims.

Defendant will take the deposition of Plaintiff and any other key witnesses identified by Plaintiff during discovery, including any experts designated by Defendant. Defendants reserve the right to object to any request by Plaintiff to increase the allotted number of depositions.

Defendant also expects to propound written interrogatories, requests for admissions, and request for production of documents regarding the claims and defenses in this matter.

The parties do not see any issues regarding electronically stored information pursuant to Rule 26(f)(3)(C) in this case.

The parties further do not propose that the Court issue any other orders under Federal Rules of Civil Procedure 16(b), 16(c), or 26(c).

The parties proposed a Fact Discovery Cut-Off date of **December 26, 2025**.

**10.     EXPERT DISCOVERY**

The parties propose an Initial Expert Exchange date of **January 9, 2026**, a Rebuttal Expert Exchange date of **January 27, 2026**, and an Expert Discovery Cut-Off date of **March 6, 2026**.

**11.     DISPOSITIVE MOTIONS**

Plaintiff does not currently anticipate filing a dispositive motion but reserves the right to do so. Defendant may seek to file a Motion to Dismiss, if and when new claims or parties are added. Defendant further anticipates filing a Motion for Summary Judgment/Adjudication at the close of discovery, if appropriate. The parties propose a Motion Filing Deadline (except *Daubert* and all other Motions in Limine) of **January 9, 2026**.

**12.     SETTLEMENT/ADR PROCEDURE SELECTION**

The parties have not discussed settlement and wish to conduct further discovery before addressing the possibility of settlement. The parties propose a settlement conference deadline of **February 9, 2026**.

The parties elect to proceed with ADR Procedure No. 2.

**13. TRIAL**

All parties have requested a jury trial. The parties propose a Final Pre-Trial Conference date of **May 29, 2026.** The parties estimate that the trial will take approximately 5-7 court days. Plaintiffs expect to call the involved-officers, plaintiff, plaintiff's experts, and plaintiff's medical providers. Plaintiff does not currently know the number of involved officers and thus cannot give a specific number of witnesses Plaintiff expects to call at trial. Plaintiff estimates that Plaintiff will call approximately 6 to 8 witnesses at trial.

**14. TRIAL COUNSEL**

Plaintiff: Dale K. Galipo (lead) and Hang D. Le

Defendant: Shannon Gustafson (lead) and Edward Southcott, Lynberg & Watkins.

**15. INDEPENDENT MASTER**

The parties agree that this case does not require the appointment of a master or independent scientific expert.

**16. TIME TABLE**

A completed Schedule of Pretrial and Trial Dates form is attached hereto as Exhibit "A."

**17. OTHER ISSUES**

There are currently no other known issues.

//
//
//
//
//
//
//

DATED:  February 28, 2025        LAW OFFICES OF DALE K. GALIPO

By  _____/s/ Hang D. Le_____
    Dale K. Galipo
    Hang D. Le
    Attorneys for Plaintiffs

DATED:  February 28, 2025        LYNBERG & WATKINS

By  _____/s/ Shannon L. Gustafson*_____
    Shannon L. Gustafson
    Amy R. Margolies
    Edward J. Southcott
    Attorneys for Defendant
    COUNTY OF SAN BERNARDINO

*The filer, Hang D. Le, hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur with the filing's content and have authorized the filing.