SHANNON L. GUSTAFSON (SBN 228856)
sgustafson@lynberg.com
EDWARD J. SOUTHCOTT, JR. (SBN 305701)
esouthcott@lynberg.com
AYAKO W. PETERS (SBN 312156)
apeters@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite 1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendant COUNTY OF SAN BERNARDINO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WRIGHT, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF SAN BERNARDINO; and DOES 1-10, inclusive, <br><br> Defendants. | CASE NO. 5:24-cv-1123-JLS-JC <br><br> *Assigned for All Purposes to:* <br> *Honorable Josephine L. Staton* <br> *Courtroom 8A* <br><br> **DEFENDANT COUNTY OF SAN BERNARDINO'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT; JURY DEMAND** <br><br> *Trial: None Set* <br><br> Complaint Filed: May 28, 2024 <br> FAC Filed:     July 29, 2024 <br> SAC Filed:     November 7, 2024 <br> TAC Filed:     May 7, 2025 |

///

///

///

///

///

///

///

1
**DEFENDANT COUNTY OF SAN BERNARDINO'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT; JURY DEMAND**

**COMES NOW**, Defendant COUNTY OF SAN BERNARDINO ("County"), (hereinafter "Defendant") in answering Plaintiff JAMES WRIGHT ("Plaintiff") Third Amended Complaint ("TAC") on file herein, for themselves alone and for no other Defendant, admit, deny, and allege as follows:

1. In answering paragraphs 1, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, and 23, 25, 26, 27, 28, 29, and 30, Defendant does not have sufficient information or belief to enable them to answer said paragraphs at this time and on that basis, Defendant denies each and every allegation contained therein..

2. In answering paragraphs 2 and 3, Defendant admits Plaintiff has stated the correct basis for the Court's current exercise of jurisdiction but denies any inference that the Court will retain jurisdiction on the same stated grounds throughout the entirety of this action. Defendant denies the remainder of these paragraphs.

3. In answering paragraph 5, Defendant admits that the County of San Bernardino is a governmental entity in the State of California and that the San Bernardino County Sheriff's Department is a department within the County of San Bernardino. Defendant further admits that Defendants TRAVIS ESQUIVEL, ALEJANDRO QUEZADA, SERGIO RAMIREZ, AMINIDAB QUEZADA, FRANCISCO DEMARA, DESHAUN JONES, CAMERON STANLEY, and GARRETT VAIRIN were sworn peace officer employed by the San Bernardino County Sheriff's Department at the time of the incident. Defendant denies the remainder of this paragraph.

4. In answering paragraphs 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, and 56 of the TAC, Defendant County of San Bernardino provides no response to Plaintiff's First, Second and Third Claims for relief as these claims for relief are not being asserted against this answering Defendant.

5. In answering paragraphs 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, and 87, Defendant denies generally and specifically each and every allegation contained therein.

6. In answering paragraphs 24, 57, and 71, Defendants reiterate and incorporate by reference its answers to those paragraphs previously contained in this answer.

7. As to Plaintiff's "Prayer for Relief," Defendant denies Plaintiff was injured or damaged in any amount or sum, or at all, by reason of any act or omission of Defendant, and further deny that Plaintiff is entitled to any recovery.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses, defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

8. Plaintiff's Complaint, and each alleged cause of action in it, fails to state a claim upon which relief can be granted. Plaintiff's Complaint also fails to state a claim against any defendant in this action.

## SECOND AFFIRMATIVE DEFENSE

9. At all times relevant to this litigation, Defendants acted in good faith, without malice, and within the scope of their duties as peace officers of the State of California. At all times pertinent to this action, the actions of the County of San Bernardino and its employees were reasonable, proper, and legal in all respects, and not committed for any improper or unconstitutional purpose.

