SHANNON L. GUSTAFSON (SBN 228856)
sgustafson@lynberg.com
EDWARD J. SOUTHCOTT (SBN 305701)
esouthcott@lynberg.com
AYAKO W. PETERS (SBN 312156)
apeters@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite 1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendants COUNTY OF SAN BERNARDINO, GARRETT VAIRIN, DESHAUN JONES, CAMERON STANLEY, SERGIO RAMIREZ, FRANCISCO DEMARA, AMINIDAB QUEZADA, ALEJANDRO QUEZADA and TRAVIS ESQUIVEL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WRIGHT,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO, GARRETT VAIRIN, DESHAUN JONES, CAMERON STANLEY, SERGIO RAMIREZ, FRANCISCO DEMARA, AMINIDAB QUEZADA, ALEJANDRO QUEZADA, and TRAVIS ESQUIVEL<br><br>Defendants. | CASE NO. 5:24-cv-1123-JLS-JC<br><br>*Assigned for All Purposes to:*<br>*Honorable Josephine L. Staton*<br>*Courtroom 8A*<br><br>**INDIVIDUAL COUNTY DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT; JURY DEMAND**<br><br>*Complaint Filed: May 28, 2024*<br>*FAC Filed:      July 29, 2024*<br>*SAC Filed:      November 7, 2024*<br>*TAC Filed:      May 7, 2025* |

///

///

///

///

///

1
**INDIVIDUAL COUNTY DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT; JURY DEMAND**

**COMES NOW**, Individual County Defendants GARRETT VAIRIN, DESHAUN JONES, CAMERON STANLEY, SERGIO RAMIREZ, FRANCISCO DEMARA, AMINIDAB QUEZADA, ALEJANDRO QUEZADA and TRAVIS ESQUIVEL, (hereinafter "Defendants") in answering Plaintiff JAMES WRIGHT ("Plaintiff") Third Amended Complaint ("TAC") on file herein, for themselves alone and for no other County Defendants, admit, deny, and allege as follows:

1. In answering paragraphs 1, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 25, 26, 27, 28, 29, and 30, Defendants do not have sufficient information or belief to enable them to answer said paragraphs at this time and on that basis, Defendants denies each and every allegation contained therein..

2. In answering paragraphs 2 and 3, Defendants admit Plaintiff has stated the correct basis for the Court's current exercise of jurisdiction but denies any inference that the Court will retain jurisdiction on the same stated grounds throughout the entirety of this action. Defendants deny the remainder of these paragraphs.

3. In answering paragraph 5, Defendants admit that the County of San Bernardino is a governmental entity in the State of California and that the San Bernardino County Sheriff's Department is a department within the County of San Bernardino. Defendants further admits that Defendants TRAVIS ESQUIVEL, ALEJANDRO QUEZADA, SERGIO RAMIREZ, AMINIDAB QUEZADA, FRANCISCO DEMARA, DESHAUN JONES, CAMERON STANLEY, and GARRETT VAIRIN were sworn peace officer employed by the San Bernardino County Sheriff's Department at the time of the incident. Defendants deny the remainder of this paragraph.

4. In answering paragraphs 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, and 87 of the TAC, Defendants provide no response to Plaintiff's Fourth and Fifth Claims for

relief as these claims for relief are not being asserted against these answering Defendants.

5.   In answering paragraphs 32, 33, 34, 35, 36, 37, 39, 40, 41, 42, 43, 44, 45, 46, 47, 49, 50, 51, 52, 53, 54, 55, and 56, Defendants deny generally and specifically each and every allegation contained therein.

6.   In answering paragraphs 24, 31, 38, and 48, Defendants reiterate and incorporate by reference its answers to those paragraphs previously contained in this answer.

7.   As to Plaintiff's "Prayer for Relief," Defendants deny Plaintiff was injured or damaged in any amount or sum, or at all, by reason of any act or omission of Defendants, and further deny that Plaintiff is entitled to any recovery.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses, defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

8.   Plaintiff's Third Amended Complaint, and each alleged cause of action in it, fails to state a claim upon which relief can be granted. Plaintiff's Third Amended Complaint also fails to state a claim against any defendants in this action.

