SHANNON L. GUSTAFSON (SBN 228856)
sgustafson@lynberg.com
EDWARD J. SOUTHCOTT (SBN 305701)
esouthcott@lynberg.com
AYAKO W. PETERS (SBN 312156)
apeters@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite 1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendant DESHAUN JONES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WRIGHT,<br><br>   Plaintiff,<br><br>   vs.<br><br>COUNTY OF SAN BERNARDINO, GARRETT VAIRIN, DESHAUN JONES, CAMERON STANLEY, SERGIO RAMIREZ, FRANCISCO DEMARA, AMINIDAB QUEZADA, ALEJANDRO QUEZADA, and TRAVIS ESQUIVEL<br><br>   Defendants. | CASE NO. 5:24-cv-1123-JLS-AYP<br><br>*Assigned for All Purposes to:*<br>*Honorable Josephine L. Staton*<br>*Courtroom 8A*<br>*Magistrate Judge: Anna Y. Park*<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO EXCLUDE CERTAIN OPINIONS OF PLAINTIFF'S EXPERT RICHARD BRYCE; DECLARATION OF SHANNON L. GUSTAFSON; EXHIBITS**<br><br>*[[Proposed] Order Filed Concurrently Herewith]*<br><br>Date:       April 10, 2026<br>Time:      10:30 a.m.<br>Crtrm.:    8A<br><br>Trial:         None Set<br><br>Complaint Filed: May 28, 2024<br>FAC Filed:       July 29, 2024<br>SAC Filed:       November 7, 2024<br>TAC Filed:       May 7, 2025 |

///

1

**DEFENDANT'S NOTICE OF MOTION TO EXCLUDE OPINIONS OF PLAINTIFF'S EXPERT RICHARD BRYCE**

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 10, 2026 at 10:30 a.m. or as soon thereafter as the matter may be heard in Courtroom 8A of the above-entitled Court, located at 350 W First Street, Suite 4311, Los Angeles, California, Defendant DESHAUN JONES ("Defendant") will, and hereby does, move the Court to exclude Mr. Bryce from offering certain opinions that do not meet the standard of admissibility for expert testimony and/or are not relevant to any of the issues being decided in this case and are therefore excludable. Fed. R. Evid. 702, 401 and 403.

Defendants' Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Shannon L. Gustafson and exhibits, the papers and records on files herein, and upon such further oral and documentary evidence as may properly come before the Court.

DATED: March 13, 2026

**LYNBERG & WATKINS**
A Professional Corporation

By: */s/ Shannon L. Gustafson*
**SHANNON L. GUSTAFSON**
**EDWARD J. SOUTHCOTT**
**AYAKO W. PETERS**
Attorneys for Defendant
DESHAUN JONES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff has retained "criminal justice" expert Richard Bryce to assist with his case-in-chief. Mr. Bryce authored a Rule 26 report dated January 9, 2025 (*See*, Exhibit A; Declaration of Shannon L. Gustafson ("Gustafson Decl.") ¶ 3). Mr. Bryce was also deposed on March 9, 2026. (Gustafson Decl. ¶ 4). By way of Mr. Bryce's opinions as stated in his Rule 26 report, and confirmed during his deposition, he intends to far exceed the scope of his permissible expert testimony in several key respects on matters on which he is either not qualified as an expert and/or are outside the bounds of permissible expert testimony by invading the province of the jury. As such, for the reasons set forth herein, such opinions should be excluded.

## II.   LEGAL STANDARD

Fed. R. Evid. Rule 702 allows admission of "scientific, technical, or other specialized knowledge" by a qualified expert if it will "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. Rule 702 also provides that a witness may be qualified as an expert if "the testimony is based on sufficient facts or data." "Where such testimony's factual basis, data, principles, methods, or their application are called sufficiently into question . . . the trial judge must determine whether the testimony has a 'reliable basis in the knowledge and experience of [the relevant] discipline.'" *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999). If the testimonial evidence fails in this regard, the expert opinion is inadmissible. *Id.* In short, expert testimony must be both helpful and reliable.

