# Exhibit 2

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

--oOo--

JAMES WRIGHT,

       Plaintiff,

v.                    Case No. 5:24-cv-01123-JLS-JC

COUNTY OF SAN BERNARDINO,
GARRETT VAIRIN, DESHAUN
JONES, CAMERON STANLEY,
SERGIO RAMIREZ, FRANCISCO
DEMARA, AMINIDAB QUEZADA,
ALEJANDRO QUEZADA, and
TRAVIS ESQUIVEL,

       Defendants.
_____/

STENOGRAPHIC REPORTER'S TRANSCRIPT OF

REMOTE VIDEO DEPOSITION OF

DASHAUN JONES

THURSDAY, OCTOBER 2, 2025

Reported Stenographically by:

KIMBERLY D'URSO, CSR 11372, RPR

Job No.  20246

APPEARANCES (Remote)

FOR THE PLAINTIFFS:

          LAW OFFICES OF DALE K. GALIPO
          BY:  DALE K. GALIPO, ESQ.
               HANG LE, ESQ.
          21800 Burbank Boulevard, Suite 310
          Woodland Hills, California 91367
          818.347.3333
          dalekgalipo@yahoo.com

FOR THE DEFENDANTS:

          LYNBERG & WATKINS
          BY: SHANNON L. GUSTAFSON, Esq.
          1100 W. Town & Country Road, Suite 1450
          Orange, California 92868
          714.937.1003
          sgustafson@lynberg.com


ALSO PRESENT:
          Karen Torres-Corona, Videographer


                    --oOo--

Q.    So I'm just asking you the converse.  If he hadn't been reaching for something, then you're saying you wouldn't have fired a second round?

MS. GUSTAFSON:  Same objections.  Also, speculation.

You can answer.

THE WITNESS:  Yeah.  Yes, probably would have gave verbal commands.

BY MR. GALIPO:

Q.    I mean, you -- I think you told me this before, but you understood that the beanbag round could cause injury to someone when it strikes them; correct?

A.    Can you explain, like, the injury?

Q.    Sure.  It could leave a mark on the body?

A.    Yes.

Q.    It could cause pain?

A.    Yes.

Q.    From close distances, like we talked about before, it could cause serious injury?

A.    Yes.

Q.    Now, your second round, could you tell if that struck Mr. Wright?

A.    Yes, sir.

Q.    And where did it strike him, if you know?

A.    I would say, like, right here.  I call it the

"pec."   I'm thinking underneath, like, this area.

Q.   You're showing --

A.   Yeah.   That's what I was calling it.   Yes.

Q.   Okay.   The right side of his chest?

A.   Yeah, like --

Q.   Under the armpit?

A.   Yes.

Q.   I guess I'm confused, because you saw both shots strike him; correct?

A.   Yes.   Like -- yes.   Yes.

Q.   One, I think was more on the side of the ribcage?

MS. GUSTAFSON:   Just answer his questions. He's asking you.

THE WITNESS:   Okay.   Yes.

BY MR. GALIPO:

Q.   And then the other one you're saying was more what you call the "pec" region?

A.   Yes.

Q.   And the second one was the one in the pec region?

A.   Yes.

Q.   And how could you tell that that struck him?

A.   Because I saw it penetrated and -- and -- and blood came out.

Dashaun Jones

STATE OF CALIFORNIA)
                   ) ss:
COUNTY OF BUTTE    )


          I, KIMBERLY E. D'URSO, do hereby certify:


          That the witness named in the foregoing deposition was present remotely and duly sworn to testify to the truth in the within-entitled action on the day and date and at the time and place therein specified;

          That the testimony of said witness was reported by me in shorthand and was thereafter transcribed through computer-aided transcription;

          That the foregoing constitutes a full, true and correct transcript of said deposition and of the proceedings which took place;

          Further, that if the foregoing pertains to the original transcript of a deposition in a federal case, before completion of the proceedings, review of the transcript [ ] was [ ] was not requested.

          That I am a certified stenographic reporter and a disinterested person to the said action;

          IN WITNESS WHEREOF, I have hereunder subscribed my hand this 14th day of October, 2025.

_____

KIMBERLY D'URSO, CSR NO. 11372, RPR