SHANNON L. GUSTAFSON (SBN 228856)
sgustafson@lynberg.com
EDWARD J. SOUTHCOTT (SBN 305701)
esouthcott@lynberg.com
AYAKO W. PETERS (SBN 312156)
apeters@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite 1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendant DESHAUN JONES

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WRIGHT,<br><br>              Plaintiff,<br><br>       vs.<br><br>COUNTY OF SAN BERNARDINO, GARRETT VAIRIN, DESHAUN JONES, CAMERON STANLEY, SERGIO RAMIREZ, FRANCISCO DEMARA, AMINIDAB QUEZADA, ALEJANDRO QUEZADA, and TRAVIS ESQUIVEL<br><br>              Defendants. | CASE NO. 5:24-cv-1123-JLS-AYP<br><br>*Assigned for All Purposes to: Honorable Josephine L. Staton Courtroom 8A*<br><br>*Magistrate Judge: Anna Y. Park*<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO EXCLUDE CERTAIN OPINIONS OF PLAINTIFF'S EXPERT RICHARD BRYCE**<br><br>Date:          April 10, 2026<br>Time:         10:30 a.m.<br>Crtrm.:       8A<br><br>*Trial:            None Set*<br><br>*Complaint Filed: May 28, 2024*<br>*FAC Filed:      July 29, 2024*<br>*SAC Filed:      November 7, 2024*<br>*TAC Filed:      May 7, 2025* |

///

///

///

///

**1**

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO EXCLUDE CERTAIN
OPINIONS OF PLAINTIFF'S EXPERT RICHARD BRYCE

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    DUE TO HIS LACK OF EXPERIENCE, TRAINING, AND EXPERTISE, RICHARD BRYCE'S OPINIONS WILL NOT BE HELPFUL TO THE JURY**

The admissibility of a police practices expert's testimony regarding beanbag shotguns when the expert lacks specific experience or training with such weapons depends on whether the expert's general qualifications provide a sufficient foundation to address the specific issues presented, applying the standards established under Federal Rule of Evidence 702 and the *Daubert* framework. The specific issue in this case is the distance from which the less lethal projectiles were deployed and any associated risks, topics in which Mr. Bryce admittedly has no expertise.

Federal courts evaluate expert testimony under Rule 702, which requires that the expert be qualified by "knowledge, skill, experience, training, or education" and that the testimony be based on sufficient facts or data and reliable principles and methods. The critical inquiry is not whether the expert possesses qualifications in the abstract, but "whether those qualifications provide a foundation for a witness to answer a specific question." *Graves v. Mazda Motor Corp.,* 675 F.Supp.2d 1082, 1092–1093 (W. D. Okla. 2009) (quoting *Berry v. City of Detroit,* 25 F.3d 1342, 1351 (6th Cir. 1994). Experts must possess "specialized knowledge" that will "help the trier of fact to understand evidence." Fed. R. Evid. 702.

Plaintiff argues that Mr. Bryce's ***general*** experience in law enforcement, however antiquated, qualifies him to offer opinions ***specifically*** as to Defendant Jones' deployment of the less lethal beanbag shotgun, despite Mr. Bryce's candid and admitted lack of expertise or ***specialized knowledge*** as to the beanbag shotgun-including how deputies are trained in its deployment and the associated risks relative to the same. Contrary to Plaintiff's claims, courts can and do exclude expert testimony when the expert's qualifications are too general or too deficient for the specific subject

**2**

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO EXCLUDE CERTAIN OPINIONS OF PLAINTIFF'S EXPERT RICHARD BRYCE**

matter at issue. *Mobius v. Quest Diagnostics Clinical Laboratories, Inc.*, 687 F.Supp.3d 357 (2023). For example, in *Krause v. County of Mohave*, the district court held that a police practices expert who was a former law enforcement officer, firearms instructor, and licensed gunsmith was not qualified to give expert testimony on the trajectory of bullets because the expert had "***no specific training***" in ballistics and "made no measurements or calculations to support his conclusions." *Krause v. County of Mohave*, 459 F.Supp.3d 1258, 1265-1266 (2020). Similarly, here, Mr. Bryce has ***no specific training*** on beanbag shotguns, has never deployed a beanbag shotgun, and has no knowledge of beanbag shotguns beyond that of the average juror. Yet despite this, he attempts to offer opinions as to safe deployment distances and even goes as far as to claim that at certain distances, the deployment is akin to lethal force- all without experience to make such an offering.

Plaintiff highlights Mr. Bryce's lack of specific expertise in his own Opposition by explaining that Mr. Bryce's opinions are based on "review of the materials in this case," "the manufacturer's guidelines," "the deputies' testimony," and "general concepts regarding use of force." (*See*, Plaintiff's Opp., 2:3-12). The jury, like Mr. Bryce, can review manufacture guidelines and understand general concepts of the use of the bean bag without the addition of Mr. Bryce's testimony couched as that of an expert on the beanbag when he is anything but. Without any specific training or expertise, Mr. Bryce lacks the ability to help the trier of fact to understand evidence, but instead can only create a risk that his opinions may replace those of the jurors who will have received and considered exactly the same information.