## THIRD AFFIRMATIVE DEFENSE

10. Any injury or damages suffered by Plaintiff was caused solely by reason of their own wrongful acts and conduct, and/or the acts and/or conduct of Plaintiff, and not by reason of any unlawful act or omission of these Defendant. Moreover, Plaintiff failed to act in compliance with the mandates of the California Penal Code, as well as other laws, and this failure proximately caused and/or contributed to the

injuries and damages claimed by Plaintiff in Plaintiff's Third Amended Complaint.

### FOURTH AFFIRMATIVE DEFENSE

11. Plaintiff willingly, voluntarily, and knowingly assumed each, every, and all the risks and hazards involved in the activities referred to in the Complaint. Defendant is not liable for injury or damages, if any there were, because Plaintiff was aware of the dangers and risks with respect to the alleged actions, and did knowingly, and voluntarily, and freely assume and expose themselves to said known risks, which assumption of the risk caused and/or contributed to the alleged damages sought by Plaintiff herein, therefore barring Plaintiff from recovering, any relief from Defendant.

### FIFTH AFFIRMATIVE DEFENSE

12. Any injury to Plaintiff was due to and caused by his own negligence and failure to act with reasonable care, which carelessness, negligence and omissions were the proximate cause of the damage, if any, to Plaintiff. Any damages awarded in this action should therefore be in direct proportion, if any, as provided by California Civil Code §§1431 to 1431.5.

### SIXTH AFFIRMATIVE DEFENSE

13. By the exercise of reasonable effort, Plaintiffs could have mitigated the amount of damages, if any there were, but Plaintiff failed and refused, and continued to fail and refuse, to exercise a reasonable effort to mitigate damages, and therefore Plaintiff is barred from seeking recovery of those damages.

### SEVENTH AFFIRMATIVE DEFENSE

14. The present action is not brought or maintained in good faith, and Defendant consequently prays for an award of all reasonable defense costs, including attorneys' fees, pursuant to Fed. Rule Civ. Proc. 11 and/or 42 U.S.C. § 1988.

### EIGHTH AFFIRMATIVE DEFENSE

15. This answering Defendant has never taken any action with a conscious

disregard of Plaintiff's rights, and has not engaged in any conduct with respect to Plaintiff which would constitute deliberate or intentional conduct, nor has this answering Defendant ratified or approved any such act or acts of others.

### NINTH AFFIRMATIVE DEFENSE

16. Neither a public entity nor a public employee is liable for his or her act or omission, exercising due care, in the execution or enforcement of any law.

### TENTH AFFIRMATIVE DEFENSE

17. Defendant's actions herein were all pursuant to legitimate penal interests.

### ELEVENTH AFFIRMATIVE DEFENSE

18. Defendant alleges that Plaintiff's claims fail to allege a constitutional or statutory violation.

### TWELVETH AFFIRMATIVE DEFENSE

19. Plaintiff's claims are barred by res judicata and/or collateral estoppel principles.

### THIRTEENTH AFFIRMATIVE DEFENSE

20. The force used on Plaintiff, if any, was objectively reasonable under the circumstances and did not constitute excessive force.

### FOURTEENTH AFFIRMATIVE DEFENSE

21. The force used on Plaintiff, if any, was privileged in that it was used to effect a detention and/or arrest, to prevent escape, to overcome resistance, and/or in self-defense or the defense of others. Peace officers need not retreat nor desist their law enforcement efforts by reason of Plaintiff's resistance or threatened resistance. Furthermore, peace officers are not to be deemed the aggressor nor do they lose their right to self-defense by the use of reasonable force to effect Plaintiff's detention and/or arrest, or to prevent Plaintiff escape or to overcome his resistance.

**FIFTEENTH AFFIRMATIVE DEFENSE**

22. The County of San Bernardino's training was adequate to handle the usual and recurring situations facing its officers and employees and was therefore not deliberately indifferent to Plaintiff's constitutional rights.