## SECOND AFFIRMATIVE DEFENSE

9.   At all times relevant to this litigation, Defendants acted in good faith, without malice, and within the scope of their duties as peace officers of the State of California. At all times pertinent to this action, the actions of the County of San Bernardino and its employees were reasonable, proper, and legal in all respects, and not committed for any improper or unconstitutional purpose.

## THIRD AFFIRMATIVE DEFENSE

10.  Any injury or damages suffered by Plaintiff was caused solely by reason of their own wrongful acts and conduct, and/or the acts and/or conduct of Plaintiff, and not by reason of any unlawful act or omission of these Defendants. Moreover,

Plaintiff failed to act in compliance with the mandates of the California Penal Code, as well as other laws, and this failure proximately caused and/or contributed to the injuries and damages claimed by Plaintiff in Plaintiff's Third Amended Complaint.

### FOURTH AFFIRMATIVE DEFENSE

11. Plaintiff willingly, voluntarily, and knowingly assumed each, every, and all the risks and hazards involved in the activities referred to in the Third Amended Complaint. Defendants are not liable for injury or damages, if any there were, because Plaintiff was aware of the dangers and risks with respect to the alleged actions, and did knowingly, and voluntarily, and freely assume and expose themselves to said known risks, which assumption of the risk caused and/or contributed to the alleged damages sought by Plaintiff herein, therefore barring Plaintiff from recovering, any relief from Defendants.

### FIFTH AFFIRMATIVE DEFENSE

12. Any injury to Plaintiff was due to and caused by his own negligence and failure to act with reasonable care, which carelessness, negligence and omissions were the proximate cause of the damage, if any, to Plaintiff. Any damages awarded in this action should therefore be in direct proportion, if any, as provided by California Civil Code §§1431 to 1431.5.

### SIXTH AFFIRMATIVE DEFENSE

13. By the exercise of reasonable effort, Plaintiffs could have mitigated the amount of damages, if any there were, but Plaintiff failed and refused, and continued to fail and refuse, to exercise a reasonable effort to mitigate damages, and therefore Plaintiff is barred from seeking recovery of those damages.

### SEVENTH AFFIRMATIVE DEFENSE

14. The present action is not brought or maintained in good faith, and Defendant consequently prays for an award of all reasonable defense costs, including attorneys' fees, pursuant to Fed. Rule Civ. Proc. 11 and/or 42 U.S.C. § 1988.

**EIGHTH AFFIRMATIVE DEFENSE**

15. These answering Defendants have never taken any action with a conscious disregard of Plaintiff's rights, and have not engaged in any conduct with respect to Plaintiff which would constitute deliberate or intentional conduct, nor have these answering Defendants ratified or approved any such act or acts of others.

**NINTH AFFIRMATIVE DEFENSE**

16. Neither a public entity nor a public employee is liable for his or her act or omission, exercising due care, in the execution or enforcement of any law.

**TENTH AFFIRMATIVE DEFENSE**

17. Defendants' actions herein were all pursuant to legitimate penal interests.

**ELEVENTH AFFIRMATIVE DEFENSE**

18. Defendants allege that Plaintiff's claims fail to allege a constitutional or statutory violation.

**TWELVETH AFFIRMATIVE DEFENSE**

19. Plaintiff's claims are barred by res judicata and/or collateral estoppel principles.

**THIRTEENTH AFFIRMATIVE DEFENSE**

20. The force used on Plaintiff, if any, was objectively reasonable under the circumstances and did not constitute excessive force.

**FOURTEENTH AFFIRMATIVE DEFENSE**

21. The force used on Plaintiff, if any, was privileged in that it was used to effect a detention and/or arrest, to prevent escape, to overcome resistance, and/or in self-defense or the defense of others. Peace officers need not retreat nor desist their law enforcement efforts by reason of Plaintiff's resistance or threatened resistance. Furthermore, peace officers are not to be deemed the aggressor nor do they lose their right to self-defense by the use of reasonable force to effect Plaintiff's detention

and/or arrest, or to prevent Plaintiff escape or to overcome his resistance.