"In applying Rule 702, the Court functions as a gatekeeper, determining whether proffered expert testimony meets the requirements of Rule 702 by a preponderance of the evidence." *In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*, 984 F.Supp.2d 1021, 1026 (C.D. Cal. 2013); (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993)). The offering party must show by a

preponderance of the evidence, that (1) the expert is **_qualified_** to render the opinion; and (2) the opinion offered has **_adequate factual and scientific sup_**port for that opinion. *Daubert*, 509 U.S. at 592-93. "[A] witness may offer an expert opinion so long as it meets the "scientific knowledge" and relevance requirements of Rule 702 and Daubert." *Beard v. United States Postal Service*, 2019 WL 257978 (N.D. Cal. Jan. 18, 2019) at *3. However, "expert testimony 'can be both powerful and quite misleading because of the difficulty in evaluating it.'" *Beard v. United States Postal Service*, 2019 WL 257978 (N.D. Cal. Jan. 18, 2019) (quoting *Daubert*, 509 U.S. at 595 (citation omitted). Accordingly, in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993), the Supreme Court directed trial judges to exercise their "gatekeeping responsibility" to ensure that expert testimony be "not only relevant, but reliable." "The proponent of the witness bears the burden of establishing an expert's qualifications, reliability, and helpfulness." *In Re REMEC Inc. Securities Litigation*, 702 F.Supp.2d 1202, 1217 (S.D. Cal. 2010). "Rule 702 requires that expert testimony relate to scientific, technical, or other specialized knowledge, which does not include unsupported **_speculation and subjective beliefs_**." *Guidroz-Brault v. Missouri Pacific R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001)(emphasis added); *see Daubert*, 509 U.S. at 590.

Further, even if the standards are met under *Daubert* and Fed. R. Evid. 702, "[o]therwise admissible expert testimony may be excluded under Fed. R. Evid. 403 if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or undue delay." *CFM Communications, LLC v. Mitts Telecasting Co.*, 424 F.Supp.2d 1229, 1236 (E.D. 2005) citing *United States v. Hoac*, 990 F.2d 1099, 1103 (9th Cir.1993); *see* Fed. R. Evid. 403.

Several of Mr. Bryce's opinions as set forth below, fail to meet this standard.

///

///

**4**
**DEFENDANT'S NOTICE OF MOTION TO EXCLUDE OPINIONS OF PLAINTIFF'S EXPERT RICHARD BRYCE**

### III. MR. BRYCE IS NOT QUALIFIED TO TESTIFY AS AN EXPERT ON LESS LETHAL BEANBAG SHOTGUN DEPLOYMENTS

Plaintiff must show by a preponderance of the evidence that Mr. Bryce is ***qualified by knowledge, skill, experience, training, or education*** to render the opinions he intends to offer. *Daubert*, 509 U.S. at 592-93; Fed. R. Evid. 702. Even then, he may only offer such opinion when "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a).

In his Rule 26 Report, Mr. Bryce described his extensive, even if fairly antiquated, experience and education in the area of criminal justice generally. (Exhibit A, pgs. 8-11; Gustafson Decl. ¶ 3). Yet Mr. Bryce's report is silent as to any qualifications, experience, or education related to less lethal beanbag shotguns, which is now the central focus of this case. In particular, all other claims have been dismissed, leaving only Plaintiff's allegations of excessive force in violation of §1983 as to only Deputy Jones. (Dkt. 58). More pointedly, the at issue use of force by Deputy Jones on which Mr. Bryce offers opinions is limited to the deployment of two beanbag projectiles from a less lethal shotgun on the date of the incident causing injury to Mr. Wright, a less lethal weapon system that Mr. Bryce has zero training and experience with. (*See*, Third Amended Complaint – Dkt. 40, paragraph 39; *see also*, Exhibit A (analyzing only the less lethal deployment); Gustafson Decl. ¶ 3).