Setting aside that *Valtierra v. City of Los Angeles* is simply another district case which this Court is not required to rely on when exercising its' gate keeping function here, Plaintiff's reliance is misplaced. In *Valtierra*, the testimony of Plaintiff's expert was in fact explicitly restricted by the court based on his lack of expertise related to a less lethal weapon, the taser, used by the officers in that case because he was not an

**3**

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO EXCLUDE CERTAIN OPINIONS OF PLAINTIFF'S EXPERT RICHARD BRYCE**

expert on that weapon system. *Valtierra v. City of Los Angeles*, 99 F. Supp. 3d 1190, 1197 (C.D. Cal. 2015). The *Valtierra* Court found that "the fact that Clark owns two tasers and has read TASER International's training materials does not render him an expert in the features and use of TASER International's products who is qualified to opine on the effects of such use." *Id*. at 1197. Mr. Clark's lack of expertise in *Valtierra* is strikingly similar to Mr. Bryce's lack of expertise here, in that both relied on a review of materials, as opposed to actual experience or expertise. In *Valtierra*, Mr. Clark did, however, have some actual hands-on experience as an owner of two tasers, similar hands-on experience by Mr. Bryce with the less lethal shotgun is entirely lacking.

Ultimately, the *Valtierra* court did allow Mr. Clark to testify to "whether tasers may cause bodily injury and when taser deployment is an appropriate use of force— but ***only*** to the extent that such testimony is based on Clark's expertise in POST and other law enforcement standards." *Id*. The question in this case, however, is more nuanced than in *Valtierra*. Mr. Bryce's opinions go beyond whether less lethal deployment was appropriate based on his general expertise in law enforcement standards and instead consider whether deployment from a specific distance was appropriate and whether deployment from a specific distance constituted a higher level of force, namely deadly force. To competently render such an opinion would require someone with specific knowledge of beanbag shotguns, which Mr. Bryce admittedly lacks.  Further, Mr. Bryce conceded he had no experience in the types of injuries that would result from the bean bag based on differing distances from which to extrapolate his deadly force opinions.

Similarly, in *Godinez v. Huerta*, the court once again considered Mr. Clark's expertise regarding tasers and again determined he was not qualified as an expert on tasers simply because he owned tasers and reviewed the manufacturer's materials. *Godinez v. Huerta*, No. 16-CV-0236-BAS-NLS, 2018 WL 2018048, at *4 (S.D. Cal.

4

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO EXCLUDE CERTAIN OPINIONS OF PLAINTIFF'S EXPERT RICHARD BRYCE**

May 1, 2018). Just as the *Valtierra* court had previously held, this court held that Mr. Clark was precluded from testifying as an expert on tasers. *Id*. This court, once again underscored the principle that review of material, absent any expertise, training, or experience, is not sufficient to qualify someone as an expert.

While Mr. Bryce is arguably qualified as a police practices expert in the **general** sense, he lacks any expertise, experience, or training that would qualify him to provide expert testimony on a matter as specific as deployment distances for a less lethal beanbag shotgun and the risks of various types of injuries from said distances. Because he lacks any expertise regarding less lethal beanbag shotguns or the deployment of the same, he is not in a position to help the trier of fact to understand such evidence. Therefore, Mr. Bryce should be prohibited from offering any expert testimony as to beanbag shotguns or beanbag shotgun deployment.

## II.   MR. BRYCE MAY NOT GIVE OPINIONS ON ULTIMATE ISSUES OF LAW

While experts may testify in the form of an opinion embracing an ultimate issue, that permission is not without limits. Experts may testify to ultimate issues of fact, but they cannot give opinions on ultimate issues of law. The Ninth Circuit has repeatedly held that "an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law." *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1016 (2004), *Camenisch v. Umpqua Bank*, 763 F.Supp.3d 871 (2025). This prohibition recognizes that when an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision but rather attempts to substitute the expert's judgment for the jury's. *United States v. Diaz*, 876 F.3d 1194 (2017).

The line between expert opinion on an ultimate issue of fact and a legal conclusion is fine, and courts must carefully distinguish between testimony that addresses factual matters within the expert's specialized knowledge and testimony that

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO EXCLUDE CERTAIN OPINIONS OF PLAINTIFF'S EXPERT RICHARD BRYCE**

constitutes a legal conclusion reserved for the fact-finder. *Estate of DeCrane through DeCrane v. Tenke*, 646 F.Supp.3d 1296 (2022). In his report and deposition testimony, Mr. Bryce has failed to properly respect that fine line. Specifically, Mr. Bryce wrote, "Thus, deploying the shotgun beanbag round at less than 20 feet at the chest area ***amounts to deadly force*** pursuant to standard police practices and training and POST." (Exhibit A [Mr. Bryce's Rule 26 Report], pg. 7.) Mr. Bryce's conclusion that the deployment "amounts to deadly force" is clearly a legal conclusion, no matter how he attempts to couch it as being supported by police practices, training, and POST. Notably, Mr. Bryce never identifies anywhere in any police practices, training, or POST documents where officers are trained that deployment of a ***less lethal*** beanbag projectile at a distance of 15 feet "amounts to deadly force" because no such training exists. It is for the jury to decide based on the evidence whether deadly force was used and whether it was reasonable, not Mr. Bryce.

## III.    CONCLUSION

Because Mr. Bryce is unqualified to offer expert testimony on beanbag shotguns, as he lacks any specific expertise, training or experience, he is unable to help the trier of fact to understand evidence. Further, it is improper for Mr. Bryce to offer a legal conclusion that the less lethal deployment in this case "amounts to deadly force," especially considering the complete lack of support for his legal conclusion. For all these reasons, and the reasons described in detail in Defendant's Motion, Defendant respectfully request this Court grant his Motion in its entirety.

DATED: March 27, 2026

**LYNBERG & WATKINS**
A Professional Corporation


By:  */s/ Edward J. Southcott*
**SHANNON L. GUSTAFSON**
**EDWARD J. SOUTHCOTT**
**AYAKO W. PETERS**
Attorneys for Defendant
DESHAUN JONES

**6**