**SIXTEENTH AFFIRMATIVE DEFENSE**

23. The requisite policy, practice, custom, or usage and/or failure to train to establish governmental liability under 42 U.S.C. § 1983 may not be proven through reference to a single unconstitutional incident unless proof of that incident includes proof that it was caused by an existing unconstitutional policy.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

24. Defendant alleges that Plaintiff received "collateral source payments" as set forth in California Government Code § 985 and that the verdict, if any, must be reduced accordingly.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

25. Plaintiff's claims are barred by the qualified immunity doctrine.

**NINTEENTH AFFIRMATIVE DEFENSE**

26. Plaintiff's claims are premature and must be dismissed pursuant to Government Code §945.3 and Heck v. Humphrey 512 U.S. 477, 486 (1994) as his criminal charges are still pending and therefore his current action is barred.

**TWENTIETH AFFIRMATIVE DEFENSE**

27. Defendant alleges that none of the claims or causes of action of Plaintiff's Third Amended Complaint state facts sufficient to constitute a claim against Defendant for punitive or exemplary damages.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

28. Reasonable suspicion and/or probable cause existed for the seizure, detention, and/or arrest of Plaintiff at all times pertinent to this action.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

29.  Plaintiff's claims are barred because the alleged constitutional violations were not ordered by a policy maker for the Defendants.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

30.  Defendant acted in good faith and did not directly or indirectly perform any act whatsoever which would constitute a violation of any right possessed by Plaintiff, or any duties owed to Plaintiff.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

31.  All events in connection with the incident alleged in Plaintiff's Third Amended Complaint and any resulting injuries or damages were contributed to and proximately caused by the negligence of Plaintiff, in that he failed to exercise ordinary care for their own safety under the circumstances, thereby barring any recovery.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

32.  Defendant may not be held liable on a respondeat superior theory for any negligent or wrongful act or omission on the part of any subordinate. Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978); Larez v. City of Los Angeles, 946 F.2d 630, 645-646 (9th Cir. 1991); cf. City of Canton v. Harris, 489 U.S. 378, 388-389 (1989); City of Los Angeles v. Heller, 475 U.S. 796 (1986).

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

33.  Pursuant to Harlow v. Fitzgerald, 457 U.S. 800 (1982), Defendant is immune from liability pursuant to the Federal Civil Rights Act where said Defendant acted in good faith and entertained an honest and reasonable belief that Defendant's actions were necessary.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

34.  Plaintiff's claims are barred by sovereign immunity and/or the federal Eleventh Amendment.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

35. Plaintiff's claims are barred by the relevant statute of limitations.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

36. Because Plaintiff's Third Amended Complaint is couched in conclusory terms, the Defendant cannot fully anticipate all the affirmative defenses that may be applicable to the within action. Accordingly, Defendant expressly reserves the right to assert additional affirmative defenses if and to the extent that such affirmative defenses become applicable.

WHEREFORE, Defendant prays that Plaintiff takes nothing by way of the Second Amended Complaint and that Defendant herein recovers its attorney's fees, costs and such other and further relief as the Court may deem just and proper.

DATED: May 28, 2025

**LYNBERG & WATKINS**
A Professional Corporation

By: /s/ Shannon L. Gustafson
**SHANNON L. GUSTAFSON**
**EDWARD J. SOUTHCOTT, JR**
**AYAKO W. PETERS**
Attorneys for Defendant
COUNTY OF SAN BERNARDINO

## DEMAND FOR A JURY TRIAL

PLEASE TAKE NOTICE that Defendant hereby demands a trial by jury on all issues pursuant to the Seventh Amendment and Fed. R. Civ. Proc. 38.

DATED: May 28, 2025

**LYNBERG & WATKINS**
A Professional Corporation

By: /s/ Shannon L. Gustafson
**SHANNON L. GUSTAFSON**
**EDWARD J. SOUTHCOTT, JR**
**AYAKO W. PETERS**
Attorneys for Defendant
COUNTY OF SAN BERNARDINO,