### FIFTEENTH AFFIRMATIVE DEFENSE

22. Defendants allege that Plaintiff received "collateral source payments" as set forth in California Government Code § 985 and that the verdict, if any, must be reduced accordingly.

### SIXTEENTH AFFIRMATIVE DEFENSE

23. Plaintiff's claims are barred by the qualified immunity doctrine.

### SEVENTEENTH AFFIRMATIVE DEFENSE

24. Plaintiff's claims are premature and must be dismissed pursuant to Government Code §945.3 and Heck v. Humphrey 512 U.S. 477, 486 (1994) as his criminal charges are still pending and therefore his current action is barred.

### EIGHTEENTH AFFIRMATIVE DEFENSE

25. Defendants allege that none of the claims or causes of action of Plaintiff's Third Amended Complaint state facts sufficient to constitute a claim against Defendant for punitive or exemplary damages.

### NINTEENTH AFFIRMATIVE DEFENSE

26. Reasonable suspicion and/or probable cause existed for the seizure, detention, and/or arrest of Plaintiff at all times pertinent to this action.

### TWENTIETH AFFIRMATIVE DEFENSE

27. Defendants acted in good faith and did not directly or indirectly perform any act whatsoever which would constitute a violation of any right possessed by Plaintiff, or any duties owed to Plaintiff.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

28. All events in connection with the incident alleged in Plaintiff's Third Amended Complaint and any resulting injuries or damages were contributed to and proximately caused by the negligence of Plaintiff, in that he failed to exercise ordinary care for their own safety under the circumstances, thereby barring any recovery.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

29. Pursuant to <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982), Defendant is immune from liability pursuant to the Federal Civil Rights Act where said Defendant acted in good faith and entertained an honest and reasonable belief that Defendant's actions were necessary.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

30. A peace officer is not liable for punitive damages when an officer's acts are not willful, malicious, or in bad faith. <u>Gill v. Manuel</u>, 488 F.2d 799 (9th Cir. 1973).

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

31. Plaintiff's claims are barred by the relevant statute of limitations.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

32. Because Plaintiff's Third Amended Complaint is couched in conclusory terms, the Defendants cannot fully anticipate all the affirmative defenses that may be applicable to the within action. Accordingly, Defendants expressly reserve the right to assert additional affirmative defenses if and to the extent that such affirmative defenses become applicable.

WHEREFORE, Defendant prays that Plaintiff takes nothing by way of the Third Amended Complaint and that Defendant herein recovers its attorney's fees, costs and such other and further relief as the Court may deem just and proper.

///
///
///
///
///
///
///

DATED: June 13, 2025

        **LYNBERG & WATKINS**
        A Professional Corporation

By: /s/ Shannon L. Gustafson
**SHANNON L. GUSTAFSON**
**EDWARD J. SOUTHCOTT**
**AYAKO W. PETERS**
Attorneys for Defendants
COUNTY OF SAN BERNARDINO, GARRETT VAIRIN, DESHAUN JONES, CAMERON STANLEY, SERGIO RAMIREZ, FRANCISCO DEMARA, AMINIDAB QUEZADA, ALEJANDRO QUEZADA, and TRAVIS ESQUIVEL

**INDIVIDUAL COUNTY DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT; JURY DEMAND**

## DEMAND FOR A JURY TRIAL

PLEASE TAKE NOTICE that Defendant hereby demands a trial by jury on all issues pursuant to the Seventh Amendment and Fed. R. Civ. Proc. 38.

DATED: June 13, 2025

**LYNBERG & WATKINS**
A Professional Corporation

By: /sf/ Shannon L. Gustafson
**SHANNON L. GUSTAFSON**
**EDWARD J. SOUTHCOTT**
**AYAKO W. PETERS**
Attorneys for Defendants
COUNTY OF SAN BERNARDINO, GARRETT VAIRIN, DESHAUN JONES, CAMERON STANLEY, SERGIO RAMIREZ, FRANCISCO DEMARA, AMINIDAB QUEZADA, ALEJANDRO QUEZADA, and TRAVIS ESQUIVEL