Mr. Bryce retired from active law enforcement almost 27 years ago in August of 1999 and last worked in a patrol capacity in 1968. (Exhibit A, pgs. 8-10; Gustafson Decl. ¶ 3). In his deposition testimony, Mr. Bryce admitted that, while the agency where he worked may have started using less lethal beanbag shotguns sometime in the 1990s shortly before his retirement, he received absolutely no training on them, provided no training to anyone else, and ***never*** used the weapon in a patrol type setting like the one at issue here. (Exhibit B, pg. 10, line 21 – pg. 11, line 6, and pg. 11, lines

18-24; Gustafson Decl. ¶ 5). Likewise, following his retirement, Mr. Bryce testified he has received **<u>no</u>** training regarding less lethal beanbag shotguns. (*Id*. at pg. 11, line 25 – pg. 12, line 7). In fact, Mr. Bryce has **<u>never</u>** even fired a less lethal beanbag shotgun in any context and is therefore completely unfamiliar with the functioning of this system. (*Id*. at pg. 11, lines 8-9).

Mr. Bryce made clear that he never utilized a less lethal beanbag shotgun as a law enforcement officer because it was not an available option when he was serving in a patrol capacity in late 1960's, as he estimates his agency did not start using less lethal beanbag shotguns until sometime in the 1990's. (Exhibit B, pg. 11, lines 7-17; Gustafson Decl. ¶ 5; Exhibit A, pg. 8; Gustafson Decl. ¶ 3). Yet despite this complete lack of experience, he has filled his report with statements as to why Deputy Jones should not have used this weapon under the circumstances presented as a viable less lethal option because there were other available force options[1], when Mr. Bryce personally has never had to consider when and how to use this weapon nor has he trained anybody else on such scenarios.

Even according to Mr. Bryce, his knowledge of less lethal beanbag shotguns is limited to reviewing "policy and procedures from various department, other documents, the use of force in Domain 20." (*Id*. at pg. 12, lines 10-17; *see also*, Exhibit C (POST Learning Domain 20 does not contain information specific to beanbag shotguns.); Gustafson Decl. ¶ 6). He has neither prepared any training material, nor authored any publications on the topic of less lethal beanbag shotguns. (Exhibit B, pg. 12, lines 18-21; Gustafson Decl. ¶ 5). In short, his less lethal shotgun experience comes from reading about it from others.

Even more specific to this case, Mr. Bryce had no familiarity with the type of

---

[1] Interestingly, Mr. Bryce also offers opinions as to the efficacy of a taser and OC spray even though these were not available options to him when he served as a law enforcement officer either. (See, Exhibit B, pg. 30, lines 3-5 and pg. 35, lines 13-15; Gustafson Decl. ¶5).

6
**DEFENDANT'S NOTICE OF MOTION TO EXCLUDE OPINIONS OF PLAINTIFF'S EXPERT RICHARD BRYCE**

less lethal projectiles deployed in this case prior to preparing his opinions. (*Id*. at pg. 21, line 22 – pg. 22, line 1). Mr. Bryce further demonstrated his concerning unfamiliarity with less lethal beanbag projectiles when he testified that, "Any shotgun sprays out, unlike a rifle or a pistol," seemingly unaware that less lethal bean bag shot guns expels a single projectile. (*Id*. at pg. 22, line 25 – pg. 23, line 1).

Through his deposition testimony, Mr. Bryce described in detail his lack of education, training, and experience related to less lethal beanbag shotguns and their use. He explained that his knowledge is limited to reading policies, the same plain-language policies jurors will be able to read for themselves. Plaintiff has not demonstrated how Mr. Bryce, lacking any expertise or experience in the subject matter, will be in any way able to assist jurors in understanding the short and simple plain-language policies relevant to this case with any more expertise than the jurors who will be tasked with reviewing the same policy should it be entered into evidence.

As such, Mr. Bryce's opinions and testimony on the subject do not meet the minimum requirements of the Federal Rules of Evidence as further explained in *Daubert* and therefore, Mr. Bryce should be prohibited from providing any expert testimony regarding less lethal beanbag shotguns and/or their use by law enforcement.

IV. **MR. BRYCE'S CONCLUSIONS ON ULTIMATE ISSUES SHOULD BE EXCLUDED**

By rule, "an expert witness cannot give an opinion as to [his] *legal conclusion*, which is effectively an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Accident Ins. Co.,* 373 F.3d 998, 1017 (9th Cir. 2004) (emphasis in original); "That said, an expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law. Similarly, instructing the jury as to the applicable law is the distinct and exclusive province of the court." *Haas v. Travelex Ins. Servs. Inc.*, 679 F. Supp. 3d 962, 967 (C.D. Cal. 2023), *appeal dismissed*, No. 23-55670, 2023 WL 9381382 (9th Cir. Dec. 5, 2023)(emphasis original); "The line

between expert opinion on an ultimate issue of fact and a legal conclusion is fine; an expert can testify to an issue of law, but not express an opinion on a conclusion of law." *Est. of DeCrane through DeCrane v. Tenke*, 646 F. Supp. 3d 1296, 1300–01 (D. Mont. 2022). Despite this well settled rule, Mr. Bryce's report offers just such a legal conclusion, unsupported by actual law, that must be excluded.

In the context of "excessive force" cases like this one, "an expert's 'opinion as to what "current law" "mandates" or whether defendants were "legally" "justified" in using the force applied against [the plaintiff] usurps the jury's role.'" *Godinez v. Huerta,* 2018 WL 2018048, at *5 (S.D. Cal. 2018) (internal citations omitted). Even if conclusions on ultimate issues were permitted, they must still be supported by adequate factual and scientific support. *Daubert*, 509 U.S. at 592-93.   And must represent more than unsupported **_speculation and subjective beliefs_**. *Guidroz-Brault v. Missouri Pacific R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001); *see Daubert*, 509 U.S. at 590.

In his report, Mr. Bryce recounts portions of testimony from several deputy sheriffs as to their understanding of the less lethal beanbag shotgun policy and training, which they generally understood to say that deploying a less lethal projectile at less that the recommended range of 20 feet "*could*" increase the likelihood of injury, even serious injury. (Exhibit A, pgs. 6-7, Gustafson Decl. ¶ 3). Mr. Bryce's report does not recount any testimony regarding target areas and even concedes that he does not know specifically where Mr. Wright was hit and has no such opinions on this matter. (Exhibit B, pg. 41, line 16 – pg. 43, line 12; Gustafson Decl. ¶ 5). He further conceded he has no information as to where Deputy Jones was aiming or the relative accuracy of this weapon system he has never used. (Exhibit B, pg. 22, lines 19-24 and pg. 41 line 16 – pg. 42, line 4; Gustafson Decl. ¶ 5). Yet, without any legal support or factual support, and based on rank speculation, Mr. Bryce extrapolated their testimony into his own erroneous legal conclusion that "deploying the shotgun

beanbag round at less than 20 feet at the **<u>chest area</u>** amounts to **<u>deadly force</u>** pursuant to standard police practices and training and POST." (Exhibit A, pg. 7; Gustafson Decl. ¶ 3). Mr. Bryce's unsupported legal conclusion takes the fact-finding responsibility out of the hands of the proper party, the jury, and is utterly unsupported by any data.

Mr. Bryce goes on to quote the correct definition of deadly force from POST Learning Domain 20 which actually defines deadly force as force that "creates a ***substantial risk*** of causing death or serious bodily injury." (*Id*.; Exhibit C, pg. 3-9; Gustafson Decl. ¶ 6). Mr. Bryce, then relying on his unsupported legal conclusion that deployment of a less lethal projectile at less than the recommended range constitutes a ***substantial risk***, opines that therefore this case represents "deadly force pursuant to standard police practices and training and POST." (Exhibit A, pg. 7; Gustafson Decl. ¶ 3). Simply put, even if permitted to testify regarding bean bag deployment, Mr. Bryce should not be allowed to tell the jury that there is a **<u>substantial risk</u>** of death or serious bodily injury if the deployment is under 20 feet or that a deployment under 20 feet constitutes **<u>deadly force</u>** pursuant to standard police practices and training, as neither opinion has any factual support or scientific data behind it.

Specifically, in his deposition testimony, Mr. Bryce admitted that he doesn't know of any law that specifically limits the range of a bean bag shotgun. (Exhibit B, pg. 23, lines 11-12; Gustafson Decl. ¶ 5). Mr. Bryce also testified that he is unaware of anything in San Bernardino Sheriff's Department Policy or POST Learning Domain 20 which indicate deploying a less lethal projectile from less than 20 feet ***substantially*** increases the likelihood of serious bodily injury or death, only that risk of injury increases the closer you are to a subject. (*Id*. at pg. 24, line 17 – pg. 25, line 6). Further, despite his over 30 years in varying roles related to law enforcement, Mr. Bryce testified that he is unaware of ***any*** other cases where a penetrating wound occurred when a less lethal projectile was deployed from 15 feet. (*Id*. at pg. 46, lines

1-4). Mr. Bryce also testified that he doesn't recall having ever been involved in a case where a less lethal bean bag projectile caused a penetrating wound, and he has never reviewed any studies as to how frequently that type of injury occurs. (*Id*. at pg. 46, lines 1-12). In short, he has no factual support or data for his conclusion that a deployment less than 20 feet *substantially* increases the risk of serious bodily harm or death. Nor is there anything to support his claim that POST teaches that a deployment of less than 20 feet is deadly force as he admitted there is no such language in the POST Learning Domain because it doesn't exist. (Id. at pg. 25, lines 2-6; Gustafson Decl. ¶ 5; *see also* Exhibit C (POST Learning Domain 20 is silent as to proper distances to deploy less lethal beanbag projectiles.)).

     Mr. Bryce's unsupported legal conclusion that Deputy Jones' deployment of two less lethal projectiles constituted deadly force will only serve to confuse jurors and dissuade them from applying the appropriate *totality* of the circumstances analysis as will be instructed by the Court in the jury instructions. Whether he testifies directly that the less lethal deployment constituted deadly force, or he says the same thing by testifying that deploying a less lethal projectile from less than 20 feet *substantially* increases the likelihood of serious bodily injury or death, his legal conclusions are unsupported and impermissible. It is within the purview only of this Court to advise jurors on the applicable law, and it is within the purview only of the jurors to apply the law to the fact in this case. Mr. Bryce's legal conclusion regarding deadly force, or claims that there is a *substantial* risk of injury merely by deploying from 15 feet, are not supported by anything and impermissibly usurp the domain of the jury and should be excluded.

## V.    CONCLUSION

     For all the foregoing reasons, Defendant respectfully requests that this Court grant Defendant's Motion to Exclude Mr. Bryce's improper opinions and prevent expert testimony on less lethal shotguns. While Mr. Bryce may have extensive

experience in general police tactics, he has no **_specialized expertise or knowledge_** as to the type of munitions used in this matter, let alone what would be expected of a reasonably well trained officer utilizing the less lethal shotgun or what would be within their realm of knowledge such that he can assist the trier of fact in any meaningful way.

DATED: March 13, 2026  **LYNBERG & WATKINS**
A Professional Corporation

By: */s/ Shannon L. Gustafson*
**SHANNON L. GUSTAFSON
EDWARD J. SOUTHCOTT
AYAKO W. PETERS**
Attorneys for Defendant
DESHAUN JONES